FEDERAL DISTRICT COURT OF NEW YORK
FOR THE SOUTHERN DISTRICT OF NEW YORK

2021 DEC 10 PM 1:51
COURT OF APPEALS
SECOND CIRCUIT
REPOSITORY

----------------------------------------------------------------X

ADA RODRIGUEZ, Decedent, and
ALBERTO BETANCOURT, personally,
and as Legal Representative and Next of Kin of
his mother ADA RODRIGUEZ, Decedent

Plaintiffs,

21 CV 10679

**INDEX NO.:**
**VERIFIED COMPLAINT**
**TRIAL BY JURY REQUESTED**

UNITED STATES
UNITED STATES CONGRESS
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES
XAVIER BECERRA ACTING SECRETARY OF
U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICE
THE U.S. CENTERS FOR DISEASE CONTROL AND PREVENTION (CDC)
ROCHELLE P. WALENSKY ACTING DIRECTOR OF
THE U.S. CENTERS FOR DISEASE CONTROL AND PREVENTION (CDC)
THE WORLD TRADE CENTER HEALTH PROGRAM (WTC)
JOHN HOWARD M.D. ACTING ADMINISTRATOR OF
THE WORLD TRADE CENTER HEALTH PROGRAM (WTC)
NATIONAL INSTITUTE FOR OCCUPATIONAL SAFETY AND HEALTH (NIOSH)
NEW YORK STATE
NEW YORK STATE CONGRESS
NEW YORK STATE DEPARTMENT OF HEALTH
NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE
MOUNT SINAI HOSPITAL CORPORATION
MICHAEL A. CRANE DIRECTOR OF WTC HEALTH PROGRAM AT MOUNT SINAI HOSPITAL
SAINT LUKES HOSPITAL AT MOUNT SINAI HOSPITAL
NEW YORK STATE UNIFIED COURT SYSTEMS
NEW YORK STATE SUPREME COURT JUDGE JOAN MADDEN
NEW YORK STATE SUPREME COURT JUDGE EILEEN A. ROKOWER
KAUFFMAN, BORGEEST & RYAN, LPP
ATTORNEY ELDAR MAYOUHAS
AND JOHN DOE/JANE DOE, et al,

Defendants

------------------------------------------------------X

RECEIVED
DEC 14 2021
PRO SE OFFICE

1. Plaintiffs ADA RODRIGUEZ AND ALBERTO BETANCOURT, proceeding pro se, being duly sworn, as and for their VERIFIED COMPLAINT herein state that the following is true and under the penalties of perjury.

## THE PARTIES

2. Plaintiffs ADA RODRIGUEZ and ALBERTO BETANCOURT reside at 601 West 112th Street, Apt.5B, New York, New York 10025.
3. Defendants UNITED STATES resides and does business in the nation and territories of the sovereignty United States.
4. Defendants UNITED STATES CONGRESS is a branch of government of and resides and does business in the nation and territories of the sovereignty United States.
5. Defendants UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES (DHHS) is a cabinet-level executive branch department of the defendants UNITED STATES located and doing business at headquarters address 200 Independence Avenue SW, Hubert H. Humphrey Building, Washington DC 20201.
6. Defendant XAVIER BECERRA is the Secretary of the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES (DHHS) located and doing business at headquarters address 200 Independence Avenue SW, Hubert H. Humphrey Building, Washington DC 20201.
7. Defendant CENTERS FOR DISEASE CONTROL AND PREVENTION (CDC) "is one of the major operating components of the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES (DHHS)" funded annually and regulated by the United States Congress and United States President and with main offices located in 1600 Clifton Road, Atlanta, Georgia 30333.
8. Defendant ROCHELLE P. WALENSKY is the acting 19th director of defendant UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES (DHHS) CENTERS FOR DISEASE CONTROL AND PREVENTION (CDC) and the 9th administrator of the Agency for Toxic Substances and Disease Registry located and doing business at 1600 Clifton Road, Atlanta, Georgia 30333.

9. Defendants THE WORLD TRADE CENTER (WTC) HEALTH PROGRAM is a limited federal health program administered by the National Institute for Occupational Safety and Health (NIOSH), part of the Centers for Disease Control and Prevention (CDC) in the U.S. Department of Health and Human Services (DHHS) and is authorized through 2090, located and doing business at 395 E Street, S.W. Suite 9200, Washington, DC 20201.

10. Defendant JOHN HOWARD M.D. is the long-term acting administrator of the WORLD TRADE CENTER HEALTH PROGRAM (WTC), and acting director of the National Institute of Occupational Safety and Health, established and operating within the Centers for Disease Control and Prevention (CDC), a subdivision agency of the U.S. Department of Health and Human Services, with offices located and doing business at 395 E Street, S.W. Suite 9200, Washington, DC 20201.

11. Defendants NATIONAL INSTITUTE FOR OCCUPATIONAL SAFETY AND HEALTH (NIOSH) is part of the U.S. Centers for Disease Control and Prevention, in the U.S. Department of Health and Human Services, with offices located and doing business at 395 E Street, S.W. Suite 9200, Washington, DC 20201, with offices located and doing business at 395 E Street, S.W. Suite 9200, Patriots Plaza Buildings, Washington, DC 20201.

12. Defendants NEW YORK STATE resides and does business in Albany in the State of New York that constitutes a part of and is within the United States sovereign nation.

13. Defendants NEW YORK STATE CONGRESS resides and does business in Albany New York in the State of New York that constitutes a part of and is within the United States sovereign nation.

14. Defendants NEW YORK STATE DEPARTMENT OF HEALTH is a department of the defendants NEW YORK STATE located and doing business at Empire Plaza, Corning Tower, State Street, Albany, New York 12203.

15. Defendants NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE is a department or agency of the defendants NEW YORK STATE located and doing business at 42-09 28th Street, Long Island City, New York 11101.

16. Defendants MOUNT SINAI HOSPITAL CORPORATION is a WTC Health Program medical provider company hospital incorporated within the State of New York, City of New York and located and doing business at 1468 Madison Avenue, New York, New York 10029.

17. Defendant MICHAEL A. CRANE is Medical Director of the Selikoff Centers for Occupational Health and of the World Trade Center Health Program Clinical Center of Excellence at Mount Sinai Hospital, and located and doing business at 1468 Madison Avenue, New York, New York 10029.

18. Defendants SAINT LUKES HOSPITAL AT MOUNT SINAI HOSPITAL is a company hospital incorporated within the State of New York, City of New York and located and doing business at 1111 Amsterdam Avenue, New York, New York 10025.

19. Defendants SAINT LUKES HOSPITAL AT MOUNT SINAI HOSPITAL is a company hospital owned managed supervised operated and controlled by the parent company defendants MOUNT SINAI HOSPITAL CORPORATION.

20. Defendants NEW YORK STATE UNIFIED COURT SYSTEM is a judicial branch of government defendant NEW YORK STATE doing business in the State of New York, City of New York with an executive administrative address located at 25 Beaver Street, New York, New York 10004.

21. Defendant NEW YORK STATE SUPREME COURT JUDGE JOAN MADDEN is a judge and employee of the defendant NEW YORK STATE UNIFIED COURT SYSTEM who resides and does business in the State of New York, City of New York with an executive administrative address located at 25 Beaver Street, New York, New York 10004.

22. Defendant NEW YORK STATE SUPREME COURT JUDGE EILEEN A. ROKOWER is a judge and employee of the defendant NEW YORK STATE UNIFIED COURT SYSTEM who resides and does business in the State of New York, City of New York with an executive administrative address located at 25 Beaver Street, New York, New York 10004.

23. Defendants KAUFFMAN, BORGEEST & RYAN, LPP, is a law firm company incorporated within the State of New York, City of New York and located and doing business at 120 Broadway, New York, New York 10271.

24. Defendant ATTORNEY ELDAR MAYOUHAS is an attorney and employee and partner of the law firm defendants KAUFFMAN, BORGEEST & RYAN, LPP, located and doing business at 120 Broadway, New York, New York 10271.

## JURISDICTION

25. The court has jurisdiction pursuant to 28 U.S.C. §1331.

26. The court has jurisdiction pursuant to 28 U.S.C. §1391(b).

27. The court has jurisdiction pursuant to 28 U.S.C. §1391(c).

28. The court has jurisdiction pursuant to 28 U.S.C. §1391(e).

29. The court has jurisdiction pursuant to 28 U.S.C. §1346.

30. The court has jurisdiction pursuant to 28 U.S.C. §1346(b)(1).

31. The court has jurisdiction pursuant to 42 U.S.C. §1983 and Title VI, Civil Rights Act of 1964 prohibiting discrimination on the basis of race color or national origin in any federally funded programs or activities, and other anti-discrimination federal civil rights acts; and further the court has jurisdiction pursuant to the Federal Rules of Civil Procedure and 28 U.S.C. §1343(a)(3) and (4), and 42 U.S.C. § 1988.

32. The court has jurisdiction pursuant to 28 U.S.C. §1441, 28 U.S.C. §1443(1) and 28 U.S.C. §1443(2); and further the court has jurisdiction under 28 U.S.C. §1367.

33. The court has jurisdiction pursuant to the federal statue 5 U.S.C. §702 and §703.

34. The court has jurisdiction pursuant to 42 U.S. Code § 300mm - Establishment of World Trade Center Health Program.

35. The court has jurisdiction pursuant to the Acts of the United States Congress related to the 911 and the federal law "The James Zadroga 9/11 Health and Compensation Act of 2010 (H.R. 847; Pub. L. 111-347 enacted January 2, 2011 and amending the Public Health Service Act adding Title XXXIII The World Trade Center Health Program and establishing the WTC Health Program, and other congressional acts and federal laws.

36. The court has jurisdiction under Article III, Sections 1 and 2 of the Constitution.

37. The court has jurisdiction of this 911 related federal action pursuant to the federal statue of fraud 18 U.S.C. §1031 Major Fraud Against the United States.

38. The court has jurisdiction of this 911 action pursuant to the federal statue of fraud 18 U.S.C. §371 Conspiracy to Commit Offense or to Defraud the United States.

39. The court has jurisdiction of this 911 related federal action pursuant to the New York State statue of fraud New York Consolidated Laws, General Obligations Law - GOB § 5-701.

40. The court has jurisdiction pursuant to the rights privileges and immunities secured by the United States Constitution.

41. The court has jurisdiction pursuant to the rights to life, liberty and privacy secured by the United States Constitution.

42. The court has jurisdiction and this case is brought pursuant to the Due Process guaranteed by the United States Constitution.

43. The court has jurisdiction and this case is brought pursuant to the equal protection clause of the United States Constitution.

44. The court has jurisdiction and this case is brought pursuant to the FIRST AMENDMENT of the United States Constitution.

45. The court has jurisdiction and this case is brought pursuant to the FOURTH AMENDMENT of the United States Constitution.

46. The court has jurisdiction and this case is brought pursuant to the FIFTH AMENDMENT of the United States Constitution.

47. The court has jurisdiction and this case is brought pursuant to the SIXTH AMENDMENT of the United States Constitution.

48. The court has jurisdiction and this case is brought pursuant to the NINETH AMENDMENT of the United States Constitution.

49. The court has jurisdiction and this case is brought pursuant to the THIRTEENTH AMENDMENT of the United States Constitution.

50. The court has jurisdiction and this case is brought pursuant to the FOURTEENTH AMENDMENT of the United States Constitution.

51. The federal court can hear and decide this civil case commenced by indigent self represented plaintiffs pursuant to 28 U.S. Code § 1654 - Appearance personally or by counsel, and under the constitutional guarantees of freedom of speech, due process and equal protection of the law of the First, Ninth and Fourteenth Amendments of .

52. The federal court has original jurisdiction to hear and decide this special 911 civil rights case pursuant to New York Rules of Professional.

53. The court has jurisdiction of this 911 federal action pursuant to the powers and authority inherent of the federal judiciary and as provided by acts of the United States Congress and congressional intentions, demanded by the United States Constitution, and expanded upon by the United States Supreme Court.

54. The federal court has original jurisdiction to hear and decide this special 911 civil rights case pursuant to its oath and duty to protect and enforce the Bill of Rights of the U.S. Constitution and Acts of the U. S. Congress and the New York State Congress and other federal and state law as well as to protect the citizens of this nation against certain inhuman wrongs and threats being committed against them.

55. The federal court has original jurisdiction to hear and decide this special 911 case pursuant to its oath and duty to protect the United States against known wrongs and fraud as well as such other continuous threats and conspiracy to defraud the nation.

56. As a strong, fair and effective judiciary, the federal courts are vested with the inherent power at law and equity to award legal remedies for torts and other moral and legal wrongs performed in violation of federal law and or when it is particularly claimed that persons are being deprived of equal civil rights secured them by the U.S. Constitution or have been injured and suffered death by reason of the unlawful inhumane actions of others, and which jurisdiction is never to be precluded or limited against the federal courts in a case where the very government, its departments, agencies, officials, administrators and employees, together with a company hospital, is involved and acting above the law.

57. The federal court has jurisdiction to hear and decide this case as per its primary purpose of enforcing and protecting the Constitution with the aim to render Justice and to act "in the interest of Justice."

## VENUE

58. Venue is proper in this judicial district Federal District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 and 28 U.S.C. §1402.

59. That a substantial part of the actions, incidents and events and or omissions giving rise to the claims mentioned in this complaint herein occurred within the City of New York and the State of New York.

## FACTUAL STATEMENTS AND CAUSES OF ACTION

## CAUSE OF ACTION 1

60. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.

61. This lawsuit is brought against all defendants, personally and in their official capacity, including the government defendants UNITED STATES, UNITED STATES CONGRESS, their agencies, departments and officers, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, XAVIER BECERRA ACTING SECRETARY OF US DEPARTMENT OF HEALTH AND HUMAN SERVICES, US CENTERS FOR DISEASE CONTROL AND PREVENTION (CDC), ROCHELLE P. WALENSKY ACTING DIRECTOR OF US CENTERS FOR DISEASE CONTROL AND PREVENTION (CDC), WORLD TRADE CENTER HEALTH PROGRAM, JOHN HOWARD M.D. LONG-TERM ACTING ADMINISTRATOR OF THE WORLD TRADE CENTER HEALTH PROGRAM, and the government defendants NEW YORK STATE, NEW YORK STATE CONGRESS, NEW YORK STATE DEPARTMENT HEALTH, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK STATE UNIFIED COURT SYSTEM, NEW YORK STATE SUPREME COURT JUDGE JOAN MADDEN, NEW YORK STATE SUPREME COURT JUDGE EILEEN A.

ROKOWER and the defendants MOUNT SINAI HOSPITAL and SAINT LUKE'S HOSPITAL AT MOUNT SINAI HOSPITAL, their administrators, officers and employees, and defendants KAUFFMAN, BORGEEST & RYAN, LPP and defendant ATTORNEY ELDAR MAYOUHAS, for the unlawful inhumane fraudulent actions, possibly criminal activities, corruption and conspiracy performed against plaintiffs ADA RODRIGUEZ and ALBERTO BETANCOURT.

62. The plaintiffs' 911 civil rights complaint is aimed at the government defendants who for all purposes of this 911 civil rights lawsuit stand out as the main defendants who acting together and in conspiracy with defendant MOUNT SINAI HOSPITAL a WTC Health Program provider and affiliate of the U.S. Department of Health and Human Services, Centers for Disease Control and Prevention (CDC), World Trade Center Health Program, are responsible for the unlawful inhumane wrongful acts and torts or omissions thereof that the defendants have committed or failed to perform under the law against plaintiffs ADA RODRIGUEZ and ALBERTO BETANCOURT.

## CAUSE OF ACTION 2

63. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.

64. The court in reviewing the Verified Complaint should find that the case is timely.

65. This federal case is brought on time pursuant to the federal statue 5 U.S.C. §702.

66. This federal case is brought on time pursuant to the federal statue 42 U.S.C. §1983.

67. This federal case is brought on time pursuant to the federal statue of fraud 18 U.S.C. §1031 Major Fraud Against the United States.

68. This federal case is brought on time pursuant to the federal statue of fraud 18 U.S.C. §371 Conspiracy to Commit Offense or to Defraud the United States.

69. This case is brought on time under federal law the James Zadroga 9/11 Health and Compensation Act of 2010 (H.R. 847; Pub. L. 111-347 enacted January 2, 2011.

70. This federal case is brought on time pursuant to the New York State statue of fraud New York Consolidated Laws, General Obligations Law - GOB § 5-701.

71. That any statue of limitations should be tolled in consideration of the special circumstances of this 911 civil rights case and "in the interest of Justice."

72. That equitable tolling doctrine applies to this case and warrants an extension of the limitations period, or otherwise the federal court should enforce tolling doctrines and legally suspend any statute of limitations in view and consideration of the special circumstances presented in this civil rights case concerning serious wrongs of medical malpractice wrongful death of 911 first responder survivor Mrs. Rodriguez committed by defendants and their "continuous violations of the law and rights of plaintiffs."

73. That this 911 civil rights action is timely commenced under Title VI, Civil Rights Act of 1964 prohibiting discrimination in federally funded programs and other anti-discrimination civil rights acts of the United States Congress and New York State Congress, the United States Constitution First, Fourth, Fifth, Sixth, Nineth, Thirteenth and Fourteenth Amendments and other federal and state laws.

74. The federal court is requested to remove the state action plaintiffs filed timely on November 17, 2017 at the state supreme court of defendants NEW YORK STATE UNIFIED COURT SYSTEM, which state case now is pending and has not been decided or resolved by the state trial court and appellate courts. The federal court is also able to hear this civil rights case since it has "original subject matter jurisdiction.

## CAUSE OF ACTION 3

75. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.

76. Plaintiffs who essentially are proceeding pro se in this federal 911 civil rights action hereby preserve the right to amend their Summons and Verified Complaint to incorporate and to include any other valid causes of actions in the future, and to state such other factual information and to present further material evidence that is deemed relevant and necessary to establish their claims, and to secure their rights under the expressed provisions of such other laws under which their rights are protected, and as may become discovered and be made fully known during the course of this litigation and "in the interest of justice."

77. Additionally, plaintiffs preserve the right to amend the Summons and Verified Complaint in this federal 911 civil rights action as it is provided by law the Federal Civil Procedure and Rules, and particularly the right to amend and to add and to include other important parties to the action or business and government agencies, officials and employees, and particularly the right to name and to sue such other defendants officials, administrators, managers and employees or owners and affiliates of the defendants who might be discovered and deemed important and necessary to the civil action and who were/are involved in this legal matter and whose identities and addresses were not known by plaintiffs at the time of filing this action.
78. In reviewing the 911 civil rights complaint the federal court is respectfully asked to exercise leniency and humanity and to consider that here this lawsuit is being filed through many incredibly difficult challenges and virtually impossible barriers by self represented indigent plaintiffs Mrs. Rodriguez and Mr. Betancourt who lack the economic means and the legal resources, knowledge and expertise necessary to successfully represent their rights and all claims in federal court.

## CAUSE OF ACTION 4

79. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
80. Essentially, this case concerns medical malpractice wrongful death claims related to the 911 Acts of Terror that affected this great nation back in September 11, 2001.
81. Plaintiffs are emergency first responders volunteers during the 911 Acts of Terror who were injured and adversely impacted due to their brave humane work and exposure to the 911 cloud, dust and other toxic materials, and as defined by the James Zadroga 9/11 Health and Compensation Act of 2010 (H.R. 847; Pub. L. 111-347 enacted January 2, 2011, amending the Public Health Service Act adding Title XXXIII The World Trade Center Health Program and establishing the federal 911 WTC Health Program.

82. The federal law, which was passed in the U.S. Congress and signed by President Obama on July 2, 2011, establishes a federal 911 WTC Health Program within the U.S. Department of Health which is administered by the WTC Program Administrator for various purposes including inter alia providing medical and prescription care and services and compensation to first responders and survivors like plaintiffs herein:

**42 U.S. Code § 300mm - Establishment of World Trade Center Health Program**

**(a) In general**

**There is hereby established within the Department of Health and Human Services a program to be known as the World Trade Center Health Program, which shall be administered by the WTC Program Administrator, to provide beginning on July 1, 2011—**

**(1) medical monitoring and treatment benefits to eligible emergency responders and recovery and cleanup workers (including those who are Federal employees) who responded to the September 11, 2001, terrorist attacks; and**

**(2) initial health evaluation, monitoring, and treatment benefits to residents and other building occupants and area workers in New York City who were directly impacted and adversely affected by such attacks.**

**(b) Components of program**

**The WTC Program includes the following components:**

**(1) Medical monitoring for responders**
**Medical monitoring under section 300mm–21 of this title, including clinical examinations and long-term health monitoring and analysis for enrolled WTC responders who were likely to have been exposed to airborne toxins that were released, or to other hazards, as a result of the September 11, 2001, terrorist attacks.**

**(2) Initial health evaluation for survivors**
**An initial health evaluation under section 300mm–31 of this title, including an evaluation to determine eligibility for followup monitoring and treatment.**

**(3) Followup monitoring and treatment for WTC-related health conditions for responders and survivors**

**Provision under sections 300mm–22, 300mm–32, and 300mm–33 of this title of followup monitoring and treatment and payment, subject to the provisions of subsection (d), for all medically necessary health and mental health care expenses of an individual with respect to a WTC-related health condition (including necessary prescription drugs).**

(4)OUTREACH

**Establishment under section 300mm-2 of this title of an education and outreach program to potentially eligible individuals concerning the benefits under this subchapter.**

(5)CLINICAL DATA COLLECTION AND ANALYSIS

**Collection and analysis under section 300mm-3 of this title of health and mental health data relating to individuals receiving monitoring or treatment benefits in a uniform manner in collaboration with the collection of epidemiological data under section 300mm-52 of this title.**

(6)RESEARCH ON HEALTH CONDITIONS

**Establishment under part C of a research program on health conditions resulting from the September 11, 2001, terrorist attacks.**

(c)NO COST SHARING

**Monitoring and treatment benefits and initial health evaluation benefits are provided under part B without any deductibles, copayments, or other cost sharing to an enrolled WTC responder or certified-eligible WTC survivor. Initial health evaluation benefits are provided under part B without any deductibles, copayments, or other cost sharing to a screening-eligible WTC survivor.**

## CAUSE OF ACTION 5

83. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
84. The court is informed that plaintiffs come complaining of serious delicate matters regarding the loss of life of Mrs. Rodriguez and the threats against the safety and well being and lives of plaintiffs which equal civil rights were deprived and are threatened to be deprived further against them by reason of the continuous wrongful malicious and inhumane actions and conspiracy and crimes of defendants.

**85. ADA RODRIGUEZ is in truth a 911 Hero who gave her heart and soul at Ground Zero during the 911 acts of terror that affected this great nation.**

**86. She worked hard day and night as a volunteer emergency first responder for three 3 months during the 911 incident beginning from early September 12, 2001 to late November 2001.**

**87. Her son Mr. Betancourt also is a 911 first responder volunteer who too gave his heart and soul working hard day and night at 911 Ground Zero beginning in or about September 12, 2001 to the end of October 2001 and he witnessed his mother's hard dedicated brave work at Ground Zero.**

**88. ADA RODRIGUEZ is in fact the first woman who worked hard nonstop at the fallen World Trade Center buildings located at Ground Zero, assisting in all kinds of needs that the defendants UNITED STATES and NEW YORK STATE and NEW YORK CITY had at the time. Mrs. Rodriguez and her son Mr. Betancourt worked very hard and provided volunteer first responder services to thousands of government employees including employees of the UNITED STATES and NEW YORK STATE and NEW YORK CITY, New York City Police Department officers, New York City Fire Department officers or firefighters, FEMA personnel, the US Military personnel, FBI personnel.**

**89. Essentially this important 911 civil rights case concerns the loss of life of plaintiff ADA RODRIGUEZ that defendants UNITED STATES, NEW YORK STATE, their agencies, officials, administrators and employees, acting together with MOUNT SINAI HOSPITAL caused due to their medical negligence and wrongful inhumane actions and their unlawful administrative decisions.**

**90. The government defendants acting together and in conspiracy with the defendant Mount Sinai Hospital have deprived plaintiffs of equal civil rights under federal law and the United States Constitution in denying them equal quality medical services and treatment (medical and prescription) at the said 911 WTC Health Program at Mount Sinai Hospital.**

**91. The government defendants acting together and in conspiracy with the defendant Mount Sinai Hospital have violated the federal law James Zadroga 9/11 Health and Compensation Act of 2010 (H.R. 847; Pub. L. 111-347, enacted January 2, 2011, in failing to provide plaintiffs equal quality medical services and treatment (medical and prescription) at the said 911 WTC Health Program at Mount Sinai Hospital since before in early 2002 and after the enactment of the federal Zadroga law in January 2, 2011 and continuing to the present.**

**92. It is submitted that government defendants acting together and in conspiracy with the defendant Mount Sinai Hospital have improperly and unlawfully administered the WTC Health Program in making governmental regulations and decisions and enforcing administrative policies and procedures that work against the will and act of the U.S. Congress respecting the quality medical care and services that is to be provided to 911 responders and survivors like plaintiffs.**

**93. Consequently, the lives and health of 911 responders and survivors like the plaintiffs herein have been neglected and injured or terminated.**

## CAUSE OF ACTION 6

94. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.

**95. Plaintiffs hereby attach annex and incorporate herein the entire Verified Complaint filed in the civil action now pending in the New York State Supreme Court, New York County Index No. 101628/2017 and state and restate each and all allegations, statements, facts, causes of action and paragraphs with the same and full force and effect in this federal Verified Complaint and which the federal court is to treat read decide and enforce as one Verified Complaint herein.**

**96. That plaintiff's state filed Verified Complaint is hereby attached, annexed and incorporated into and made a part of and constitutes and supports the plaintiffs' Verified Complaint herein filed in this federal civil action.**

97. **That no claims in the attached plaintiff's Verified Complaint filed in the pending state action is to be read, treated or considered to be separate from this federal Verified Complaint insofar as such state filed Verified Complaint serves the purpose of pleading plaintiff's causes of action against defendants and supports the present case filed in federal district court.**

## CAUSE OF ACTION 7

98. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
99. That plaintiff ALBERTO BETANCOURT is the legal representative of his dear mother plaintiff ADA RODRIGUEZ pursuant to the order of the New York State Surrogate's Court Judge Rita Mella signed and dated September 4, 2018.
100. Plaintiff Mr. Betancourt is suing defendants for the civil wrongs and medical malpractice wrongful death that defendants committed against his dear mother plaintiff ADA RODRIGUEZ.
101. Additionally plaintiff Mr. Betancourt is personally suing the defendants for the wrongs and medical negligence that defendants committed personally against him as 911 patient of the 911 WTC Health Program at Mount Sinai Hospital and while under the care of defendants
102. Further, this federal 911 civil rights case is brought to enforce an act of the U.S. Congress the James Zadroga 9/11 Health and Compensation Act of 2010 (H.R. 847; Pub. L. 111-347 enacted January 2, 2011, and other federal law that defendants have violated and continue to violate against plaintiffs Mrs. Rodriguez and Mr. Betancourt.

# MEDICAL MALPRACTICE WRONGFUL DEATH CLAIMS

## CAUSE OF ACTION 8

103. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
104. On or about September 17, 2015 the plaintiff Ada Rodriguez was a patient of the defendant Mount Sinai Hospital.
105. Plaintiff Ada Rodriguez visited the corporate defendants Mount Sinai Hospital Emergency Room on September 17, 2015 inter alia complaining repeatedly of severe unbearable pains and sufferings in her abdomen intestines area, discomforts and pain in using her bowels, an inability to properly use her bowels and or difficulties doing her necessities, vomiting and diarrhea, and other medical difficulties that she was experiencing at the time.
106. Once at the hospital Mrs. Rodriguez was misdiagnosed and told that she had only a simple bacterial infection and was sent home very quickly. The doctors at Mount Sinai Hospital performed an X-Ray that according to Mrs. Rodriguez's own words "It was dark and not clear at all. Doctors did not care to re-take an X-Ray nor did they view such X-Ray that was dark and not clear."
107. Mrs. Rodriguez was then quickly sent home within 5 minutes after recthe X-Ray, although she was still complaining in agony of terrible abdominal pains and suffering.
108. That on September 17, 2015 the defendants Mount Sinai Hospital neglected and failed to treat and to cure plaintiff Ada Rodriguez's health by ignoring her health conditions and complaints of experiencing severe unbearable pains and sufferings in her abdomen intestines area, discomforts and pain in using her bowels or an inability to properly use her bowels and to do her necessities in the bathroom, vomiting and diarrhea, and other medical difficulties that she was experiencing at the time.

109. That in so doing defendant Mount Sinai Hospital denied emergency medical assistance to Mrs. Rodriguez, thereby causing her to suffer serious and deadly injuries.
110. That as a direct result of the defendants Mount Sinai Hospital's negligent actions the plaintiff Ada Rodriguez sustained serious and permanent health injuries inter alia consisting of increased pains and sufferings in her abdomen intestines areas, blockage of her intestines, an inability to use her bowels and to do her necessities in the bathroom, experiencing frequent and more serious vomiting and diarrhea, and an inability to eat and to process foods, thereby plaintiff Ada Rodriguez's cancer of the colon condition to grow worse and the more painful and unbearable and agonizing.
111. That by reason of and as a direct result of the defendants Mount Sinai Hospital's negligent actions the plaintiff Ada Rodriguez sustained serious and permanent injuries and suffered death for which the defendants Mount Sinai Hospital is/are liable to the plaintiffs for damages to be recovered in this court.

**CAUSE OF ACTION 9**

112. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
113. That government defendants and defendant Mount Sinai Hospital furthermore failed to properly diagnose and to treat and cure Mrs. Rodriguez's health condition cancer of the colon, thereby causing her serious permanent and deadly injuries.
114. That as a direct result of the government defendants and defendants Mount Sinai Hospital’s negligence Mrs. Rodriguez's health sustained serious injuries inter alia consisting of increased pains and sufferings in her abdomen intestines areas, blockage of her intestines, an inability to use her bowels and to do her necessities in the bathroom, experiencing frequent and more serious vomiting and diarrhea, and an inability to eat and to process foods, thereby causing Mrs. Rodriguez’s cancer of the colon to develop further and to grow increase and/or become worse and the more painful unbearable and agonizing, all to the detriment of the patient Mrs. Rodriguez.

115. That by reason of the foregoing and as a direct result of the negligent actions of the government defendants and defendant Mount Sinai Hospital Mrs. Rodriguez sustained serious injuries and suffered death for which government defendants and defendant Mount Sinai Hospital are liable to plaintiffs for damages.

## CAUSE OF ACTION 10

116. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
117. Upon information and belief, and at all times herein mentioned, that on September 17, 2015 ER doctors of the defendants Mount Sinai Hospital ill-advised and wrongfully informed plaintiff Ada Rodriguez that her medical health condition was an infection, and, therefore, the only medicine they prescribed her was the antibiotics CIPRO, which medication did not improve her health condition of cancer of the colon and instead it made her health condition become worse, thereby causing plaintiff Ada Rodriguez to suffer serious injuries and severe pains and sufferings consequently.
118. Furthermore, that the doctors of defendants Mount Sinai Hospital Emergency Room quickly released and sent home the plaintiff Ada Rodriguez under the faulty recommendations and ill advises that "her health condition was simply an infection from which she would recover by taking the said prescribed CIPRO antibiotics medication," and without providing her any further and needed medical assistance to the patient.
119. Consequently plaintiff Ada Rodriguez lost about 60 lbs during the period she stayed at home trusting in the wrongful recommendations and the ill advice of the doctors from September 17, 2015 to the time of her second visit to the Mount Sinai Hospital Emergency Room on October 23, 2015.

120. Consequently, that solely because of the hospital's malpractice and due to the said wrongful recommendations and the ill advise of doctors at defendants Mount Sinai Hospital Emergency Room, plaintiff Ada Rodriguez did not received any medical assistance or treatment of her cancer of the colon during the same period, except that she continued taking the said antibiotic CIPRO medication that doctors had prescribed her to treat what they believed was allegedly an infection and from which she was to recover.

121. That by reason of the foregoing, and at all times herein mentioned, plaintiffs state that the defendants government and Mount Sinai Hospital failed to properly diagnose and to treat and cure plaintiff Ada Rodriguez's health condition cancer of the colon; and that the delay in the diagnosis directly caused her serious and permanent injuries including inter alia an increased pains and sufferings, increased and worsening of her cancer of the colon health condition, increased fevers, diarrhea, vomiting, incapacity to use her bowel movements and to do her daily necessities, difficulties with breathing, high blood pressure, pulmonary embolism, and other illnesses and medical conditions.

122. That based on the foregoing reasons, the defendants Mount Sinai Hospital was then wrong and committed malpractice in quickly discharging and sending home plaintiff Ada Rodriguez without performing the required additional tests, exams, lab and blood works, x-rays, ct-scans, mris, endoscopy, colonoscopy, and other medical procedures and tests that if performed at the time and in a competent manner of care would have detected plaintiff Ada Rodriguez's cancer and required its proper and continuous treatment and cure thereof, thereby allowing plaintiff Ada Rodriguez to survive her cancer of the colon health condition and to live.

123. That said cancer of the colon relatively have a high survival rate when detected and treated timely at an early stage of growth or before the said cancers have developed and matured and/or metastasized and become advanced and spread to other areas of the body of a patient, and according to known published medical journals or papers or research conducted by leading medical authorities and or medical research

institutions like Mayo clinic and other respectable trustworthy and reliable research medical institutions and physicians; and therefore that plaintiff Ada Rodriguez's chances of surviving her cancer of the colon was significantly diminished and her health condition impaired by reason of the patient being denied and or deprived of those vital medical services that are required in order to properly and timely detect and treat and cure her cancer of the colon health condition, including denial of tests, radiology exams and physiological endoscopy and colonoscopy exams, chemotherapy, drugs and other medications necessary in detecting and treating and curing the said cancer of the colon.

124. Furthermore, that the doctors of defendants Mount Sinai Hospital Emergency Room quickly released and sent home the plaintiff Ada Rodriguez despite being informed of and knowing that she was still complaining inter alia of severe abdominal pains and sufferings, discomforts in her body, an inability to use her bowels functions properly, blockage of her intestines, vomiting, diarrhea, and difficulties in eating and processing foods and other health conditions.

125. That as a direct result of the government defendants and defendants Mount Sinai Hospital's negligent actions the plaintiff Ada Rodriguez sustained serious and permanent injuries inter alia consisting of increased pains and sufferings in her abdomen intestines areas, blockage of her intestines, an inability to use her bowels and to do her necessities in the bathroom, experiencing frequent and more serious vomiting and diarrhea, and an inability to eat and to process foods, thereby plaintiff Ada Rodriguez's cancer of the colon health condition to grow worse and the more painful and unbearable and agonizing.

126. That as a direct result of the government defendants and defendants Mount Sinai Hospital's negligent actions the plaintiff Ada Rodriguez's health sustained serious injuries and suffered death for which the government defendants and defendants Mount Sinai Hospital is/are liable to the plaintiffs for damages.

# CAUSE OF ACTION 11

127. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
128. Furthermore, that the doctors of defendants Mount Sinai Hospital Emergency Room quickly released and sent home the plaintiff Ada Rodriguez immediately or within 5 minutes of taking an x-ray of plaintiff Ada Rodriguez.
129. Furthermore, doctors of defendants Mount Sinai Hospital Emergency Room quickly released and sent home plaintiff Mrs. Rodriguez without caring carefully, properly and competently to review and examine the said x-ray of Mrs. Rodriguez.
130. Furthermore, that the doctors of defendants Mount Sinai Hospital Emergency Room quickly released and sent home the plaintiff Ada Rodriguez although knowing and being conscious of the fact that said x-ray of plaintiff Ada Rodriguez was improperly taken or came out dark and lacking a clear visible image of the body area which it was intended to inspect and to examine and to view and or to diagnose information relevant to the health condition of plaintiff Ada Rodriguez.
131. Furthermore, radiology technicians and doctors of the defendants Mount Sinai Hospital Emergency Room wrongfully performed the said x-ray in violation of known medical procedures and standards or otherwise that known medical procedures and standards were not reasonably followed in taking the said x-ray of Mrs. Rodriguez.
132. Furthermore, that Mount Sinai Hospital did not care to perform additional x-rays or ct scans or mris and other tests or exams of Mrs. Rodriguez's health condition so as to have properly determined and diagnosed and treated and cured the said health condition cancer of the colon of Mrs. Rodriguez in a competent and timely manner.

133. Furthermore, that defendants Mount Sinai Hospital willfully, purposefully, intentionally, and consciously neglected plaintiff Ada Rodriguez's health condition by not caring to carefully and competently perform further and properly taken x-rays, ct scans, mris and other lab and blood tests and colonoscopy and endoscopy exams of plaintiff Ada Rodriguez's health condition so as to have properly detected and determined and diagnosed and treated and cured the said health condition cancer of the colon of plaintiff Ada Rodriguez in a competent and timely manner.
134. That as a direct result of the government defendants and defendants Mount Sinai Hospital's negligence Mrs. Rodriguez's health sustained serious and permanent injuries inter alia consisting of increased pains and sufferings in her abdomen intestines areas, blockage of her intestines, an inability to use her bowels and to do her necessities in the bathroom, experiencing frequent and more serious vomiting and diarrhea, and an inability to eat and to process foods, causing Mrs. Rodriguez's cancer of the colon to grow worse and the more painful and unbearable and agonizing.
135. That as a direct result of the government defendants and defendants Mount Sinai Hospital's negligent actions the plaintiff Ada Rodriguez's health sustained serious injuries and suffered death for which the government defendants and defendants Mount Sinai Hospital is/are liable to the plaintiffs for damages.

## CAUSE OF ACTION 12

136. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
137. That this important 911 civil rights medical malpractice wrongful death case concerns a human being, Mrs. Rodriguez, a 911 Hero First Responder Volunteer who died of a certified 911 disease cancer of the colon but who also suffered and died as a direct result of the malpractice of the government defendants and Mount Sinai Hospital, their agencies, departments, officials, administrators, directors, managers, doctors, technicians, nurses, medical staff and employees, agents, officers and others.

138. Plaintiff Ada Rodriguez was a long-term patient of Mount Sinai Hospital.

139. That plaintiff Ada Rodriguez and defendant Mount Sinai Hospital had established and maintained a long term patient-hospital relationship since on or about 2002 to the time of plaintiff Ada Rodriguez's death on November 16, 2015.

140. That the plaintiff Ada Rodriguez was a patient of the Mount Sinai Hospital 911 World Trade Center Health Monitoring and Screening Program since on or about 2002 to the time of plaintiff Ada Rodriguez's death on November 16, 2015.

141. That defendants Mount Sinai Hospital manages and operates said 911 health program titled the Mount Sinai Hospital 911 World Trade Center Health Monitoring and Screening Program since on or about 2002 to the present October 2021.

142. That Mrs. Rodriguez and Mount Sinai Hospital in fact established and maintained a long term patient-hospital relationship by reason of the said Mount Sinai Hospital 911 World Trade Center Health Monitoring and Screening Program since on or about 2002 to the time of Mrs. Rodriguez's death on November 16, 2015.

143. That defendants Mount Sinai Hospital therefore had and was under a duty of care owed to patient plaintiff Ada Rodriguez as per the said long term patient-hospital relationship established pursuant to the said 911 World Trade Center Health Monitoring and Screening Program since on or about 2002 to the time of plaintiff Ada Rodriguez's death on November 16, 2015.

144. That defendants Mount Sinai Hospital therefore had and was under a duty of care owed to patient plaintiff Ada Rodriguez as per the said long term patient-hospital relationship that was established and maintained at the said 911 World Trade Center Health Monitoring and Screening Program since on or about 2002 to the time of plaintiff Ada Rodriguez's death on November 16, 2015.

145. That Mount Sinai Hospital therefore had and was under a duty of care to patient Ada Rodriguez pursuant to plaintiff Ada Rodriguez's enrollment in the said Mount Sinai Hospital 911 World Trade Center Health Monitoring and Screening Program since on or about 2002 to the time of Ada Rodriguez's death on November 16, 2015.

146. That defendants Mount Sinai Hospital therefore had and was under a duty of care owed to plaintiff Ada Rodriguez pursuant to plaintiff Ada Rodriguez's admission at the Mount Sinai Hospital Emergency Room on September 17, 2015.

147. That defendants Mount Sinai Hospital therefore had and was under a duty of care owed to plaintiff Ada Rodriguez pursuant to plaintiff Ada Rodriguez' s second admission at the Mount Sinai Hospital Emergency Room on October 23, 2015.

148. That defendants Mount Sinai Hospital therefore had and was under a duty of care owed to plaintiff Ada Rodriguez pursuant to plaintiff Ada Rodriguez's first admission at the Mount Sinai Hospital Emergency Room on September 17, 2015 and her second admission at the Mount Sinai Hospital Emergency Room on October 23, 2015 as well as and continuing through the surgery that defendant Mount Sinai Hospital performed on plaintiff Ada Rodriguez on October 2015.

149. That defendants Mount Sinai Hospital therefore had and was under a duty of care owed to patient Ada Rodriguez pursuant to plaintiff Ada Rodriguez' s first admission at the Mount Sinai Hospital Emergency Room on September 17, 2015 and her second admission at the Mount Sinai Hospital Emergency Room on October 23, 2015 as well as and continuing through the surgery that defendants Mount Sinai Hospital performed on plaintiff Ada Rodriguez on October 2015, and which duty of care did in fact continued after surgery since October 2015 until the time of plaintiff Ada Rodriguez' s death on November 16, 2019.

150. That said duty of care the defendant Mount Sinai Hospital owed to plaintiff Ada Rodriguez was terminated violated and or breached on account of defendants Mount Sinai Hospital's wrongful, unprofessional, unethical, inhumane and negligent conduct.

151. That said duty of care the defendant Mount Sinai Hospital owed to plaintiff Ada Rodriguez was terminated violated and or breached solely on account of defendants Mount Sinai Hospital's wrongful, unprofessional, unethical, inhumane and negligent conduct, and which negligent conduct defendants Mount Sinai Hospital conspired to commit and committed in consort with others thereof in an intentional, purposeful, willful, and/or malicious manner.

152. That as a direct result of said breach of duty of care by the defendants Mount Sinai Hospital the plaintiff Ada Rodriguez was caused to sustain and did suffered serious and permanent injuries as is described in this Verified Complaint herein and defined by the laws of this State of New York.

153. That solely as a direct consequent of said negligent, intentional, willful, purposeful and/or malicious breach of duty of care by the defendants Mount Sinai Hospital the plaintiff Ada Rodriguez sustained serious and permanent injuries as is described in this Verified Complaint herein and defined by the laws of this State of New York.

154. That solely as a direct consequent of said negligent, intentional, willful, purposeful and/or malicious breach of duty of care by the defendants Mount Sinai Hospital the plaintiff Ada Rodriguez sustained serious and permanent injuries as is described in this Verified Complaint herein and defined by the laws of this State of New York, and which injuries are to be proven by a preponderance of evidence at trial in this medical malpractice civil action.

155. That solely as a direct consequent of said negligent, intentional, willful, purposeful and/or malicious breach of duty of care by the defendants Mount Sinai Hospital the plaintiff Ada Rodriguez sustained serious and permanent and real injuries against her will and conscience, in violation of her rights as patient and human being under the laws of this State of New York and the laws of the United States.

156. That the defendants Mount Sinai Hospital's negligent medical and administrative actions (or the inaction and omissions thereof) directly inflicted serious permanent real and deadly injuries that culminated in or produced or caused wrongfully the death of plaintiff Ada Rodriguez on November 16, 2015.

157. That defendants Mount Sinai Hospital's negligent and intentional actions are the direct consequence of the wrongful death of Ada Rodriguez on November 16, 2015.

158. That had Mount Sinai Hospital not breached or altered or violated or failed to perform its duty of care to Mrs. Rodriguez then the plaintiff Ada Rodriguez neither would have suffered any serious permanent real and deadly injuries nor suffered death.

159. That as a direct consequence of defendants Mount Sinai Hospital's breach of or violation of or failure to perform its duty of care to plaintiff Ada Rodriguez she suffered serious permanent real and deadly injuries that were unbearable and agonizing to the point of causing Ada Rodriguez's death on November 16, 2015.

160. That by reason of the foregoing, the defendants Mount Sinai Hospital committed torturous medical malpractice against plaintiff Ada Rodriguez causing her to continuously suffer unbearable severe pains and sufferings, and for which negligent inhumane and cruel conduct the defendants are liable to the plaintiffs under the law.

161. That Mount Sinai Hospital's negligent and intentional actions were performed in a manner that is considered by law and medical standards to be malicious and grossly and inhumane, thereby showing a complete disregard toward the rights, necessities, feelings, dignity, respect, honor and life of a human being plaintiff Ada Rodriguez.

162. That defendants Mount Sinai Hospital's negligent actions were performed against Mrs. Rodriguez in a manner that clearly deviates from the reasonably accepted and recognized medical practices and standards under the laws of this State of New York.

163. That the defendants Mount Sinai Hospital's negligent and intentional actions were performed against plaintiff Ada Rodriguez in a manner that under the laws of this State of New York are declared and found to be in total contradiction of the law and medical practice and against the normal reasonably accepted and established medical standards, procedures and practices.

164. That the defendants Mount Sinai Hospital's negligent and intentional actions were performed against plaintiff Ada Rodriguez in a manner that is unlawful and expressly prohibited by the laws of this State of New York and the United States.

165. That the defendants Mount Sinai Hospital's negligent and intentional actions were performed against plaintiff Ada Rodriguez in a manner that is unlawful unethical and inhuman and that its conduct is expressly prohibited by the laws, regulations, rules, policies, guidelines, practices and/or standards of care and ethics established and enforced by the establishment of government and institution of medicine within the State of New York and the United States.

166. That defendants Mount Sinai Hospital's negligent actions were performed against plaintiff Ada Rodriguez in a manner that a reasonable person can deem them to be grossly negligent unethical immoral dishonest malicious unprofessional callous cruel and inhumane, thereby showing a complete disregard toward the rights, necessities, feelings, sentiments, dignity, respect honor and life of a human being Mrs. Rodriguez.
167. Mount Sinai Hospital's negligent actions were in fact carried out in a manner that is grossly negligent unethical immoral dishonest malicious unprofessional callous cruel and inhumane, and which grossly negligent actions a reasonable person can also deem them to have been performed intentionally, maliciously, and willfully against Mrs. Rodriguez, thereby showing a complete disregard toward the rights, necessities, feelings, sentiments, dignity, respect honor and life of a human being Ada Rodriguez.
168. That defendants Mount Sinai Hospital's actions perpetuated against plaintiff Ada Rodriguez were not just negligent or grossly negligent per se but they constitute and do reveal the continuous exercise of intentional torts and or a pattern of conduct to commit such intentional torts and or the conscious and purposeful wrongful actions intended to disregard and neglect the health of plaintiff Ada Rodriguez.
169. Plaintiffs hereby state and restated, and at all times herein mentioned, that Mount Sinai Hospital's negligence toward Mrs. Rodriguez started since on or about early 2002 and continued all through and until the time of Mrs. Rodriguez's death on November 16, 2015 given the fact that during that period of time for about 14 years Mount Sinai Hospital totally ignored and purposefully intentionally and willfully failed to detect and to treat the health condition cancer of the colon of Mrs. Rodriguez.
170. That solely by reason of the said intentional negligence of defendants Mount Sinai Hospital or as a direct result of the continuous exercise of those intentional torts and or the pattern of conduct to commit such intentional torts and or the conscious and purposeful wrongful actions committed against plaintiff Ada Rodriguez, the defendants Mount Sinai Hospital totally disregarded, ignored, and or neglected the health of plaintiff Ada Rodriguez, causing her serious aggravated harm, unbearable agonizing pains and sufferings, and ultimately her death on November 16, 2015.

171. That defendants Mount Sinai Hospital committed negligence, gross negligence, and intentional negligence in improperly treating plaintiff Ada Rodriguez's health condition and or in failing to provide proper and complete and professional medical treatment to her, including the failure to diagnose her cancer of the colon in an expeditious competent manner since on or about 2002, failure to provide her the benefit of treating the said cancer of the colon in a competent manner, failure to perform proper tests, blood urine and other lab works, failure to conduct periodic tests and other known medical exams that would have detected early the said cancer of the colon, failure to refer her to a cancer expert physician and oncologist and pulmonologist who would have properly and competently treated her health condition by prescribing her the correct medications and treatments that would have detected and monitored and cured her health condition in time, failure to provide her the right to receive chemotherapy and or drugs and medications and or other noninvasive medical treatments and procedures to properly and timely detect treat and cure her health condition cancer of the colon, failure to perform proper x-rays, ct-scans, rnris, and other advanced technology scans of her body and affected areas that would have early detected her cancer of the colon and allowed for the proper treatment to cure her cancer, failure to treat and to cure her cancer without the need of invasive and dangerous medical procedures such as emergency surgeries, thereby causing her to unnecessarily suffer serious and permanent hann, prolonged unbearable agonizing pains and sufferings, and ultimately her wrongful death on November 16, 2015.

172. That the treatment of the plaintiff Ada Rodriguez provided by the defendants Mount Sinai Hospital was negligent and constituted malpractice in that the defendants care fell below the standards required both by law and medicine.

173. The treatment of the plaintiff Ada Rodriguez provided by the defendants Mount Sinai Hospital was so negligently and carelessly provided as to cause the plaintiff Ada Rodriguez severe and serious injury; and the negligence of the defendants Mount Sinai Hospital consisted of negligently and carelessly failing to detect to treat and care for plaintiff Ada Rodriguez in accordance with standards of care and treatment generally accepted in the community; and the defendants Mount Sinai Hospital negligently and carelessly failed to use approved methods in general use in the

community in their care and treatment of the plaintiff Ada Rodriguez; and the defendants Mount Sinai Hospital negligently and carelessly failed to use reasonable care and skill in their care and treatment of the plaintiff Ada Rodriguez; and the defendants Mount Sinai Hospital negligently and carelessly failed to utilize their best judgment in the care and treatment of the plaintiff Ada Rodriguez and were otherwise negligent and careless in the premises.

174. That Mount Sinai Hospital wrongful negligent actions committed personally and as institution Hospital against Mrs. Rodriguez constitute indecent inhumane abuse and cruelty by a medical institution and which torts are to be penalized against the defendants and remedied by way of judgment awarding damages in favor of the plaintiffs in an amount unspecified and to be determined by jury and the court under the tort laws system and other laws of the State of New York and United States.

## CAUSE OF ACTION 13

175. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.

176. Plaintiffs Mrs. Rodriguez and Mr. Betancourt are 911 First Responders Heroes who worked as volunteers without pay at Ground Zero in the Downtown area of New York City during the 911 great tragedy that affected this nation in September 2001.

177. Mrs. Rodriguez and Mr. Betancourt gave their hearts, minds and souls at Ground Zero, assisting and attending to the needs and emergencies of government personnel, civilians and others at Ground Zero including inter alia, working hard at the bucket brigade with police officers, firefighters, FEMA employees, military personnel, and other first responders volunteers; performing excavation, rescue and clean up operations and other tasks; and feeding, providing and distributing donations to civilians, government personnel, and other first responders volunteers at Ground Zero.

178. Plaintiff Ada Rodriguez performed her volunteering emergency first responder work since on or about September 2001 to December 2001.

179. Plaintiff Alberto Betancourt performed his volunteering emergency first responder work since on or about September 2001 to October 2001.

180. Thereafter, on or about early 2002 plaintiffs Mrs. Rodriguez and Mr. Betancourt were treated at the defendants Mount Sinai Hospital for various health conditions including physical, emotional and mental injuries.

181. At about that time the defendants Mount Sinai Hospital had officially established, managed, operated and controlled its program called the Mount Sinai Hospital 911 World Trade Center Health Monitoring and Screening Program.

182. Plaintiff Ada Rodriguez was treated at the said Mount Sinai Hospital 911 World Trade Center Health Monitoring and Screening Program on a regular basis since on or about 2002 to the time of her dying on November 15, 2015.

183. Mr. Betancourt was treated at the Mount Sinai Hospital 911 World Trade Center Monitoring and Screening Program on a regular basis since early 2002 to the present.

184. Initially plaintiffs Ada Rodriguez and Alberto Betancourt received medical care at the said 911 Program that basically consisted of mental health therapy and a once-a-year medical screening or test and other medical exams and treatment.

185. However as time passed the government defendants and Mount Sinai Hospital began to further limit those medical services, prescriptions, tests and treatments that were formerly being offered to patients members under its 911 Program.

186. That the said 911 Program at Mount Sinai Hospital is controlled, managed, and operated by the government defendants and defendants Mount Sinai Hospital since on or about 2002 and continuing to the present September 2019 and that its primary purpose is to provide immediate and long- term needed medical treatment to those 911 first responders like the plaintiffs Ada Rodriguez and Alberto Betancourt including inter alia performing regular tests, prescribing medications, providing medical treatment and or surgery to certain 911 related diseases including cancers, performing endoscopy and colonoscopy exams of patients, providing physical therapy and psychological therapy and treatment, conducting physical exams, xrays, ctscans, MRis, and other screening tests that would detect early and determine any health problems, abnormalities, and other health conditions that 911 first responders like plaintiffs might develop and suffer in consequence of their participation and assistance at Ground Zero back in September 2001.

187. That the medical services and treatments under the said 911 Program are managed, operated and controlled by the government defendants together with defendants Mount Sinai Hospital, its employees, officers, managers, and or agents, which are required to be authorized by them before and in order to their being rendered and provided to the patients/members under that 911 Program.

188. That since or about 2002 the medical services and treatments under the said 911 Program were improperly wrongfully and unlawfully limited, reduced, denied, terminated and/or not authorized or provided to the plaintiffs Ada Rodriguez and Alberto Betancourt by the defendants Mount Sinai Hospital administration, its employees, officers, managers, and or agents, under the said 911 Program.

189. That since or about 2002 the medical services and treatments under the said 911 Program were in fact improperly wrongfully and unlawfully limited, reduced, denied, terminated and/or not authorized or provided to the plaintiffs Ada Rodriguez and Alberto Betancourt by the defendants Mount Sinai Hospital administration, its employees, officers, managers, and or agents, under the said 911 Program in violation of the plaintiffs' rights and resulting in serious and permanent injuries to the plaintiffs and ultimately the death of plaintiff Ada Rodriguez.

190. Upon information and belief, and at all times herein mentioned, plaintiffs state, affirm and restate that in intentionally, willfully, and consciously acted negligently against the plaintiffs in purposefully failing to provide plaintiff Ada Rodriguez full, timely and competent medical services, treatment and care, including inter alia, failing to timely and competently detect, to treat and to cure plaintiff Ada Rodriguez's cancer of the colon for many years since about 2002 to the time that she first visited the defendant Mount Sinai Hospital's Emergency Room on September 17, 2015.

191. Upon information and belief, based upon the foregoing, and at all times herein mentioned, the plaintiffs state, affirm and restate that in intentionally, willfully, and consciously acting negligent abusive and inhumanely against the plaintiffs the defendants Mount Sinai Hospital have caused serious injuries, mistreatment, and abuses against the plaintiffs resulting in the death of plaintiff Ada Rodriguez and for which reason they are liable to the plaintiffs for damages in this court.

192. That the treatment of plaintiffs Ada Rodriguez and Alberto Betancourt provided by the defendants Mount Sinai Hospital was negligent and constituted malpractice in that the defendants care fell below the standards required both by law and medicine. The treatment of the plaintiffs Ada Rodriguez and Alberto Betancourt provided by the defendants Mount Sinai Hospital was so negligently and carelessly provided as to cause the plaintiffs Ada Rodriguez and Alberto Betancourt severe and serious injury; and the negligence of the defendants Mount Sinai Hospital consisted of negligently and carelessly failing to detect to treat and care for plaintiff Ada Rodriguez in accordance with standards of care and treatment generally accepted in the community; and the defendants Mount Sinai Hospital negligently and carelessly failed to use approved methods in general use in the community in their care and treatment of the plaintiff Ada Rodriguez; and the defendants Mount Sinai Hospital negligently and carelessly failed to use reasonable care and skill in their care and treatment of the plaintiff Ada Rodriguez; and the defendants Mount Sinai Hospital negligently and carelessly failed to utilize their best judgment in the care and treatment of the plaintiff Ada Rodriguez and were otherwise negligent and careless in the premises.

193. Consequently, and based on the foregoing statements herein, and which plaintiffs state, restate and affirm at all times hereinabove, defendants Mount Sinai Hospital committed medical malpractice against plaintiff Ada Rodriguez in that it neglected, disregarded and or failed to properly professionally and completely treat and/or cure the health conditions of Mrs. Rodriguez and Mr. Betancourt, thereby causing the plaintiffs much serious and unbearable injury and severe pains and sufferings physical, mental and emotional, and for which reason they are liable to plaintiffs.

194. Consequently, and by reason of the foregoing statements herein, and which plaintiffs state, restate and affirm at all times hereinabove, government defendants together with Mount Sinai Hospital committed medical malpractice against the plaintiff Ada Rodriguez in that it neglected, disregarded and or failed to properly professionally and competently detect treat and/or cure the health conditions of the plaintiff Ada Rodriguez that ultimately caused her death on November 16, 2015, and for which reason they are liable to the plaintiffs for damages in this court.

## CAUSE OF ACTION 14

195. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
196. Plaintiff Alberto Betancourt is a patient of the Mount Sinai Hospital 911 World Trade Center Health Monitoring and Screening Program since on or about 2002 and continuing to the present; and that under the said 911 Program since on or about 2002 and continuing to the present the defendant Mount Sinai Hospital has treated plaintiff Alberto Betancourt's health and provided continuous medical services and treatment for the serious and permanent injuries that he suffered as a result of his participation work and or assistance at Ground Zero on September 2001.
197. That the medical services and treatments under the said 911 Program are managed, operated and controlled by the defendants Mount Sinai Hospital administration, its employees, officers, managers, and or agents, which are required to be authorized by them prior to and in order to their being rendered administered and provided to the patients/members under that 911 WTC Health Program.
198. That government defendants and Mount Sinai Hospital neglected plaintiff Mr. Betancourt's health by reason of government defendants' and Mount Sinai Hospital administration's improperly wrongfully and unlawfully limiting, reducing, denying, terminating and/or not authorizing or providing such medical services and treatments to plaintiff Mr. Betancourt under the said 911 WTC Health Program.
199. That since on or about early 2002 the medical services and treatments under the said 911 WTC Health Program were unfairly wrongfully and unlawfully reduced terminated denied and/or not authorized and provided to plaintiff Mr. Betancourt by the government defendants and Mount Sinai Hospital Administration, its Director Michael A. Crane, MD, MPH, in complete disregard and neglect of plaintiff Alberto Betancourt's health condition and violation of his rights as patient.
200. That since that time various doctors of the said 911 Program had treated plaintiff Alberto Betancourt for serious and permanent injuries that he sustained at Ground Zero on September 2001, including inter alia suffering nerve injuries, neck and spine

injuries, muscle wear and tear injuries, muscle and brain spasms and other illnesses, severe acid reflux, asthma, difficulties with breathing, shortness of breath, anxiety, depression, post traumatic stress syndrome, trauma, and other severe mental emotional and mental distress and psychological illnesses related to the 911 Tragedy.

201. That on a regular basis and for years since 2002 doctors of the said 911 Program performed tests and provided medical treatments and or administered drugs and medications to Mr. Betancourt to alleviate and to treat and to cure those injuries including physical therapy, physiatrist care, nerve treatment, and other services and medications intended to treat and to cure his severe nerve, muscle, neck, shoulder and spine injuries and muscle wear and tear injuries, muscle and brain spasms and other illnesses, severe acid reflux, asthma, difficulties with breathing, shortness of breath, anxiety, depression, post traumatic stress syndrome, trauma, and other severe mental emotional and mental distress and psychological illnesses related to the 911 Tragedy.

202. That the defendants Mount Sinai Hospital Director Michael A. Crane, MD, MPH then, suddenly and without notice and/or without affording patient an opportunity to respond or to appeal, unfairly wrongfully and unlawfully terminated and denied those medical services and treatments to plaintiff Mr. Betancourt.

203. That doctors or nurses of the said 911 Program repeatedly wrote to the defendant Director Michael A. Crane, MD, MPH appealing that the wrongfully terminated medical services and treatments be restored and provided to patient Mr. Betancourt but Mount Sinai Hospital Director Michael A. Crane, MD, MPH refused to approve and never authorized the rendering of those medical services and treatments to be provided the patient; consequently defendants Mount Sinai Hospital and Director Michael A. Crane, MD, MPH breached their duty of care to patient Mr. Betancourt and for which reason defendants are liable to plaintiffs for damages in this court.

204. Since or about 2002 and continuing to the present October 19, 2021 Mount Sinai Hospital, its administration, employees, officers, managers, and or and Director Michael A. Crane, MD, MPH did improperly wrongfully and unlawfully limited, reduced, denied, terminated and/or not authorized or provided to Mr. Betancourt the needed medical services and treatments under the 911 WTC Program in violation of plaintiffs' rights and resulting in serious and permanent injuries to plaintiff.

205. That as a direct result of the malpractice by the government defendants and defendants Mount Sinai Hospital, its administration, employees, officers, managers, and or agents, and Director Michael A. Crane, MD, MPH the plaintiff Mr. Betancourt suffered and continues to suffer serious and permanent injuries, for which reason government defendants and defendants Mount Sinai Hospital and Director Michael A. Crane, MD, MPH are liable to Alberto Betancourt for damages in this court.

## CAUSE OF ACTION 15

206. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
207. That prior to and after surgery Mount Sinai Hospital neglected Mrs. Rodriguez's health and committed malpractice particularly relevant to and consisting of pulmonary embolism, causing her serious and permanent and life-threatening injuries.
208. Upon information and belief, and at all times herein mentioned, that as a result of the malpractice of defendants Mount Sinai Hospital's employees and/or agents, the plaintiff Ada Rodriguez suffered the said pulmonary embolism that caused her to further suffer more serious injuries inter alia including experiencing shortness of breath and suffocation and chest pains and coughs , swelling and pains of the legs, internal hemorrhaging, blood clots in her lungs, blockage of her pulmonary arteries and branches and other functions affected, all of which were produced a result of the pulmonary embolism caused by defendants and which ultimately caused her death.
209. That the said pulmonary embolism is directly connected to and resulted in consequence of the malpractice the defendants Mount Sinai Hospital committed against plaintiff Ada Rodriguez in operating her cancer of the colon.
210. That defendants Mount Sinai Hospital committed malpractice also in denying plaintiff Ada Rodriguez immediate emergency medical care to treat and to cure the said critical health condition of pulmonary embolism.

211. That plaintiff Mr. Betancourt personally called for various times the oncologist office thereat that treated plaintiff Mrs. Rodriguez at defendants Mount Sinai Hospital Tisch Cancer Building and reported the emergency that his mother Ada had fainted and/or lost consciousness and was not responding and that she later regained consciousness and continued to perform her normal bodily functions.

212. On that day he asked to speak with Ada's oncologist as a matter of emergency or any other doctor who was present in that office but was told "no doctor is available and that Ada's oncologist could not be located and that she would return his call."

213. Upon information and belief, plaintiff Alberto Betancourt also called the same oncology office a few times more and was put on hold only to be ignored or denied the right as son and proxy of the patient Ada Rodriguez to speak with a doctor of defendants Mount Sinai Hospital and to obtain the required medical emergency advice and care that his mother Ada needed at the time.

214. Upon information and belief, and at all times herein mentioned, plaintiffs state and restate that defendants Mount Sinai Hospital ignored plaintiff Betancourt's request for medical assistance and immediate emergency care respecting his mother's health condition to wit pulmonary embolism and cancer of the colon and other post-surgery health related issues, and that defendants Mount Sinai Hospital never cared to call back to follow up on the emergency call that was made by plaintiffs requesting that the hospital provides emergency medical care to plaintiff Ada Rodriguez.

215. Upon information and belief, and at all times herein mentioned, plaintiffs state and restate that by reason of the foregoing defendants Mount Sinai Hospital failed to prevent said pulmonary embolism from developing in plaintiff Ada Rodriguez's body.

216. Upon information and belief and at all times herein mentioned, plaintiffs state and restate that defendants Mount Sinai Hospital failed to detect to stop to treat and to cure said pulmonary embolism that had developed in plaintiff Ada Rodriguez' s body both prior to and after the surgery; or otherwise that defendants were negligent and failed to readmit the patient plaintiff Ada Rodriguez which was required and needed in order to detect and to stop and to treat and to cure the said pulmonary embolism that had developed in her body both prior to and after the surgery.

217. Plaintiffs state that defendants Mount Sinai Hospital committed malpractice in quickly discharging her from the hospital and sending Ada Rodriguez home 5 days after surgery of her colon cancer and without caring to monitor the patient's health so as to ensure that the said pulmonary embolism is not developed or further continued post surgery; that the defendants Mount Sinai Hospital knew and were duly informed personally by patient Ada Rodriguez that the patient plaintiff Ada Rodriguez had a history of pulmonary embolism treatment back on 1998; and therefore the defendants Mount Sinai Hospital committed malpractice in releasing patient Ada immediately after surgery of her cancer despite knowing of the patient's history of prior treatment of pulmonary embolism on 1998, and as the medical records show.

218. That in so doing and by reason of the foregoing, the defendants Mount Sinai Hospital's actions reveal and show a purposeful intent to avoid liability by getting rid of and discharging quickly after surgery a patient whose health they injured and grew worse by reason of their negligence prior to surgery, to wit the failure to properly diagnose and to detect and to treat and to cure Ada Rodriguez's cancer of the colon.

219. Upon information and belief, and at all times herein mentioned, that previous to the surgery Ada Rodriguez had lost approximately 60 lbs while remaining at home under the ill advised of the doctors at Mount Sinai Hospital Emergency Room, taking only antibiotics CIPRO medication and without receiving any proper medical treatment of her cancer since her first visit to the defendants ER on September 17, 2015 to the time of her second visit to the defendants ER on October 23, 2015.

220. Hence Mount Sinai Hospital knew or should have known that Ada Rodriguez was weak and frail because of their prior negligence and, consequently, it was wrong to have quickly released and sent her home 5 days after surgery under such conditions.

221. Upon information and belief, and at all times herein mentioned, plaintiffs state and restate that defendants Mount Sinai Hospital failed to detect and to competently monitor and to regulate and to prevent and to treat and to cure Ada Rodriguez' s pulmonary embolism before and after surgery so as to save her from dying.

222. That defendants Mount Sinai Hospital denied Ada Rodriguez adequate and complete and competent post-surgery medical aid and treatment in failing to provide the care of a pulmonologist, in failing to perform tests and other exams such as would be deemed reasonably necessary in order to ensure that Ada Rodriguez' s health was properly regulated monitored and cured post surgery, and in failing to perform other procedures like blood thinners and to prescribe and administer her drugs and medications to treat and to cure her pulmonary embolism, and in failing to have her readmitted to the hospital's ER in order to properly and competently monitor and to treat and to cure her pulmonary embolism and colon health condition post surgery.
223. That had Mount Sinai Hospital not neglected their patient Ada Rodriguez and breached their duty toward her, plaintiff Ada Rodriguez would have been alive or she would not have suffered such serious painful injuries and agonizing death.
224. That the said pulmonary embolism was produced and developed and increased in the patient Ada Rodriguez"s body due to the cancer of the colon surgery that the defendants Mount Sinai Hospital performed; and that the said pulmonary embolism the defendants Mount Sinai Hospital neglected and failed to detect to stop to monitor to treat and to cure thereby causing patient plaintiff Ada Rodriguez serious injuries and death.
225. That had defendants Mount Sinai Hospital properly and expeditiously treated Mrs. Rodriguez's pulmonary embolism by performing such available known and necessary medical procedures and prescribing and administering blood thinners and drugs and other medications, the chances of patient Mrs. Rodriguez surviving her pulmonary embolism would have increased and, therefore, that she would have lived if defendants Mount Sinai Hospital had not committed malpractice against her.
226. Upon information and belief, and at all times herein mentioned, plaintiffs state and restate all statements and allegations made in the previous paragraphs, that in so doing defendants Mount Sinai Hospital intentionally neglected and failed to prevent Mrs. Rodriguez's dying from said pulmonary embolism post surgery, thereby committing malpractice and causing Mrs. Rodriguez serious and permanent injuries and her death on November16, 2015, and for which reason the defendants are liable to the plaintiffs for unspecified damages and that are to be recovered in this court.

227. According to known medical sources "reported survival after venous thromboembolism varies widely, with "short-term" survival ranging from 95% to 97% for deep vein thrombosis8'9 and from 77% to 94% for pulmonary embo lism,4 6 8 9 while "long-term" survival ranges from 61% to 75% for both deep vein thrombosis and pulmonary embolism."

See https://jamanetwork.com/journals/jamainternalmedicine/fullarticle/484966 medical research paper journal of doctors John A. Heit, MD and Marc D. Silverstein, MD and David N. Mohr, MD, et al Tanya M. Petterson, MS, W. Michael O'Fallon, PhD, and L. Joseph Melton III, MD. Affiliations info: "From the Departments of Medicine, Divisions of Cardiovascular Diseases, Section of Vascular Medicine, and the Section of Hematology Research (Dr Heit) and Area General Internal Medicine (Drs Silverstein and Mohr), and Health Sciences Research, Sections of Clinical Epidemiology (Drs Silverstein and Melton) and Biostatistics (Ms Petterson and Dr O'Fallon), Mayo Clinic and Mayo Foundation, Rochester, Minn."

Original Investigation, March 8, 1999, Predictors of Survival After Deep Vein Thrombosis and Pulmonary EmbolismA Population-Based, Cohort Study

.John A. Heit, MD; Marc D. Silverstein, MD; David N. Mohr, MD; et alTanya M. Petterson, MS; W. Michael O'Fallon, PhD; L. Joseph Melton III, MD

Arch Intern Med. 1999;159(5):445-453. doi:10.1001/archinte.159.5.445

## CAUSE OF ACTION 16

228. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.

229. On or about November 13, 2015 Alberto Betancourt also called the nurse (whose name plaintiffs do not know at the moment) assigned by Mount Sinai Hospital to treat the patient Ada Rodriguez at home post surgery; the nurse of Mount Sinai Hospital then appear at the patient's home and took the patient's blood pressure and checked her health and performed other tests, and thereafter the nurse advised that "she should stay in bed and that she drinks a glass of water before getting off the bed and that she should do so slowly so that her blood pressure is not affected any further."

230. The Mount Sinai Hospital nurse was called as an emergency matter because Mrs. Rodriguez had fainted or lost consciousness and was not responding for a few minutes.

231. The nurse was quickly informed of the patient's emergency health condition and the nurse advised that the patient stay at home in bed instead of calling an ambulance and sending her to the Mount Sinai Hospital Emergency Room for readmission.

232. Furthermore, that the nurse also stated that Ada's blood pressure was very low when she first examined her and that the blood pressure had somewhat become more stable when she reexamined the patient a few minutes afterward.

233. The nurse also informed plaintiffs that "Mount Sinai Hospital does not want to readmit Ada because if they do so Medicare will not pay the hospital expenses or bills related to the medical services rendered to the patient as per existing Medicare policy."

234. Furthermore, that the nurse honestly believed and was so convinced and she did seriously stated that the "Mount Sinai Hospital had ignored plaintiffs' prior calls for emergency help because the Mount Sinai Hospital did not wanted to readmit patient Ada in order to guarantee that Medicare paid expenses and bills related to the medical services that Hospital rendered to the patient and as per Medicare policy."

235. Upon information and belief, and at all times herein mentioned, plaintiffs state and restate that by reason of the foregoing defendants Mount Sinai Hospital and the defendant nurse failed to prevent said pulmonary embolism from developing in plaintiff Ada Rodriguez's body.

236. Upon information and belief, and at all times herein mentioned, plaintiffs state and restate that defendants Mount Sinai Hospital and the defendant nurse committed malpractice in that they purposefully intentionally and willfully or otherwise negligently failed to detect and to stop and to monitor and to treat and to cure the said pulmonary embolism that had developed in patient plaintiff Ada Rodriguez's body both prior to and after her surgery of the colon.

237. Therefore, plaintiffs state that it was wrong and negligent and unlawful and inhumane the actions of the defendant nurse and defendants Mount Sinai Hospital in refusing and failing to readmit the patient plaintiff Ada Rodriguez based upon the said information and ill advise provided by the defendant nurse that the defendants Mount Sinai Hospital was specifically acting under policy existing and enforced between Hospital and Medicare regarding the economic penalties or consequences of patients being readmitted post surgery at Hospital.

238. Therefore, that the medical services rendered by the defendants Mount Sinai Hospital and defendant nurse post surgery was incompetent and negligent; that those medical services and treatments rendered by the defendant nurse post surgery were in fact medical services and treatment assigned and furnished and provided and authorized and managed by the defendants Mount Sinai Hospital; and or that those medical services and treatments given to patient at home constitutes a continuation of the post surgery medical services and treatments that defendants Mount Sinai Hospital gave its patient therefore.

239. Upon information and belief, and at all times herein mentioned, plaintiffs state and restate all statements and allegations made in the previous paragraphs, that in so doing defendants Mount Sinai Hospital and the defendant nurse intentionally neglected and failed to prevent plaintiff Ada Rodriguez's dying from said pulmonary embolism post surgery, thereby committing malpractice against and causing the plaintiff Ada Rodriguez to suffer serious and permanent injuries and her death on November 16, 2015, and for which reason the defendants are liable to the plaintiffs for unspecified damages and that are to be recovered in this court.

## CAUSE OF ACTION 17

240. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
241. Plaintiffs state that Mount Sinai Hospital failed to monitor plaintiff Rodriguez's health and to provide her proper and complete medical care post surgery, inter alia including but not limited to failure to provide her professional and competently home care medical services, doctor and nurse care, and medical treatment post surgery.
242. That in so doing the corporation defendant Mount Sinai Hospital failed to prevent the said pulmonary embolism from developing in plaintiff Ada Rodriguez's lungs and body and that its negligent actions did in fact caused serious injuries to plaintiff Ada Rodriguez and consequently her death.
243. That defendants Mount Sinai Hospital ignored and failed to monitor and to cure the pulmonary embolism that they caused onto plaintiff Ada Rodriguez, and consequently the defendants ultimately causing her death, as is supported by the autopsy report of Saint Luke' s Hospital at Mount Sinai.
244. As the court can observe of the autopsy report, plaintiff Ada Rodriguez died from the pulmonary embolism and complications of colon cancer, the two medical conditions that plaintiffs allege were caused and made worse by defendant Mount Sinai Hospital as a direct result of their negligence and failure to provide plaintiff Ada Rodriguez the proper complete and competent medical services.

## CAUSE OF ACTION 18

245. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
246. That had defendants Mount Sinai Hospital performed its duty of care to patient Mrs. Rodriguez in a competent professional and humane manner as required by law and known medical standards, then she would not have suffered unnecessary pains and sufferings that she endured while under the care of Mount Sinai Hospital both before and after surgery, and, thus, that she would have been alive today.

247. Furthermore, that in neglecting patient plaintiff Ada Rodriguez's health both prior to and after surgery Mount Sinai Hospital did caused patient Mrs. Rodriguez tremendous unbearable severe pains and sufferings and ultimately caused her death.
248. Furthermore, that Mount Sinai Hospital committed gross negligence by failing to detect, to monitor, to treat and to cure patient Mrs. Rodriguez's cancer of the colon both prior to and after surgery and until the time of her death on November 16, 2015.
249. Furthermore, that for many years before the time that patient plaintiff Ada Rodriguez first visited the Mount Sinai Hospital Emergency Room on September 17, 2015 seeking emergency medical care defendants Mount Sinai Hospital acted negligently toward patient plaintiff Ada Rodriguez by intentionally,purposefully and willfully failing to detect, to monitor, to treat and to cure her cancer of the colon, resulting in the death of patient plaintiff Ada Rodriguez consequently.
250. That since 2002 to October 23, 2015 defendants Mount Sinai Hospital committed malpractice against plaintiff Ada Rodriguez by neglecting her health and failing to detect and to discover and to treat and to cure competently her cancer of the colon.
251. That for many years prior to her first ER visit on September 17, 2015 Mrs. Rodriguez complained to defendants Mount Sinai Hospital, its doctors, employees, officers, administrator and/or agents, about her abdominal pains and discomfort.
252. That plaintiff Ada Rodriguez's health concerns and complaints relating to her abdominal discomforts and pains were made personally to doctors of the Mount Sinai 911 World Trade Center Health Monitoring and Treatment Program for many years since 2002 to the time of her first visit at the ER on September 17, 2015.
253. That defendants Mount Sinai Hospital disregarded plaintiff Ada Rodriguez' s health concerns and complaints relating to her abdominal pains and discomforts and never cared to provide her adequate and needed and competent medical care to detect and to treat and to cure her cancer health condition.
254. That as a direct result of the said malpractice that Mount Sinai Hospital committed against Mrs. Rodriguez beginning since about early 2002 and continuing all through to the time of her death on November 16, 2015, she suffered serious and permanent injuries and died, for which reason defendants are liable to plaintiffs.

255. That as a result of the said malpractice committed by defendants Mount Sinai Hospital against Mrs. Rodriguez beginning since about early 2002 to the time of her death on November 16, 2015, Mrs. Rodriguez had to undergo surgery on October 2015 under general anesthesia in order to treat her cancer of the colon that defendants Mount Sinai Hospital had caused by reason of the foregoing continuous negligence since on or about early 2002, thereby further injuring the plaintiff Ada Rodriguez.
256. That the treatment of the plaintiff Ada Rodriguez provided by the defendants Mount Sinai Hospital was negligent and constituted malpractice in that the defendants care fell below the standards required both by law and medicine. The treatment of the plaintiff Ada provided by the defendants Mount Sinai Hospital was so negligently and carelessly provided as to cause the plaintiff Ada Rodriguez severe and serious injury; and the negligence of the defendants Mount Sinai Hospital consisted of negligently and carelessly failing to detect to treat and care for plaintiff Ada Rodriguez in accordance with standards of care and treatment generally accepted in the community; and the defendants Mount Sinai Hospital negligently and carelessly failed to use approved methods in general use in the community in their care and treatment of the plaintiff Ada Rodriguez; and the defendants Mount Sinai Hospital negligently and carelessly failed to use reasonable care and skill in their care and treatment of the plaintiff Ada Rodriguez; and the defendants Mount Sinai Hospital negligently and carelessly failed to utilize their best judgment in the care and treatment of the plaintiff Ada Rodriguez and were otherwise negligent and careless in the premises.

## CAUSE OF ACTION 19

257. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
258. The government defendants and defendants Mount Sinai Hospital is/are responsible for the damages caused by its officials, administrators, managers, employees and/or agents under the theory of *respondeat superior*.

259. That the actions of the government defendants and defendants Mount Sinai Hospital' s employees, doctors, nurses, medical staff, administrator, managers, officers, and/or agents were performed under the supervision and authorization of the government defendants and defendant Mount Sinai Hospital and for which defendant corporation hospital is vicariously liable to the plaintiffs by law.

260. That government defendants and defendants Mount Sinai Hospital is responsible for all negligent actions and or omissions of its agencies, officials, administrators, employees, doctors, nurses, medical staff, managers, officers, and/or agents committed within the scope and duties of their employment.

261. The government defendants and Mount Sinai Hospital was/were conscious of and authorized and allowed the said negligent actions and or omissions of its agencies, officials, administrators, employees, doctors, nurses, medical staff, managers, officers, and/or agents performed within the scope and official duties of their employment.

262. Furthermore, that the government defendants and defendants Mount Sinai Hospital did in fact consciously authorized, permitted and committed the said negligent acts and omissions by its its agencies, officials, administrators, employees, doctors, nurses, medical staff, managers, officers, and/or agents, for which defendant Hospital is liable to the plaintiffs.

## CAUSE OF ACTION 20

263. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.

264. That plaintiff Ada Rodriguez's cancer of the colon was medically certified as a 911 cancer by The Mount Sinai Hospital 911 World Trade Center Health Monitoring and Health Program and pursuant to 911 WTC Health Program regulations and laws.

265. Although Mount Sinai Hospital 911 World Trade Center Monitoring and Health Program certified plaintiff Ada Rodriguez's cancer of the colon as a 911 disease, notwithstanding Mount Sinai Hospital did committed negligence in treating (or failing to properly and competently treat and to cure) her cancer and other health conditions.

266. Mrs. Rodriguez could have lived and would have lived had Mount Sinai Hospital treated her medical condition properly, expeditiously professionally and competently.
267. That during her second visit to the ER on October 23, 2015 and about 3 days thereafter and prior to surgery various Mount Sinai Hospital doctors personally told plaintiffs that "Ada's cancer was insignificant, that it was a small mass, that it had not any roots, that it was not advanced and had not metastasized, that it had not spread to any other areas of her body, and, it can be removed easily."
268. Upon information and belief, and at all times herein mentioned, doctors made statements, advises, assurances, opinions and guarantees after performing pathology tests of plaintiff Ada Rodriguez during and after her second visit to the ER on October 23, 2017 and immediately after performing the surgery on or about October 27, 2015.
269. That the senior surgeon named Silverstein informed plaintiffs that "the operation was a complete success! Your mother is cancer free! I removed her cancer successfully. It had not metastasized, had not any roots and did not spread to other areas of her body. She will live a very long time!"
270. The operating surgeons are a father and son team by the name of Silverstein, and also included other doctors, nurses and employees whose names plaintiffs do not know or remember at the moment.
271. Furthermore, that doctors who performed the colonoscopy also stated and assured plaintiffs that Ada would live a very long time, decades in fact. But in the end she died a few days after surgery, which result contradicts all the statements, assurances and promises of the defendants Mount Sinai Hospital doctors.

## CAUSE OF ACTION 21

272. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.

273. The defendants Mount Sinai Hospital conspired to harm and did injured the plaintiff Ada Rodriguez in that doctors, nurses, medical staff, administrators, managers, agents, employees, officers and officials lied and fabricated or distorted facts and information and or they misrepresented medical reports or test results respecting the health condition of plaintiff Ada Rodriguez.

274. That defendants Mount Sinai Hospital conspired to harm and did caused serious injuries to Mrs. Rodriguez by reason of doctors, administrators, managers, agents, employees, officers and officials acting in consort and conspiracy thereof in lying and fabricating or distorting facts and information and or in their misrepresenting and concealing medical reports or test results respecting the health condition of Mrs. Rodriguez, and for which reason defendant hospital is liable to the plaintiffs.

275. That in so doing the defendants Mount Sinai Hospital lied and deceived the plaintiff Ada Rodriguez respecting her health condition and that such actions were performed against her while under their care, and for which reason the defendants Mount Sinai Hospital are vicariously liable to the plaintiffs.

276. Furthermore, upon information and belief, and reasonable suspicion and inquiry made thereof plaintiffs allege that doctors at Mount Sinai Hospital (and other unknown administration employees, administrators and/or agents) allegedly knew that plaintiff Ada Rodriguez would die because of her cancer of the colon which they had grossly neglected for years beginning on 2002 and also during plaintiff Ada Rodriguez's first visit to the ER on September 17, 2015 and then improperly treated and quickly operated against in the effort to fix their wrongdoings.

277. Plaintiffs sincerely believe and are of strong conviction, and do hereby allege, that doctors of Mount Sinai Hospital purposefully, willfully and intentionally concealed information and misinformed plaintiffs about Mrs. Rodriguez's medical condition both prior to and after surgery on or about October 27, 2015, and doctors lied and deceived plaintiffs respecting the outcome and alleged success of the surgery and the chances that they stated Mrs. Rodriguez could have survived her cancer.

278. That as a direct result of the malpractice of Mount Sinai Hospital, Ada Rodriguez suffered and did permanently suffered serious severe injuries and wrongful death, for which reason Mount Sinai Hospital is liable to the plaintiffs for damages in this court.

# CAUSE OF ACTION 22

279. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.

280. Upon information and belief, that Saint Luke's Hospital is the medical institution that performed ambulatory medical services and or cardiac arrest emergency care to plaintiff Ada Rodriguez on the day of her death November 16, 2015.

281. That Saint Luke's Hospital of Mount Sinai is owned, operated, managed and controlled by the parent corporation defendants Mount Sinai Hospital.

282. Upon information and belief, and at all times herein mentioned, plaintiff Ada Rodriguez was a patient of defendants Saint Luke's Hospital on November 16, 2015.

283. On that same day defendants Saint Luke's Hospital provided emergency ambulatory services and or cardiac arrest care to plaintiff Ada Rodriguez at her home thereat where numerous medical personnel of defendant Saint Luke' s Hospital attempted to resuscitate her by performing continuous CPR and other medical exams.

284. That defendants Mount Sinai Saint Luke's Hospital then proceeded to transport via ambulance the plaintiff Ada Rodriguez to their Emergency Room facility located at 1111 Amsterdam Avenue, New York, New York 10025.

285. That the said ER facility is within close proximity or just two (2) blocks away from the plaintiffs' home.

286. That once the patient plaintiff Ada Rodriguez was transported to the said ER facility of defendant Mount Sinai Saint Luke's Hospital, the doctors, medical residents, paramedics, nurses and other medical staff continued performing CPR cardiac arrest medical and other emergency treatments.

287. That defendants Mount Sinai Saint Luke's Hospital provided emergency ambulatory services and/or cardiac arrest care to plaintiff Ada Rodriguez both at her home and during transport of the patient to the ER facility of defendant Mount Sinai Saint Luke's Hospital in a negligent forceful excessive and incompetent manner.

288. That Saint Luke's Hospital breach its duty of care to Mrs. Rodriguez and is liable to plaintiffs for wrongful negligible medical actions it performed (or failed to perform properly and competently) on Mrs. Rodriguez.

289. That defendants Saint Luke Hospital and doctor Michael Aaron Redlener, MD performed questionable improper and incompetent ambulatory medical treatment of plaintiff Ada Rodriguez on the day of her death November 16, 2015.

290. That about 4 days later on November 20, 2015 defendants Mount Sinai Saint Luke's Hospital, Department of Diagnostic Pathology and Laboratory Medicine also performed plaintiff Ada Rodriguez's autopsy.

291. That defendants Mount Sinai Saint Luke's Hospital therefore committed malpractice against plaintiff Ada Rodriguez in providing negligent forceful excessive and incompetent emergency ambulatory medical services and/or cardiac arrest care to plaintiff Ada Rodriguez at her home and during transport of the patient to the ER facility of defendant Mount Sinai Saint Luke's Hospital, causing Mrs. Rodriguez to suffer serious and permanent injuries and her death on November 16, 2015.

292. That in consequence of the said excessive forceful incompetent and negligent medical conduct by defendants Mount Sinai Saint Luke's Hospital and the defendant doctor Michael Aaron Redlener, MD the defendants caused the plaintiff Ada Rodriguez to suffer serious and permanent and lethal injuries consisting inter alia of internal hemorrhaging of her lungs and internal excessive pressure and blockage of her lungs and other internal injuries of the patient's body and pulmonary arteries and branches and functions severely affected by reason of the foregoing malpractice and that ultimately caused her death on November 16, 2015.

293. That in consequence of the said excessive forceful incompetent and negligent medical treatments doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital caused Mrs. Rodriguez to suffer serious, permanent and lethal injuries consisting inter alia of internal hemorrhaging of her lungs and internal excessive pressure and blockage of her lungs and other internal injuries of patient's pulmonary arteries and branches and functions that were severely affected by reason of the foregoing malpractice and that ultimately caused her death on November 16, 2015.

294. That Mount Sinai Saint Luke' s Hospital and doctor Michael Aaron Redlener, MD caused the patient Mrs. Rodriguez to suffer such serious and permanent and lethal injuries, as aforementioned herein above, and/or othe1wise that the defendants improperly performed CPR in an excessive forceful negligent and incompetent manner and consequently failed to resuscitate the patient Ada and or failed to stop and to cure and to save her from the said pulmonary embolism, and which malpractice of the defendants Mount Sinai Hospital and Saint Luke's Hospital and doctor Michael Aaron Redlener, MD renders them liable to plaintiffs for damages in this court.

295. That the defendants doctor Michael Aaron Redlener, MD and Mount Sinai Hospital and Mount Sinai Saint Luke's Hospital committed negligence in the performance and supervision of the said CPR emergency medical treatments and or emergency cardiac arrest care; or otherwise that those emergency medical services and treatments were negligently performed and supervised by the treating physician defendant doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital, and for which reason defendants are liable to plaintiffs for damages in this court.

296. That the said CPR cardiac arrest medical and other emergency treatments were provided by and under the care and supervision of the leading emergency physician doctor Michael Aaron Redlener, MD.

297. That the defendants doctor Michael Aaron Redlencr, MD of Mount Sinai Saint Luke's Hospital provided emergency ambulatory services and or cardiac arrest care to plaintiff Ada Rodriguez at the ER facility of defendant Mount Sinai Saint Luke's Hospital in a negligent forceful excessive and incompetent manner; or otherwise that said emergency ambulatory services and or cardiac arrest care were provided under the supervision of defendant doctor Michael Aaron Redlener, MD in a negligent forceful excessive and incompetent manner; and therefore that the defendant doctor Michael Aaron Redlener, MD acting for and together with the defendants corporations Motmt Sinai Hospital and Mount Sinai Saint Luke's Hospital committed malpractice against patient plaintiff Ada Rodriguez; and/or otherwise that the defendants Hospital and doctor's medical practices deviated from medical standards of care and treatment generally accepted in the medicine community.

298. That plaintiff Alberto Betancourt then ran to the nearby Saint John's Cathedral crying and desperately trying to comprehend the foregoing matters concerning his mother's health and life and once at the steps thereat a paramedic of defendant Saint Luke's Hospital came to accompany him back to the Saint Luke's Hospital ER where doctor Michael Aaron Redlener, MD informed him that Ada had died.
299. That at the time plaintiff Alberto Betancourt did observed that Ada' s chest and mouth was covered in lots of blood and her lifeless body was left naked resting atop a cold metal stretcher inside an empty room and that Ada's body was left unattended and visible to everyone present at the Mount Sinai Saint Luke' s Hospital ER.
300. Plaintiffs allege that when Mr. Betancourt left Saint Luke's Hospital briefly he remembers seeing numerous medical personnel including doctors, paramedics, and nurses surrounding the stretcher where Ada was and that upon returning to the same ER he then saw his mother full of blood and showing no signs of life.
301. That on November 16, 2015 Mr. Betancourt personally called the New York City 911 emergency telephone line requesting immediate emergency help and the operator directed him to perform CPR of his mother Ada while waiting for the ambulance to arrive, and it being the case that the ambulance was delayed, he then and there performed CPR of his mother Ada under the direction of the 911 operator.
302. Sometime thereafter, and in a delayed manner, emergency ambulance team of Saint Luke's Hospital and New York City Fire Department personnel arrived at the scene and once inside Ada's room thereat they then performed CPR and cardiac arrest treatment and other emergency medical care and drugs intended to resuscitate her.
303. Upon information and belief, and at all times herein mentioned, plaintiffs hereby allege that Ada was still alive when medical employees and/or agents of Saint Luke's Hospital visited plaintiffs' home and was then taken to the Saint Luke's Hospital ER.
304. Upon information and belief, and at all times herein mentioned, plaintiff Alberto Betancourt honestly believes, and hereby states and affirms, that when the Saint Luke's Hospital ambulance team and Fire Department personnel arrived at plaintiffs' home to perform resuscitation medical treatment of Ada that she was allegedly still showing some signs of life or that she had a pulse, and for that reason, Ada was immediately brought to the Saint Luke's Hospital ER to attempt to save her life.

305. Therefore, that as a direct result of the malpractice of Saint Luke's Hospital, plaintiffs suffered serious and permanent and lethal injuries and caused the death of Mrs. Rodriguez, and for which reason Saint Luke's Hospital is liable to plaintiffs.
306. Therefore, that defendant Mount Sinai Hospital is liable to the plaintiff by reason of the malpractice that Mount Sinai Saint Luke's Hospital committed against plaintiff Ada Rodriguez on November 16, 2015 and for which reason the defendants Mount Sinai Hospital and Saint Luke's Hospital are liable to the plaintiffs.
307. That the treatment of the plaintiff Ada Rodriguez provided by the defendants Saint Luke's Hospital was negligent and constituted malpractice in that the defendants care fell below the standards required both by law and medicine. The treatment of the plaintiff Ada provided by the defendants Saint Luke's Hospital was so negligently and carelessly provided as to cause the plaintiff Ada Rodriguez severe and serious injury; and the negligence of the defendants Saint Luke' s Hospital consisted of negligently and carelessly failing to treat and care for plaintiff Ada Rodriguez in accordance with standards of care and treatment generally accepted in the community; and the defendants Saint Luke's Hospital negligently and carelessly failed to use approved methods in general use in the community in their care and treatment of the plaintiff Ada Rodriguez; and the defendants Saint Luke's Hospital negligently and carelessly failed to use reasonable care and skill in their care and treatment of the plaintiff Ada Rodriguez; and the defendants Saint Luke's Hospital negligently and carelessly failed to utilize their best judgment in the care and treatment of the plaintiff Ada Rodriguez and were otherwise negligent and careless in the premises.
308. Therefore, the plaintiffs demand relief granting leave by notice of motion to amend the caption to add Saint Luke' s Hospital as a defendant to the action, unless the court decides by its own order sua sponte that defendants Saint Luke' s Hospital at Mount Sinai Hospital, its doctors, nurses, medical staff, officers, and agents, et al., is an indispensable interested and necessary party that is to be added as defendant to this matter and directs the Office of the Clerk to make such changes accordingly.

## CAUSE OF ACTION 23

309. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
310. That the CPR cardiac arrest and other medical emergency treatments were provided by and under the care and supervision of the leading emergency physician doctor Michael Aaron Redlener, MD.
311. That defendants doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital provided emergency ambulatory services and or cardiac arrest care to Mrs. Rodriguez at the ER facility of Mount Sinai Saint Luke' s Hospital in a negligent forceful excessive and incompetent manner, and that the doctor's practice deviated from medical standards of care and treatment generally accepted in the community.
312. That in consequence of the said excessive forceful incompetent and negligent medical treatments the defendants doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital caused the plaintiff Ada Rodriguez to suffer serious and pe1manent and lethal injuries consisting inter alia of internal hemorrhaging of her lungs and internal excessive pressure and blockage of her lungs and other internal injuries of the patient's pulmonary arteries and branches and functions that were severely affected by reason of the foregoing malpractice and that ultimately caused her death on November 16, 2015.
313. Plaintiffs state that defendants Mount Sinai Saint Luke's Hospital and doctor Michael Aaron Redlener, MD caused the patient Mrs. Rodriguez to suffer such serious, permanent and lethal injuries, as aforementioned herein above, and/or otherwise that defendants improperly performed CPR in an excessive forceful negligent and incompetent manner and consequently failed to resuscitate the patient Ada and or failed to stop and to cure and to save her from the said pulmonary embolism, and which malpractice of defendants Mount Sinai Hospital, Saint Luke' s Hospital and doctor Michael Aaron Redlener, MD renders them liable to the plaintiffs.

314. That the defendants doctor Michael Aaron Redlener, MD and Mount Sinai Hospital and Mount Sinai Saint Luke's Hospital committed negligence in the performance and supervision of the said CPR emergency medical treatments and or emergency cardiac arrest care; or otherwisethat those emergency medical services and treatments were negligently performed and supervised by the treating physician defendant doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke' s Hospital, and for which reason the defendants are liable to plaintiffs for damages in this court.
315. That the defendants doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital provided emergency ambulatory services and or cardiac arrest care to plaintiff Ada Rodriguez at the ER facility of defendant Mount Sinai Saint Luke's Hospital in a negligent forceful excessive and incompetent manner; or otherwise that said emergency ambulatory services and or cardiac arrest care were provided under the supervision of defendant doctor Michael Aaron Redlener, MD in a negligent forceful excessive and incompetent manner; and therefore that the defendant doctor Michael Aaron Redlener, MD acting for and together with the defendants corporations Mount Sinai Hospital and Mount Sinai Saint Luke's Hospital committed malpractice against patient plaintiff Ada Rodriguez; and/or otherwise that the defendants Hospital and doctor's medical practices deviated from medical standards of care and treatment generally accepted in the medicine community.
316. Therefore, that as a direct result of the malpractice of the defendant doctor Michael Aaron Redlener, MD ofMom1t Sinai Saint Luke's Hospital, the plaintiff Ada Rodriguez suffered serious and permanent injuries and caused the death of plaintiff Ada Rodriguez, and for which reason the defendants Mount Sinai Saint Luke' s Hospital and defendant doctor Michael Aaron Redlener, MD are liable to plaintiffs.
317. That the treatment of the plaintiff Ada Rodriguez provided by the defendant doctor Michael Aaron Redlener, MD of Mom1t Sinai Saint Luke's Hospital was negligent and constituted malpractice in that the defendants care fell below the standards required both by law and medicine.

318. The treatment of the plaintiff Ada provided by the defendant doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital was so negligently and carelessly provided as to cause the plaintiff Ada Rodriguez severe and serious and permanent injury; and the negligence of the defendant doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital consisted of negligently and carelessly failing to treat and care for plaintiff Ada Rodriguez in accordance with standards of care and treatment generally accepted in the community.

319. Furtheremore, that the defendant doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital negligently and carelessly failed to use approved methods in general use in the community in their care and treatment of the plaintiff Ada Rodriguez; and the defendant doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital negligently and carelessly failed to use reasonable care and skill in their care and treatment of the plaintiff Ada Rodriguez; and the defendant doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital negligently and carelessly failed to utilize their best judgment in the care and treatment of the plaintiff Ada Rodriguez and were otherwise negligent and careless in the premises.

320. That the defendant doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital therefore committed malpractice against plaintiff Ada Rodriguez in providing negligent forceful excessive and incompetent emergency ambulatory medical services and or cardiac arrest care to plaintiff Ada Rodriguez at the ER facility of defendant Mount Sinai Saint Luke's Hospital, causing plaintiff Ada Rodriguez to suffer serious and permanent injuries and her death on November 16, 2015, and for which reason the defendants doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital and employer companies Mount Sinai Saint Luke's Hospital and Mount Sinai Hospital are liable to the plaintiffs for damages and that are to be awarded in this court.

## CAUSE OF ACTION 24

321. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
322. Plaintiffs do not fully know or they do not possess all of the relevant knowledge and material information and or admissible evidence pertinent to the medical treatments and services that the defendants Mount Sinai Hospital and Mount Sinai Saint Luke's Hospital performed onto and provided Ada Rodriguez on the dates of from early 2002 to September 17, 2015 and continuing to the time of the patient's death on November 16, 2015 and thereafter during the autopsy on November 20, 2015.
323. It is submitted, and plaintiffs hereby allege and request, that to the extent that plaintiffs are to rely on discovery proceedings for the purpose of obtaining the said relevant information, records, and admissible evidence thereof, the court should issue an order granting leave to conduct discovery thereof and directing that the said information, records and material evidence is preserved, together with an order directing that the corporate defendants Mount Sinai Hospital and Saint Luke's Hospital are prohibited against tampering with and destroying any such relevant material information, records, and admissible evidence.
324. That said order is warranted and necessary in order to protect the evidence and to discover the names and actions of all persons involved in the malpractice that the defendants committed against plaintiffs and as stated in this Verified Complaint.
325. Furthermore, that the said order is warranted and necessary by law since there are allegations and facts stated in plaintiffs' Verified Complaint that defendants have engaged in the dishonest unprofessional fraudulent conduct and conspiracy thereof intended to cover up their malpractice and wrongdoings against the plaintiffs, and or that the defendants have fabricated or distorted information and lied and deceived the plaintiffs with respect to the health condition of Ada Rodriguez and the medical services and treatment that the defendants provided to her, and based on the foregoing.

## CAUSE OF ACTION 25

326. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
327. Approximately tens of thousands of 911 first responders have died and become ill due to 911 related illnesses such as plaintiff Ada Rodriguez's cancer.
328. That defendants Mount Sinai Hospital knew or should have known that plaintiff Ada Rodriguez was a member patient of its Mount Sinai Hospital 911 World Trade Center Health Monitoring and Screening Program, and, therefore, it should have provided patient plaintiff Ada Rodriguez complete, adequate, professional, immediate proper and competent quality medical care and other related and needed medical services when she first visited the Mount Sinai Hospital Emergency Room on September 17, 2015 and all through her post-surgery in order to recover and live.
329. That plaintiff Alberto Betancourt worked as volunteer first responder at Ground Zero for over a month from September 2001 till October 2001, and plaintiff Ada Rodriguez continued providing volunteer work for over three (3) months since September 2001 to December 2001.
330. That Ada Rodriguez was a patient of the Mount Sinai Hospital World Trade Center Monitoring and Screening Program at the Mount Sinai Hospital Annenberg Building since early 2002. Hospital staff, doctors, employees, nurses, medical professionals or agents of the 911 WTC Health Program treated Ada Rodriguez's medical conditions since on or about 2002 up till the time that she became ill and visited the Mount Sinai Hospital Emergency Room on September 17, 2015.
331. That defendants Mount Sinai Hospital's treatment of Ada Rodriguez under the said 911 Program extends and continues all through the phase of Ada Rodriguez's visit to the Mount Sinai Hospital Emergency Room on September 17, 2015 and later during her second visit to the ER on October 23, 2015 till the time of her death on November 16, 2015, and since it was defendants Mount Sinai Hospital' s binding responsibility to provide medical treatment to its 911 WTC Health Program patients.

332. That Mount Sinai Hospital's duty of care to Mrs. Rodriguez under its 911 WTC Health Program is further established by the fact that the administration of the Mount Sinai Hospital 911 World Trade Center Health Monitoring and Screening Program ultimately covered the medical costs or bills related to the medical care that Ada Rodriguez received at Mount Sinai Hospital during her visit to the Emergency Room on September 17, 2015, her second visit to the ER on October 23, 2015, the surgery that she underwent on or about October 27, 2019, and thereafter the medical services and treatment rendered post surgery till the time of her death on November 16, 2015.

333. That on September 17, 2015 plaintiff Ada Rodriguez personally informed the doctors at the Mount Sinai Hospital Emergency Room that she was a patient of their 911 program and she even provided them a "special id card that was issued to her by The Mount Sinai Hospital 911 World Trade Center Health Monitoring and Screening Program"; therefore that the defendants knew or should have known this important information and that they were fully aware of the foregoing hence.

334. That the Mount Sinai Hospital 911 World Trade Center Health Monitoring and Screening Program informed plaintiff Ada Rodriguez (and also plaintiff Alberto Betancourt) that she should present the id to the ER doctors at Mount Sinai Hospital and they would then have access to her record and all the treatment that she was receiving under the said 911 Program, and hence that she would receive proper and complete treatment as a known "Mount Sinai Hospital 911 Patient."

335. Furthermore plaintiff Ada Rodriguez was told that with her Mount Sinai 911 World Trade Center Monitoring and Screening Program id card the doctors at the Mount Sinai Hospital ER would know all about her health condition, including prior visits, any examinations, test, treatment, procedures, and practices performed on the patient, and medications prescribed to her, and the doctors, nurses and other health professionals who had treated and were treating her health condition, and, therefore, that she would receive expeditiously and proper treatment. None of which happened.

336. Instead the doctors at the Mount Sinai ER totally disregarded the fact that plaintiff Ada Rodriguez was a 911 First Responder Patient at Mount Sinai Hospital and not just another new patient who entered their ER facility complaining of severe abdominal pains on September 17, 2015.

337. That Mount Sinai Hospital mistreated and acted negligent toward Ada Rodriguez although it knew that many of its over 40,000s 911 first responders patients, tens of thousands in fact, had died of similar medical causes and conditions such as cancer.

338. Knowing that tens of thousands of its 911 first responders patients have become ill and died, and having thus developed a history of treating thousands of patients members of its Mount Sinai Hospital 911 World Trade Center Health Monitoring and Screening Program for various 911 related health conditions and illnesses, it was then the required obligation of Mount Sinai Hospital to provide immediate, proper and complete medical treatment to its 911 first responder patient Ada Rodriguez.

339. As it is established herein supra, defendants Mount Sinai Hospital owed a duty of care to Ada Rodriguez not only as a medical institution that treated the patient at the Mount Sinai Hospital Emergency Room medical facility but also as the hospital that treated her medical conditions as a 911 first responder patient under the said 911 program, and which duty of care the defendants Mount Sinai Hospital deliberately breached against her, rendering the defendant liable to the plaintiffs for damages.

340. Defendants Mount Sinai Hospital violated its duty of care toward patient Ada Rodriguez not just as the medical institution that treated (or failed to treat properly) the patient's emergency medical condition at the Mount Sinai Hospital Emergency Room on September 17, 2015 but also as the medical institution that provides medical treatment of 911 first responders like patient Ada Rodriguez at the Mount Sinai Hospital World Trade Center Health Monitoring and Screening Program. Both facilities at the Mount Sinai Hospital violated patient Ada Rodriguez's rights in failing to provide her adequate, humane, professional proper and competent medical services, and for which reasons Mount Sinai Hospital is liable to the plaintiffs for damages.

341. That defendants Mount Sinai Hospital violated its duty of care and failed plaintiff Ada Rodriguez not just as a patient who was attended by doctors and received medical treatment at the defendants Mount Sinai Hospital Emergency Room on September 17, 2015 and October 23, 2015 but also as a 911 First Responder Patient who was treated for about 14 years by the same Mount Sinai Hospital; Mount Sinai Hospital failed to detect early and to properly and competently treat and cure Ada's cancer since 2002 when the hospital-patient relationship was first established to the time of Ada' s death on November 16, 2015.

## CAUSE OF ACTION 26

342. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
343. That plaintiff Alberto Betancourt is a patient of defendants Mount Sinai Hospital since on or about 2002 to the present.
344. That defendants Mount Sinai Hospital owed a duty of care to plaintiff Alberto Betancourt by reason that he is a patient at the Mount Sinai Hospital 911 World Trade Center Health Monitoring and Treatment Program since 2002 to the present.
345. That the hospital-patient relationship was established since on or about early 2002 pursuant to the said Mount Sinai Hospital 911 World Trade Center Health Monitoring and Treatment Program.
346. Mount Sinai Hospital violated or breached its duty of care to Alberto Betancourt as a direct consequence of its malpractice performed against Ada Rodriguez.
347. Upon information and belief, and at all times herein mentioned, that Mount Sinai Hospital violated or breached its duty of care owed to Albert Betancourt by its failure to detect early and to properly and competently treat and to cure Ada Rodriguez's cancer of the colon since early 2002 when the hospital-patient relationship was first established to the time of Ada Rodriguez's death on November 16, 2015.

348. Otherwise that Mount Sinai Hospital violated and breached their duty of care owed to patient plaintiff Alberto Betancourt in committing medical malpractice against his mother patient plaintiff Ada Rodriguez under the said 911 WTC Program.
349. Furthermore, that the defendants Mount Sinai Hospital violated or breached its duty of care owed to plaintiff Albert Betancourt by its failure to detect early and to properly and competently treat and to cure plaintiff Ada Rodriguez's pulmonary embolism and furthermore its failure to properly and competently monitor and to treat and to cure his mother's health condition post surgery.
350. Furthermore, plaintiff Alberto Betancourt alleges, states and restates herein, and at all times herein mentioned, that he was seriously harmed physically, mentally and emotionally and did suffered severe and permanent injuries because of defendants Mount Sinai Hospital's wrongful neglected and ill-treatment of his dear mother plaintiff Ada Rodriguez and the gross negligence that they committed toward her health and life, mistreating her and endangering her life and ultimately ending her life consequently.
351. That plaintiff Alberto Betancourt suffered permanent injuries and severe pains and sufferings as a direct result of defendants Mount Sinai Hospital's gross and intentional malpractice of plaintiff Ada Rodriguez, and for which reason defendants Mount Sinai Hospital are liable to the plaintiff Alberto Betancourt for unspecified damages to be recovered in this court.
352. That plaintiff Alberto Betancourt suffered severe pains and injuries in consequence of the severe pain and suffering and the wrongful death that defendants Mount Sinai Hospital committed against his mother Ada Rodriguez, and for which reason defendants Mount Sinai Hospital are liable to the plaintiff Alberto Betancourt for unspecified damages to be recovered in this court.
353. That plaintiff Alberto Betancourt's injuries are permanent and require long-term psychological and physical medical treatment, and which renders the corporate defendants Mount Sinai Hospital liable to him personally.

354. Furthermore, the plaintiff Alberto Betancourt states and reaffirms that even while Ada was awake in this world and conscious of her rights as a person, she mentioned to him the fact that '"I want to bring Mount Sinai Hospital defendants to Justice," for she felt and understood that "they doctors at Mount Sinai Hospital had indeed acted inappropriately, mistreated her, and neglected her medical condition, that they put her life at risk of danger and dying, that they failed to attend her health and medical needs properly, fully and professionally when she first sought immediate emergency medical help at the Mount Sinai Hospital Emergency Room on September 17, 2015, and that they caused her cancer medical condition to become worse."

355. Furthermore, that plaintiff Alberto Betancourt still remembers his mother Ada Rodriguez's words on or about September 17, 2015, which he shall never forget: "Doctors at Mount Sinai Hospital did nothing for me, they quickly got rid ofme, they did not even cared to do a proper X-Ray ofmy body; they released me 5 minutes after the X- Ray and did not even looked at it; and I am still in the same terrible painful medical state, I am still suffering severe pains and unable to go to the toilet properly."

356. That plaintiff Alberto Betancourt was wrongfully denied the right to remain at the side of his mother plaintiff Ada Rodriguez on or about October 25, 2015 while she was waiting to undergo surgery.

357. That plaintiff Alberto Betancourt was removed from the hospital by security guards and nurses and staff, thereby denying patient plaintiff Ada Rodriguez the right to have a family member to be with her and to support her during her admission at the hospital.

358. Upon information and belief, that hospital security guards and nurses and other medical staff informed plaintiff Alberto Betancourt under the threat of removal and other forceful actions that "he cannot stay with his mother, and that he had to leave the hospital otherwise the security guards would forcibly escort and or remove him outside the hospital facility."

359. Therefore, that as a direct result of the malpractice of the defendants Saint Luke's Hospital against plaintiff Ada Rodriguez and also in consequence of the abuse and disrespect that defendants Mount Sinai Hospital committed against plaintiff Alberto Betancourt and his mother plaintiff Ada Rodriguez, the plaintiff Alberto Betancourt has suffered serious and permanent injuries and severe pains and sufferings as well as physical, mental and emotional distress, for which defendants Mount Sinai Hospital are liable to him for unspecified damages to be recovered in this court.

## GOVERNMENT DEFENDANTS NEGLIGENCE AND FAILURE TO PROPERLY AND COMPETENTLY REGULATE SUPERVISE MANAGE AND CONTROL MOUNT SINAI HOSPITAL AND THE GOVERNMENT OPERATIONS OF THE 911 WORLD TRADE CENTER HEALTH PROGRAM

## GOVERNMENT DEFENDANTS VIOLATION OF THE 911 WTC ZADROGA ACT OF CONGRESS RESPECTING THE HEALTH RIGHTS AND BENEFITS OF 911 PATIENTS RESPONDERS PLAINTIFFS ADA RODRIGUEZ AND ALBERTO BETANCOURT

## CAUSE OF ACTION 27

360. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
361. The federal government defendants negligently and intentionally have failed to properly and competently regulate, supervise and control the actions of the defendants Mount Sinai Hospital respecting the said 911 WTC Health Program.
362. Furthermore, that the said 911 WTC Health Program at Mount Sinai Hospital is a health, research and prevention government run program that is entirely funded, controlled, managed, supervised, operated and regulated by the United States, United States Congress, United States President, United States Department of Health and Human Services (DHHS), and the Centers for Disease Control and Prevention (CDC).

363. That the federal government defendants United States, United States Congress, United States Department of Health and Human Services (DHHS), Centers for Disease Control and Prevention (CDC), and their agencies, secretaries, directors, officials, together with the state government defendants New York State, New York State Department of Health and the New York State Congress failed to properly and competently regulate, supervise and control the administrative functions and medical actions and operations of the said 911 World Trade Center Monitoring and Health Program so as to ensure that 911 patients receive optimum and adequate medical services and treatment as is authorized by the United States Congress.

364. Furthermore, the federal government defendants failed to properly and competently regulate, supervise and control the administrative functions and medical actions and operations of the defendants Mount Sinai Hospital at the said 911 World Trade Center Monitoring and Health Program so as to ensure that 911 patients receive optimum and adequate medical services and treatment as is authorized by the United States Congress.

365. That by so injuring the plaintiffs, the government defendants have violated their official mission, duty and oath to care for the health of the American public who was affected by the acts of terror of September 11, 2001 and failed to perform their duties of managing and operating the said government run 911 World Trade Center Monitoring and Health Program in a manner that is consistent with their mission statement and in compliance with government regulations and the law.

366. Furthermore, that the government defendants have allowed defendants Mount Sinai Hospital to perform its duties of managing and running the said government run 911 World Trade Center Monitoring and Health Program in a negligent unprofessional inhumane and unlawful fashion, causing 911 patients like plaintiffs to suffer serious injuries, pains and sufferings, and the loss of life of Mrs. Rodriguez.

367. That the government defendants in so doing also acted negligently and participated in and tolerated and permitted the negligible wrongful actions of defendant Mount Sinai Hospital while supervising the operations of the said government run 911 World Trade Center Monitoring and Health Program.

368. That the government defendants United States and United States Congress should have but failed to properly and competently supervised the actions of their own agencies United States Department of Health and Human Services (DHHS) and Centers for Disease Control and Prevention (CDC), their secretaries, directors, officials, and administrators, in funding managing regulating operating and controlling the said government run 911 World Trade Center Monitoring and Health and Research Program at Mount Sinai Hospital.

369. That the government defendants hired, contracted and authorized defendant Mount Sinai Hospital to serve as the leading medical institution running the operations of the said government run 911 WTC Health and Research Program, thereby instituting and authorizing defendant Mount Sinai Hospital to act on their behalf and to perform government functions and to carry out government missions as the main provider of medical services rendered to 911 patients like plaintiffs herein.

370. That the federal and state government defendants through legislation and other executive orders have allocated hundreds of millions if not billions of dollars for the purposes of inter alia providing essential medical services and medical treatment and compensation to 911 patients first responders and survivors like the plaintiffs herein.

371. That those funds since 2002 and continuing to the present were annually allotted by the US Congress and the US President to the federal defendants agencies United States Department of Health and Human Services (DHHS) and Centers for Disease Control and Prevention (CDC) for the purpose of inter alia paying the budget and costs of running and maintaining the operations of the said government run 911 World Trade Center Monitoring and Health Program at Mount Sinai Hospital.

372. That in awarding and allocating those funds to Mount Sinai Hospital the government defendants acting with Mount Sinai Hospital were required by law and it was their duty also to properly regulate and supervise the actions of Mount Sinai Hospital and the operations of the said 911 WTC Monitoring and Health Program.

373. That plaintiffs Mrs. Rodriguez should not have died and could have lived had the government defendants named in this civil action exercised their duty of care to her or had the government defendants properly and competently regulated and supervised their own agency actions and the actions of the defendants Mount Sinai Hospital.

374. It is stated for the record that although the actions of the government defendants are closely intertwined and performed together with the actions of Mount Sinai Hospital in operating the said government run 911 World Trade Center Monitoring Health and Research Program, the government defendants are personally and officially liable to Mrs. Rodriguez and Mr. Betancourt inter alia in failing to properly supervise and regulate the actions of the government defendants, failing to properly supervise and regulate the actions of Mount Sinai Hospital and the operations at the said 911 World Trade Center Monitoring and Health Program, failing to provide plaintiffs adequate medical care or equal medical services and treatment, failing to ensure that 911 patients plaintiffs' health is cared for and that full and equal competent medical services and treatment is afforded them as authorized by acts of the U.S. Congress and New York State Congress and other federal and state law and executive orders and legislation, failing to detect early and to treat serious life threatening health conditions such as cancer that defendants knew or should have known could possibly affect and has developed in many of the 911 patients participating members of the said 911 WTC Monitoring and Health Program, many of whom tens of thousands have died to this day of cancers while under the care of the government defendants and Mount Sinai Hospital, and otherwise failing to comply with the act of U.S. Congress respecting the rights and medical services and treatment and prescribed drugs and other medical benefits that defendants refused to provide and or denied unlawfully to 911 patients like Mrs. Rodriguez and Mr. Betancourt.

375. That defendants United States, United States Congress and United States Department of Health by reason of their negligent unprofessional incompetent wrongful and inhumane and corrupt actions did caused plaintiffs Mrs. Rodriguez and Mr. Betancourt serious harm and pain and suffering, affecting their health and in the case of Mrs. Rodriguez causing her death wrongfully.

376. That the government defendants acting together with defendant Mount Sinai Hospital purposefully neglected and put in danger and did injured the lives of plaintiffs and affected their health in failing to comply with the acts of the state and federal congresses authorizing specifically the rendering of such medical services and treatment and prescription drugs for certain authorized illnesses.

377. Plaintiffs hereby state and restate the previous paragraphs with the same force and effect herein, and state that plaintiff Mr. Betancourt's rights are under imminent danger of injury in that he is still alive and a patient of the said government run 911 World Trade Center Health and Research Program at Mount Sinai Hospital.
378. That Mr. Betancourt's rights and benefits as secured him by federal and state law and acts of the United States Congress are being violated by defendants or otherwise that defendants' wrongful inhumane and unlawful actions against his mother Mrs. Rodriguez have prevented Mr. Betancourt's receiving medical treatment and services at the government run 911 Health and Research Program at Mount Sinai Hospital.
379. Upon information and belief, and with reasonable suspicion thereof, Mr. Betancourt worries and is afraid that, in view of what happened to his dear mother Mrs. Rodriguez and how defendants mistreated her and neglected her health and caused her death and then lied and covered up their wrongdoings, he too may suffer similar and further injuries and be victimized by defendants now and in the future.
380. The federal courts are informed that Mr. Betancourt is afraid to be medically mistreated and killed by the government defendants at the said 911 WTC Health and Research Program at Mount Sinai Hospital, and he is genuinely and seriously concerned that his health and life may be at risk and or he reasonably suspects and fears that defendants named in this federal civil rights action may kill him one day.
381. Moreover, there is the possibility that because of the delicate nature of this federal civil action that concerns not just medical wrongs the defendants performed against the plaintiffs but serious accusations of illegal and inhumane wrongdoings and criminal government activity being performed by the government defendants together with the defendant Mount Sinai Hospital and others entities involved, Mr. Betancourt's life may be at risk or defendants may cause him to suffer injury or even death in order to silence him or to end his legal cause.
382. This federal court is informed that at the state court the defendants are exercising much influence and corruption together with the very state courts, judges and others.
383. Hence it is vital that this court now issues appropriate non-monetary mandamus relief protecting the rights and lives of plaintiffs, including ordering protection of plaintiffs against any further unlawful actions or conspiracy to injure by defendants.

384. It is imperative that this federal court understands that for some time Mr. Betancourt has not been able to receive his medical treatment at the said government run 911 World Trade Center Health and Research Program at Mount Sinai Hospital due to his reasonable suspicion and fear that the very government defendants acting together and in conspiracy with Mount Sinai Hospital may cause him to suffer serious injury or even death.

385. Consequently, Mr. Betancourt does not trust and cannot trust in the medical services and treatment that the government defendants together with Mount Sinai Hospital provide him at the government operated 911 World Trade Center Health and Research Program at Mount Sinai Hospital.

386. Because of this reason, and the fact that his mother was wrongfully killed by the defendants, Mr. Betancourt's rights and benefits as provided him by the United States Congress and New York State Congress are being violated by the government defendants and defendant Mount Sinai Hospital. Mr. Betancourt seriously worries and fears that if he ever gets sick and needs medical treatment or surgery and is admitted to Mount Sinai Hospital that the defendants may intentionally and maliciously cause him to suffer injuries or even death.

387. Consequently, Mr. Betancourt is traumatized by the foregoing and the fact that Mount Sinai Hospital acting together with the government defendants did committed gross medical negligence against his dear mother Mrs. Rodriguez and then sought to cover up their negligent wrongdoings by lying and professing and assuring to the plaintiffs that Mrs. Rodriguez's health condition was fine, that her cancer of the colon was insignificant, had not metastasized nor spread in her body, that she would recover quickly and that she will live a very long time or decades henceforth.

388. Upon information and belief, Mr. Betancourt's worries, fears and suspicions that his life is in danger and that defendants may cause him to suffer serious injuries or even death, or that he may suffer intentional medical negligence by Mount Sinai Hospital and the government defendants are reasonable and valid.

389. Mr. Betancourt's worries, fears and suspicions of suffering serious injuries and even death at the hands of defendants are not just based on the foregoing facts stated in this verified complaint and what happened to his dear mother Mrs. Rodriguez while under the care of the government defendants and Mount Sinai Hospital at the said 911 World Trade Center Health and Research Program, but also due to the fact that at one point a medical employee of the government run 911 WTC Health and Research program informed his mother that "defendants had altered Mr. Betancourt's medical records and included serious false and wrong information about his mental health intended to deny him access to and equal medical services at the said government run 911 World Trade Center Health and Research Program at Mount Sinai Hospital."

390. At the time the medical employee (whose name is not being revealed in order to protect his/her identity, person, privacy and rights) did stated to Mrs. Rodriguez in or about September or October 2015 that he/she"was not permitted to tell that information to plaintiffs but he/she did so because he/she cared about plaintiffs and he/she felt it was wrong what they were doing to Mr. Betancourt."

391. Furthermore, the federal court is also informed that during her visit to the Mount Sinai Hospital oncology clinic a medical employee also hinted and informed plaintiffs that the Mount Sinai Hospital defendants, its doctors, administrators, managers and other employees, were lying and covering up their negligence and not telling the truth about Mrs. Rodriguez's health condition, advising them that Mrs. Rodriguez can be re-admitted if Mount Sinai Hospital refuses to do so post-surgery.

392. Accordingly, plaintiffs pray that the federal court issues non-monetary judicial relief, ordering an investigation of the unlawful inhumane corrupt activities of the government defendants and defendants Mount Sinai Hospital, reporting and referring the matter to the United States Congress for further and appropriate action, including requesting that the US Congress performs its own investigation of the matter and to protect and enforce the act of the Congress, ordering for the protection of the lives and rights of 911 patients like plaintiffs, warning and enjoining the government defendants and defendants Mount Sinai Hospital against committing any further wrongs or unlawful criminal actions against the plaintiffs pending this civil action.

393. Furthermore, the federal court it is requested issues order requiring defendants to comply with the federal law and the acts of the US Congress respecting the rights and lives of 911 patients, declaring and protecting the rights benefits and privileges of plaintiffs under federal law and act of the US Congress, finding and declaring unconstitutional the unlawful actions of defendants, and protecting and enforcing the demands of the United States Constitution, and further exercising such other judicial action that the federal judiciary may deem necessary and vital to the preservation of democracy and "in the interest of Justice."

## OTHER UNLAWFUL ACTIVITIES BY THE GOVERNMENT DEFENDANTS AND DEFENDANT MOUNT SINAI HOSPITAL

## MONETARY AND NON-MONETARY RELIEF AGAINST THE GOVERNMENT DEFENDANTS AND DEFENDANT MOUNT SINAI HOSPITAL IS DEMANDED IS ORDERED BY THE FEDERAL COURTS

## CAUSE OF ACTION 28

394. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
395. Upon information and belief, and with reasonable suspicion thereof, that the government defendants acting with Mount Sinai Hospital have misappropriated and taken or used or spent wrongfully the funds (exceeding millions of dollars) that the US Congress has set aside, awarded and appropriated pursuant to legislation for the purpose of affording essential quality medical services and treatment to persons affected by the 911 acts of terror and first responders survivors like plaintiffs under the said government run 911 WTC Health Program at Mount Sinai Hospital.
396. The government defendants acting together with Mount Sinai Hospital have engaged in an unlawful practice that plaintiffs reasonably suspect and know is being performed in the management and operations of the said 911 WTC Health Program.

397. That the US Congress and the United States need to be informed of the foregoing and an investigation is needed and required to be conducted of the unlawful inhumane activities of defendants and as stated in this federal verified complaint herein.
398. That government defendants named in this verified complaint together with Mount Sinai Hospital are still engaged in and practicing the said unlawful and inhumane activities and to this very day October 18, 2021 they have not stopped.
399. Accordingly, the federal courts are the only government institution that can now take judicial action to intervene, to investigate, and to end the ongoing unlawful inhumane actions of the government defendants and defendant Mount Sinai Hospital.
400. Plaintiffs as is revealed in this verified complaint herein respectfully demand that the federal courts issue immediate judicial action or expedited order mandating an investigation (either independently performed by an institution or a special commission assigned by the United States Congress) into the unlawful inhumane and possibly criminal actions of the government defendants and Mount Sinai Hospital.
401. Plaintiffs demand in this verified complaint and do so respectfully request that the federal courts issue judicial action or order compelling the government defendants and Mount Sinai Hospital defendant to stop their unlawful inhumane and criminal actions related to overspending or misusing government funds with respect to the operations of the said 911 World Trade Center Health and Research Program being run at Mount Sinai Hospital as is revealed in this verified complaint herein.
402. Plaintiffs request judicial mandamus and injunctive relief in order to stop the ongoing abuses and unlawful criminal activities of the government defendants and Mount Sinai Hospital and so that lives may be saved today and in the future.
403. That federal courts in this special case are seen as the sole trusted government institution that is charged with the duty of investigating, asserting and determining the facts of this case and the duty to end the ongoing abuses and unlawful actions of the very government defendants United States, US Congress, United States Department of Health, New York State, New York State Congress, New York State Department of Health, New York City Health Department, their agencies, politicians, officials, administrators, and employees, and Mount Sinai Hospital.

404. The federal courts in this special case has the duty to do the right thing under the law and in order to end the unlawful conduct of defendants named in this action since it is the very government defendants United States and New York State working together with defendant Mount Sinai Hospital who are "acting above the law."

405. The government defendants need to be held responsible for their wrongful unlawful and criminal actions. Plaintiffs do not have any other vehicle of recourse other than to come before the federal courts pleading their cause and asking the protection of the federal judiciary institution.

406. The federal courts should award non-monetary relief including judicial relief in the form of declaratory, injunctive and investigative judicial orders and judgment.

407. Federal courts can issue non-monetary judicial relief in this special 911 civil rights case in order to properly exercise federal jurisdiction and to comply with its fundamental duty and oath to protect citizens and enforce the U.S. Constitution.

## CAUSE OF ACTION 29

408. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.

409. Furthermore, that the defendants have discriminated against the plaintiffs who are Hispanic minorities in intelligently and deviously and in a sophisticated fashion denying plaintiffs equal treatment at the said 911 World Trade Center Monitoring and Health Program or otherwise that defendants mistreated the plaintiffs and disregarded their health in cutting down medical services and treatment and reducing or eliminating entirely certain medical services and treatments and prescription drugs, thereby affecting the lives of plaintiffs and violating the law, state and federal, and acts of the United States Congress and New York State Congress respecting the medical care that 911 patients are to be afforded under the said 911 World Trade Center Monitoring and Health Program.

410. That the defendants government and medical institution defendant Mount Sinai Hospital violated the equal rights of plaintiffs to life, liberty, and property under the Constitution, as guaranteed by the due process clause of fifth and fourteenth amendments and other protections found elsewhere in the Constitution.

411. That the defendants deprived plaintiffs of due process of the law, substantive and procedural, in denying them medical equal services and treatment as 911 patients of the 911 World Trade Center Monitoring and Health Program.

412. Plaintiffs were not allowed a fair opportunity to contest any arbitrary and capricious administrative decisions and or unjust actions by defendants federal and state governments and defendant Mount Sinai Hospital regarding the kinds of medical treatment and services and care that is provided to 911 patients of the said 911 World Trade Center Monitoring and Health Program.

413. Plaintiffs were not informed of and allowed to challenge or to object to any such arbitrary wrongful inhumane and illegal administrative policies regulations decisions or orders issued by defendants reducing and or terminating the quality and kind of medical services and treatment that is to be provided to 911 patients at the said 911 World Trade Center Monitoring and Health Program; that such actions and decisions by defendants were performed in violation of the plaintiffs equal rights under the Constitution and also in violation of the acts of the United States Congress and New York State Congress and other federal and state law.

## THIS FEDERAL 911 CIVIL RIGHTS CASE IS NOT BARRED BY DOCTRINE OF SOVEREIGN IMMUNITY

## SOVEREIGN IMMUNITY IS NOT AVAILABLE TO THE UNITED STATES DEFENDANT OR DEFENDANT UNITED STATES DOES NOT ENJOY SOVEREIGN IMMUNITY IN THIS FEDERAL 911 CIVIL RIGHTS ACTION SEEKING FEDERAL JUDICIAL MONETARY AND NON-MONETARY RELIEF

## CAUSE OF ACTION 30

414. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
415. Here the United States has injured plaintiffs and caused them serious pains and sufferings including the death of plaintiff Mrs. Rodriguez. Such wrongs by the sovereign nation are mandated to be rectified and remedies both monetary and non-monetary awarded and relevant laws enforced within the very federal judiciary.
416. As it concerns monetary award against the United States defendant, plaintiffs do not have other available legal or administrative means of being awarded monetary relief other than to file lawsuit in federal court and obtain such monetary award.
417. The United States often makes errors in its policy decisions, enforcement of laws and relevant actions, affecting its citizens in the process. However, in this case the wrongful actions of the United States are not to be considered just errors per se.
418. There is an intentional and malicious motivation behind the wrongful actions of the United States whose primary interests have been exercised over and against the interests, benefits and rights of plaintiffs, causing plaintiffs injury consequently.
419. The wrongful actions of the United States also involved violation of the will and act of the US Congress respecting the benefits and medical services and treatment that 911 patients or affected persons are to receive at the said 911 WTC Health Program.
420. It is submitted that the United States has intentionally failed to care for its citizens who were affected by the 911 Acts of Terror in 2001, by failing or refusing to provide full benefits and medical treatment to 911 patients, failing to comply fully with the will and act of the US Congress respecting the benefits and medical treatment and services that 911 patients are to receive at the said 911 Health program, and failing to properly and competently manage, regulate, supervise, and control the operations of the said 911 Health program at Mount Sinai Hospital.
421. The US Congress by legislation has appropriated billions of dollars exclusively for the purpose of funding 911 medical programs and affiliate medical institutions like Mount Sinai Hospital to facilitate and provide medical care to persons injured by the 911 acts of terror that affected the nation on September 11, 2001 and thereafter.

422. Hundreds of millions if not billions of dollars were provided by the US Congress together with the New York State Congress to cover the costs and expenses involved in carrying out that 911 medical and research mission. Mount Sinai Hospital is the main leading medical institution that has specially received hundreds of millions of dollars or over a billion dollars directly from the US Congress for the purpose of taking care medically of 911 patients first responders survivors like plaintiffs.

423. It was wrong and inhumane then that the United States and US Congress and Mount Sinai Hospital denied and failed to provide equal adequate medical care and relevant medical services to plaintiffs. Nor was their actions humane.

424. The United States and US Congress hired Mount Sinai Hospital to provide medical services to tens of thousands if not hundreds of thousands of 911 patients at its facilities and also to conduct medical research and experimentation relevant to 911.

425. So in effect the wrongful actions complained of against defendant Mount Sinai Hospital in this 911 civil rights complaint herein constitute and are one and the same as those of the government defendants who knew or should have known of Mount Sinai Hospital's failing record and negligence in the performance of its duty of care to the 911 patients being treated at its medical facilities.

426. It is submitted that the government defendants by reason of the foregoing also had a duty of care that they violated against the plaintiffs or otherwise that the medical negligence committed by Mount Sinai Hospital also constitutes medical negligence or malpractice committed by the government defendants United States and US Congress and US Department of Health and acting together with the New York State, NYS Congress and NYS Department of Health.

427. Furthermore, that the government defendants violated plaintiffs' rights and breached their duty of care to plaintiffs in denying them equal and adequate medical services and treatment at the 911 program, in intentionally and negligently refusing to treat certain health conditions that plaintiffs developed while at the said 911 program, in unfairly terminating and denying certain medical procedures, tests, sessions and prescriptions, in wrongfully reducing or terminating medical services that were formerly authorized and prescribed to plaintiffs or in denying plaintiffs equal medical services and treatment, in wrongfully managing operations of the said 911 program.

428. The federal defendants United States, US Congress, and US Department of Health, their officials, officers, administrators and employees, violated the law and the act of Congress and caused injury to plaintiffs in changing strictly the 911 program operations and limiting medical services that were provided at the said 911 program.
429. Furthermore, that the federal defendants United States, US Congress, and US Department of Health, their officials, officers, administrators and employees, violated the law and the will and act of Congress and caused injury to the plaintiffs in imposing new rules and regulations that were purposefully intended to circumvent the law, to override and defeat the will and act of Congress, and to violate the equal civil rights and benefits and privileges of plaintiffs under the said 911 program.

## CORRUPTION AND CONSPIRACY AT THE STATE COURTS

## PLAINTIFFS CANNOT ENFORCE ANY LAW AND EQUAL RIGHTS IN THE STATE FORUM BECAUSE DEFENDANTS NEW YORK STATE, THE NEW YORK STATE UNIFIED COURT SYSTEM, NAMED JUDGES MADDEN AND ROKOWER AND OTHERS UNKNOWN OFFICIALS, EMPLOYEES, INDIVIDUALS AND ENTITIES ARE ACTIVITLY MALICIOUSLY INTELLIGENTLY AND UNCONSTITUTIONALLY DEPRIVING PLAINTIFFS EQUAL CIVIL RIGHTS AND DENYING THEM EQUAL ACCESS TO THE COURT AND JUSTICE

## THE STATE COURT SYSTEM AND NAMED JUDGES DEFENDANTS AND OTHERS HEREIN ARE DEPRIVING OR CONSPIRING TO VIOLATE PLAINTIFFS EQUAL CIVIL RIGHTS UNDER THE UNITED STATES CONSTITUTION

## CAUSE OF ACTION 31

430. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
431. Plaintiffs state that they are being denied their equal civil rights by the courts of the State of New York and cannot enforce their rights under the U.S. Constitution and any law providing for the equal civil rights of citizens of the United States.

432. Plaintiffs state that state courts, named judges defendants and others unknown persons and entities involved in the same conspiracy therewith, including defendants Mount Sinai Hospital and the law firm Kauffman, Borgeest and Ryan, are denying plaintiffs' rights or conspiring to deprive them of equal civil rights and Justice.

433. The state courts are depriving plaintiffs of due process by refusing to grant relief of court assigned counsel and expert witness in a 911 medical malpractice wrongful death civil rights action, depriving plaintiffs further of access to the court and a fair and equal opportunity to represent themselves and to establish their meritorious claims in court, and further denying them access to the court and to justice.

434. In so doing defendants State of New York and New York State Unified Court System and New York State Supreme Court Judge Joan Madden and Judge Eileen A Rokower have violated and continue violating the constitutional rights of plaintiffs.

435. The defendants State of New York and New York State Unified Court System also have violated the rights of plaintiffs in allowing the corruption and or conspiring in the corruption that is being exercised against the plaintiffs at the state civil action.

436. The defendants have failed to reprimand the disqualified judge defendant Judge Madden for the misconduct and abuses and violation of the constitutional rights of plaintiffs that the judge committed while supervising the state case.

437. Defendants have failed to investigate the ongoing misconduct and corruption despite plaintiffs' complaints and efforts to have their rights protected and to end the said abuses and corruption at defendants NYS UNIFIED COURT SYSTEM.

438. That the state defendants assigned a new judge defendant Judge Eileen Rokower to the case without informing plaintiffs of the methods and procedures by which the new judge defendant Judge Rokower was put in their case.

439. Furthermore, Judge Rokower since being assigned mysteriously by defendants NEW YORK STATE UNIFIED COURT SYSTEM already has exercised much bias and prejudice and further abuses perpetrated against plaintiffs, including allegedly allowing ex parte communications with Mount Sinai Hospital's attorneys without the participation of plaintiffs, intentionally misconstruing the case's procedural history so as to plan to dismiss the case based on an alleged failure by plaintiffs to comply with Mount Sinai Hospital's discovery demands, wrongfully removing plaintiff

Mrs.Rodriguez from the caption of the case in issuing orders, unfairly denying plaintiff's first and only request for adjournment of online conference that the defendant Judge Rokower scheduled on short notice via email, denying or not properly responding to or ignoring plaintiffs' request that the prior disqualified and corrupt judge defendant Judge Madden's orders be set aside and reviewed and stricken as unconstitutional since Judge Madden was prohibited by law from presiding over the case and, hence, her orders were unconstitutional.

440. It is noted that defendant Judge Rokower never mailed plaintiffs any orders or communications informing them of any scheduled conferences in a case that is filed in state court as a paper case; only recently on the evening of August 26, 2021 plaintiffs received by mail Judge Rokower's first order signed by the judge on August 17, 2021 and mailed to plaintiff on August 23, 2021 informing plaintiffs of another court scheduled conference for August 30, 2021, merely less than 2 days notice.

441. When on August 27, 2021 plaintiffs called Judge Rokower's chamber in an attempt to obtain an adjournment, it was denied by the secretary or clerk who misinformed or misled plaintiffs to believe that denial was Judge Rokower's decision.

442. Additionally, Judge Rokower purposefully and intentionally misrepresented in her order that somehow allegedly "plaintiffs has not complied with discovery demands or provided a bill of particulars, there have been no depositions and the matter has not moved along in four years." Judge Rokower's improper fabricated statements are made after Mount Sinai Hospital's attorney Mayouhas and attorneys at the firm Kauffman, Borgeest & Ryan had contacted Judge Rokower to tell the judge lies and to distort the procedural history of the case, which communications Judge Rokower entertained ex parte and in the absence of plaintiffs.

443. Still Judge Rokower's statements are fabricated wrong and false as record shows.

444. The record at the state court action reveals that the parties had litigated for over a year a frivolous motion to dismiss that was brought by defendant Mount Sinai Hospital by its attorneys at Kauffman, Borgeest & Ryan.

445. The record also shows that plaintiffs were forced to file 2 motions as late as September 17, 2019 and September 18, 2019 seeking reargument of Judge Madden's denial of prior request of court assigned counsel and expert witness by plaintiffs, which motions Judge Madden then denied in late 2019 and issued an order of recusal.

446. The record also shows that plaintiffs then served their verified complaint on September 30, 2019 and that defendant Mount Sinai Hospital thereafter in late October 2019 filed its answer, containing voluminous discovery demands.

447. Thereafter the record at the state action shows that the case was delayed since Judge Madden had recused herself and a new judge needed to be assigned by the defendants NEW YORK STATE UNIFIED COURT SYSTEM.

448. The case was allegedly stayed by agreement between plaintiffs Mr. Betancourt and Mount Sinai Hospital's attorney Mayouhas due to Mr. Betancourt's ill health sometime in early 2020.

449. Thereafter all throughout 2020 plaintiffs never heard from the court regarding the process of assigning a new judge to the case.

450. Plaintiffs did not know of Judge Rokower's assignment until June 2021 when the judge by email suddenly notified Mr. Betancourt of the said conference scheduled on short notice after Mount Sinai Hospital's attorneys had contacted the court ex parte.

451. So clearly Judge Rokower's statements in her August 17, 2021 order are calculated and ill intended to justify an unlawful dismissal. Judge Rokower's statements that the case has not moved along in 4 years is totally false and not just mere error, and her threats so quickly to dismiss the case upon false allegations and misrepresentations of the record is further evidence of the continuous corruption that is happening in the state court against the plaintiffs.

452. Such are some of the misconduct and abuses and biases and prejudices that pro se plaintiffs are experiencing already from Judge Rokower's supervision of the case.

453. The Judge Rokower is named in the complaint also insofar as the acting judge's assignment is likely part of a continuous pattern of misconduct and corruption being performed by all or some of the defendants in this case.

454. That Judge Rokower's assignment to the case also was done intentional and motivated by influence, manipulation and affected by corruption and illegal activity taking place in the state filed action in the very NEW YORK STATE UNIFIED COURT SYSTEM and STATE OF NEW YORK.

455. Plaintiffs do not know the full knowledge about the said assignment of the new judge Judge Rokower and if it was performed entirely proper and ethical within the mandates of the law and rules of the defendants NYS Unified Court System.

456. However what is clear of the record in the state action is that by order Judge Madden disqualified herself citing conflict of interest and at the same time avoiding or ignoring the many violations of the equal civil rights of plaintiffs or violations of plaintiffs' constitutional rights that plaintiffs stated in their motion to recuse.

457. The misconduct corruption and violations of plaintiffs' equal civil rights the Judge Madden committed in conspiracy with her clerks and attorney Eldar Mayouhas and the firm Kauffman, Borgeest & Ryan LPP and their client Mount Sinai Hospital, all with the main intention and malice to have plaintiffs' case dismissed illegally.

458. In fact the disqualified judge defendant Madden even dare to make an unconstitutional order prohibiting plaintiffs from communicating with the court by way of filing motions on notice. Judge Madden's illegal order was made as a favor that the disqualified corrupt judge did to defendant Mount Sinai Hospital whose attorneys at Kauffman, Borgeest & Ryan LPP had asked that the judge practically silenced plaintiffs and that they be denied due process rights to file motions on notice.

459. Mount Sinai Hospital's attorney Mayouhas stated to Judge Madden at a conference held in the judge's chamber that "his firm was suffering financially and plaintiffs' motions was costing the firm much money," and solely based on that single statement Judge Madden then made the unconstitutional restriction at the end of her recusal order denying plaintiffs request for court assigned counsel and expert witness.

460. The federal court should know and it is noted for the record, that Judge Madden no only abused her discretion and power in attempting to silence plaintiffs and depriving them of due process rights but she also attempted to damage plaintiffs' case.

461. Defendant Judge Madden's order however was prohibited by clear case law decisions rendered by the New York State Appellate Division, 1st Judicial Department that forbids against the unlawful unconstitutional practice of state court judges issuing orders prohibiting litigants from filing motions on notice.

462. "In the state court record it is revealed that up until that time that defendant Judge Madden issued her abusive and illegal and unconstitutional order the plaintiffs pro se had only filed one single motion on notice in the case."

463. Clearly as this federal court may understand the plaintiffs have been abused by the very state defendants and the state courts in which they have sought to be heard and obtain justice, but to no avail.

464. The state court defendants have denied plaintiffs equal protection and due process rights at the state case. As such plaintiffs submit "it is impossible they obtain any true justice or even the appearance of justice at the state courts."

465. Accordingly, the only hope and possibly the remaining solution that plaintiffs have is to seek the protection of the federal courts, which they are now forced to do in filing this federal 911 civil rights complaint.

466. This federal court is asked to carefully review the motions that plaintiffs filed requesting recusal and or removal of the disqualified biased judge defendant Madden, which motions are attached thereto and incorporated into this federal 911 civil rights complaint with the same and full force as the claims that plaintiffs make herein in this federal action, and which also are submitted as evidence and in further support of the valid claims that plaintiffs now filed against the defendants in this federal action.

467. That on August 27, 2021 plaintiff Mr. Betancourt called numerous times various agencies and offices and employees of the defendant NYS UNIFIED COURT SYSTEM, including speaking with the defendant's executive office and the offices of Administrative Judge Lawrence Marks and Supreme Court Administrative Judge Deborah Kaplan asking for emergency help and requesting that their office conduct an investigation of the ongoing misconduct and corruption.

468. Mr. Betancourt explained to Judge Kaplan's secretary that plaintiffs needed immediate emergency actions by the administration of defendants NYS STATE UNIFIED COURT SYSTEM and that their offices must intervene and stop the ongoing abuses, bias, prejudice, misconduct and corruption, citing numerous instances of improprieties and abuses that plaintiffs have experienced in state court both while the disqualified judge Madden was presiding over the case and now under the supervision of the newly assigned judge Judge Rokower.

469. Mr. Betancourt also informed their offices that the ongoing judicial misconduct and corruption aims to have the case removed from the state court illegally and that the powerful influential corporate defendants Mount Sinai Hospital acting with attorneys Kauffman, Borgeest & Ryan LPP is secretly and in conspiracy with the state court defendants trying desperately to have their state case dismissed and removed illegally from the state court system and in violation of plaintiffs' constitutional rights.

470. Judge Kaplan responding through her secretary advised Mr. Betancourt to put the complaint in writing for her to review and that plaintiffs send Judge Rokower a letter in the mail requesting an adjournment before the August 30, 2021 online conference is held, which advise by Judge Kaplan Mr. Betancourt accepted and complied with.

471. However the federal court is to know that (1) plaintiffs have no means of obtaining Justice in the courts of the State of New York as the state courts are biased against plaintiffs and practicing much corruption to end their cause, (2) Judge Kaplan is not able to do much in the matter and it is doubtful that anyone in the State of New York, its agencies departments and officials will actually investigate intervene and protect plaintiffs' rights, (3) Mr. Betancourt called the New York State Commission of Judicial Conduct and attempted to obtain emergency relief, but it is also not of any certainty that the corruption and abuses taking place against plaintiffs in the state courts will be properly investigation and stopped by the state office and also it is not a guarantee that the corrupt judges and employees of the court acting together with Mount Sinai Hospital and their attorneys and others involved in the illegal activities will stop trying to dismiss plaintiffs' case illegally, (4) plaintiffs do not trust any longer the state courts and any agency or department or official of the defendant New York State government that may care to investigate and to intervene in the matter.

472. That defendants all of whom named herein in this federal 911 civil rights action, including government defendants UNITED STATES and UNITED STATES DEPARTMENT OF HEALTH and NEW YORK STATE and NEW YORK STATE HEALTH DEPARTMENT and NEW YORK UNIFIED COURT SYSTEM and JUDGE JOAN MADDEN and JUDGE EILEEN A ROKOWER have violated and continue to violate plaintiffs' constitutional rights, causing serious harm to plaintiffs.
473. **Therefore, in this federal 911 civil rights action plaintiffs plead herein and do so hope that this federal court by order duly issued protects them and their lives and rights secured to them under the United States Constitution against the wrongful inhumane and unconstitutional actions of the defendants who have been brought before the federal court personally and in their official capacity.**

## CAUSE OF ACTION 32

474. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
475. Defendants UNITED STATES CONGRESS and NEW YORK STATE CONGRESS fund the said Mount Sinai Hospital World Trade Center 911 Health Medical Program.
476. Defendant UNITED STATES and NEW YORK STATE manages, supervises, regulates and controls the said Mount Sinai Hospital World Trade Center 911 Health Medical Program.
477. Defendant UNITED STATES and NEW YORK STATE manages, supervises, regulates and controls the Mount Sinai Hospital World Trade Center 911 Health Medical Program.
478. That upon information and belief, defendant UNITED STATES and NEW YORK STATE, their officers, agencies, agents, managers, administration and others unknown employees or politicians or senators or representatives of the UNITED STATES and NEW YORK STATE, manages, supervises, regulates and controls the said federal World 911 Trade Center Medical Program at Mount Sinai Hospital.

479. That upon information and belief, Defendant UNITED STATES and the UNITED STATES DEPARTMENT OF HEALTH and NEW YORK STATE, manage, regulate, administrate, control, operate and supervise the said Mount Sinai Hospital World Trade Center 911 Health Medical Program.
480. Defendant UNITED STATES and the UNITED STATES DEPARTMENT OF HEALTH and NEW YORK STATE and NEW YORK STATE CONGRESS fund, organize, manage, regulate, administrate, control, operate and supervise the said Mount Sinai Hospital World Trade Center 911 Health Medical Program and run day to day official, administrative, financial and health operations at the said federal 911 World Trade Center Medical Program at Mount Sinai Hospital.
481. That under said program defendants UNITED STATES and UNITED STATES CONGRESS together with defendants NEW YORK STATE and NEW YORK STATE CONGRESS have appropriated funds in the amount of hundreds of millions of dollars since the inception of the said federal 911 World Trade Center Medical and Screening Program at Mount Sinai Hospital beginning in early 2002.
482. The federal and state defendants have operated their federal 911 World Trade Center Medical Program at Mount Sinai Hospital for the purpose of inter alia providing essential monitoring, screening and treatment health services to the many tens of thousands of 911 first responders and volunteers who aided and worked at Ground Zero following the attacks of terror against this nation on September 11, 2001.
483. That the 911 WTC Medical Program at Mount Sinai Hospital is for all intentions, appearances and purposes the establishment and creation and operations of the defendants United States, United States Congress, United States Department of Health and other agencies and departments of the defendant United States Government.
484. That upon information and belief, and further discovery in the case will reveal and demonstrate the extent of the defendant UNITED STATES GOVERNMENT operations and involvement and actions in the said federal 911 World Trade Center Program being operated at defendants Mount Sinai Hospital.

485. That upon information and belief, the defendant UNITED STATES GOVERNMENT and UNITED STATES DEPARTMENT OF HEALTH officers, employees and official do in fact work at and are managing and regulating and supervising and controlling the day to day operations and administration of the said federal 911 World Trade Center Medical Program at Mount Sinai Hospital.

486. That the said federal health program is billed to the UNITED STATES GOVERNMENT and that the UNITED STATES and the UNITED STATES CONGRESS and the UNITED STATES DEPARTMENT OF HEALTH together with the NEW YORK STATE AND NEW YORK STATE CONGRESS actually fund and pay the expenses of the said federally established, controlled, managed, operated, supervised 911 World Trade Center Program at defendant Mount Sinai Hospital.

487. Upon information and belief and at all times herein-mentioned, that over the course of that federal 911 World Trade Center Medical Program and since its inception and establishment beginning in or about early 2002 to the present, defendants Mount Sinai Hospital and other companies and agencies have received hundreds of millions of dollars in federal and state funds provided by defendants UNITED STATES, UNITED STATES CONGRESS and NEW YORK STATE.

488. That defendants UNITED STATES assigned designated and hired defendants Mount Sinai Hospital to carry out the medical, logistics, research and experimentation and administrative functions of the said federal 911 World Trade Center Program.

489. That since early 2002 and/or soon after the 911 acts of terror the UNITED STATES and MOUNT SINAI HOSPITAL agreed and contracted to create, establish, organize, operate, and manage the said federal 911 WTC Medical Program.

490. That pursuant to said federally funded and controlled and regulated 911 World Trade Center Program the defendant corporation Mount Sinai Hospital therefore is acting on behalf of defendant UNITED STATES and NEW YORK STATE.

491. Plaintiffs state and restate all the previous paragraphs, and which are incorporated herein with the same force and in further and continuous support of the following statements and facts and claims, that defendant government NEW YORK STATE also funds, manages, operates, regulates, supervises and controls the said federal 911 World Trade Center Medical Program at Mount Sinai Hospital.

492. That in fact the said federal 911 World Trade Center Medical Program at Mount Sinai Hospital is for all intentions, appearances and purposes the establishment and creation and operations of the defendants United States, United States Congress, United States Department of Health and other agencies and departments of the defendant United States Government and also of the defendant NEW YORK STATE GOVERNMENT and NEW YORK STATE CONGRESS.

493. That upon information and belief, and further discovery in the case will reveal and demonstrate the nature and extent of the government defendants UNITED STATES GOVERNMENT and NEW YORK STATE GOVERNMENT operations and involvement and actions in the said federal and state 911 World Trade Center Program being operated at defendants Mount Sinai Hospital.

494. That upon information and belief, the defendant UNITED STATES GOVERNMENT and UNITED STATES DEPARTMENT OF HEALTH and CENTERS FOR DISEASE CONTROL AND PREVENTION (CDC), administrators, officers, employees and officials acting together with defendants NEW YORK STATE GOVERNMENT officers, employees and officials, including doctors and administration officials, do in fact work at and are managing and regulating and supervising and controlling the day to day operations and administration of the said federal 911 World Trade Center Medical Program at Mount Sinai Hospital.

495. Upon information and belief, that the federal program is billed to the defendants UNITED STATES GOVERNMENT and NEW YORK STATE GOVERNMENT.

496. That the UNITED STATES and UNITED STATES CONGRESS and UNITED STATES DEPARTMENT OF HEALTH together with defendants NEW YORK STATE GOVERNMENT their agencies, departments and officials actually fund and pay the expenses of the said federal and state established, controlled, managed, operated, supervised 911 World Trade Center Program at defendant Mount Sinai Hospital and that those funds and expenses come from legislation that defendants themselves authorized by legislative acts since on or about 2002 to the present.

497. Upon information and belief and at all times herein-mentioned, that over the course of that federal 911 World Trade Center Medical Program and since its inception and establishment beginning in or about early 2002 to the present, defendants Mount Sinai Hospital and other participating companies and agencies and institutions and beneficiaries have received hundreds of millions of dollars in federal and state funds provided by defendants UNITED STATES, UNITED STATES CONGRESS and NEW YORK STATE and NEW YORK STATE CONGRESS for the purpose of establishing and managing the operations of the said 911 Government Health Program at Mount Sinai Hospital, as contracted and regulated and controlled by the government defendants; and moreover that contracts and agreements are in effect for that purpose and do establish the deeply rooted and well connected inextricable relationship or labor partnership and commitment of the government defendants and the medical institution Mount Sinai Hospital in running the said 911 Government Health Monitoring and Treatment Program.

498. That defendants UNITED STATES and UNITED STATES CONGRESS acting together with defendants NEW YORK STATE and NEW YORK STATE CONGRESS and their agencies, departments and officials, including among others known to plaintiffs the US DEPARTMENT OF HEALTH and NEW YORK STATE DEPARTMENT OF HEALTH and NEW YORK CITY HEALTH DEPARTMENT, and other unknown federal and state agencies, departments, employees and officials, assigned and designated and hired and contracted with the defendants corporation Mount Sinai Hospital to carry out the medical, research and experimentation and the logistics and data research, and the administrative and executive financial functions of the said federal 911 World Trade Center Health Program.

499. That since early 2002 and immediately after the 911 acts of terror the government defendants UNITED STATES and NEW YORK STATE and MOUNT SINAI HOSPITAL agreed and contracted to create, establish, organize, operate and manage the said federal 911 World Trade Center Medical Program.

500. That defendant Mount Sinai Hospital is a state actor under the law in this particular case where it is clear that the private medical institution is working together with and acting for the governments of the United States and New York State.
501. That Mount Sinai Hospital is performing quasi government functions, duties, responsibilities or acting for and fulfilling the demands, needs and interests of the government defendants in running the 911 WTC Medical and Research Program.
502. That Mount Sinai Hospital therefore is a federal and state actor and or that the actions of government defendants UNITED STATES and NEW YORK STATE are so closely intertwined and indivisible so as to find them to be one and the same as it pertains to the operations, management and supervision of the said federal 911 World Trade Center Medical Program.
503. That defendants UNITED STATES and THE UNITED STATES DEPARTMENT OF HEALTH together with NEW YORK STATE act within, make decisions with and form a part of the administration of the federal 911 World Trade Center Program at Mount Sinai Hospital.
504. That both the UNITED STATES and NEW YORK STATE interests, operations, decisions, actions, controls, performance and involvement are so closely intertwined with Mount Sinai Hospital that for purposes of the law they constitute one and the same actor or otherwise that Mount Sinai Hospital is performing the duties and functions of the governments of UNITED STATES and NEW YORK STATE.
505. That Mount Sinai Hospital's actions are the equivalent of the actions of the government defendants and do constitute "state actor" under the law Section 1983 of the Act of the United States Congress.
506. That the United States and New York State are so entangled with the actions and duties and the day to day operations of the private corporation defendant Mount Sinai Hospital at the said federal 911 World Trade Center Program that it is impossible to separate them, and, therefore, the federal court is asked to find that defendant Mount Sinai Hospital is in fact acting under color of law with respect to the violations of plaintiffs' constitutional rights pursuant to 42 U.S.C. Section 1983.

507. That under said federal 911 World Trade Center Program the government defendants UNITED STATES and NEW YORK STATE make both administrative, financial and health and medical related decisions.
508. That under said federal 911 World Trade Center Program the government defendants UNITED STATES and NEW YORK STATE make administrative, financial and health and medical services related decisions and further supervise staff, doctors, managers and employees and daily regulate the medical services and treatment that Mount Sinai Hospital provides to tens of thousands of 911 patients.
509. Upon information and belief and at all times herein mentioned that among those tens of thousands of 911 patients that defendant Mount Sinai Hospital treats and provides medical services to includes tens of thousands of employees of the government defendants UNITED STATES and NEW YORK STATE, which particularly include also police officers, firefighters, and other state and federal government employees who like plaintiffs Mrs. Rodriguez and Mr. Betancourt participated as first responders during the 911 incidents.
510. Upon information and belief, plaintiffs do not know the entirety of the said federal 911 World Trade Center Program and how it is really managed, controlled and operated by the defendants UNITED STATES and NEW YORK STATES. That further investigation into such operations and matters is demanded that this federal court orders and in order to discover and learn and establish the extent of the government defendants deeply rooted actions and involvement in the operations of the said federal 911 World Trade Center Program at Mount Sinai Hospital.
511. Upon information and belief, the government defendants do in fact use the defendant Mount Sinai Hospital (a consortium of various 911 WTC institutions and companies) as their primary health institution where government medical services, research and experimentation and health statistic and data and other medical research are performed under the orders directions control and supervision of defendants UNITED STATES GOVERNMENT and NEW YORK STATE GOVERNMENT.

512. Upon information and belief, plaintiffs in honesty state that besides providing medical treatment and relevant services to their 911 patients at the said federal 911 World Trade Center Program, the defendant Mount Sinai Hospital also is involved in or likely conducts medical research and experimentation and other statistic and drug development research relevant to the federal 911 World Trade Center Program, and that plaintiffs although aware of the said actions and duties of defendant Mount Sinai Hospital and the government defendants UNITED STATES and NEW YORK STATE do not have access to all the information and evidence or they do not entirely know the nature and extent of such government funded and controlled medical operations being conducted at defendant Mount Sinai Hospital.

513. Upon information and belief, the administration of the said federal 911 World Trade Center Medical Program is controlled managed and supervised and regulated by the UNITED STATES, UNITED STATES CONGRESS and UNITED STATES DEPARTMENT OF HEALTH, their officers and administrator; and that the US DEPARTMENT OF HEALTH administration and its administrator acts as administrator of the federal 911 World Trade Center Program at Mount Sinai Hospital.

514. Furthermore, upon information and belief it is stated herein that medical staff of the government defendants do work for and with the private institution Mount Sinai Hospital at the said federal 911 World Trade Center Medical Program; and that the employees and health staff and doctors working at that 911 health program are not entirely hired and assigned by the private institution Mount Sinai Hospital.

515. That Mount Sinai Hospital's administration works together with the administration of the government defendants and that these institutional and government defendants act in unison in carrying out the functions and duties of the said federal 911 World Trade Center Program.

516. That Mount Sinai Hospital gathers, preserves, studies and provides medical reports, administrative reports and other findings and gathering of information and data regarding its medical services and treatment that it provides to the tens of thousands of 911 patients.

517. That Mount Sinai Hospital gathers, preserves, archives, studies and provides medical reports, administrative reports and other findings and gathering of information and data regarding its medical services and treatment that it provides to the tens of thousands of 911 patients so as to be in compliance with the demands, requirements, rules, regulations and policies of the defendants UNITED STATES and NEW YORK STATE pertaining strictly to the operations of the said federal 911 World Trade Center Medical Program at Mount Sinai Hospital.

518. That such 911 administrative and medical compliance actions, functions, duties and requirements of Mount Sinai Hospital under the said federal 911 World Trade Center Health Program is significantly different although also relevant to its compliance actions, duties, functions and requirements pertaining to the regular medical services and treatment that it provides as a medical institution to the public within the City and State of New York; or otherwise that the government defendants UNITED STATES and NEW YORK STATE regulate and supervise those 911 administrative and medical compliance actions, functions, duties and requirements of Mount Sinai Hospital under the said federal 911 World Trade Center Program pursuant to specific law rules procedures and policy that are enacted and enforced by the government defendants for the purpose of running the day to day operations of the said 911 World Trade Center Program at Mount Sinai Hospital.

519. The actions of defendants was performed under color of state law or regulation and that such conduct deprived plaintiffs of rights, privileges, or immunities secured by the United States Constitution or federal laws of the United States.

## MISTREATMENT AGAINST 911 EMERGENCY FIRST RESPONDERS VOLUNTEERS PLAINTIFFS

## CAUSE OF ACTION 33

520. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.

521. That plaintiffs Mrs. Rodriguez and Mr. Betancourt who are 911 first responders volunteers and not government employees or unionized workers or paid employees have experienced differential treatment and lesser medical care at the said federal 911 World Trade Center Program at Mount Sinai Hospital; and that the treatment and medical care that they received at that program is different from the treatment that defendants provided to government employees and other union employees who participated at the 911 incident.

522. Plaintiffs sincerely belief and do state herein that defendants mistreated plaintiffs in failing to provide full and quality medical services and treatment, purposefully doing so in a discriminatory manner and also in way of economizing and not caring about the health and medical needs of plaintiffs.

523. That patients of the said 911 World Trade Center Program at Mount Sinai Hospital are strictly and solely persons who were at the 911 Ground Zero site or who were affected by the 911 Acts of Terror of September 11, 2001 and thereafter and which includes among others employees of the government defendants UNITED STATES and NEW YORK STATE and NEW YORK CITY as well as volunteers first responders like plaintiffs Mrs. Rodriguez and Mr. Betancourt.

524. That under the said 911 WTC Program at Mount Sinai Hospital the defendants UNITED STATES and NEW YORK STATE provide inter alia medical services and treatment only and/or exclusively to their employees and other 911 non-government employees, volunteers first responders who worked at the 911 Ground Zero site and or who were affected by the 911 Acts of Terror of September 11, 2001 and thereafter.

525. That regular patients of the medical institution Mount Sinai Hospital, persons who did not worked at Ground Zero or were not affected by the 911 Acts of Terror of September 11, 2001 and thereafter, are not authorized to receive medical treatment and other services under the 911 WTC Health Program at Mount Sinai Hospital.

526. That under the said 911 World Trade Center Program at Mount Sinai Hospital 911 patients like the plaintiffs Mrs. Rodriguez and Mr. Betancourt have submitted and to this day submit to yearly medical screenings and testings.

# UNREASONABLE ADMINISTRATIVE COSTS, IMPROPER EXPENDING OF 911 FUNDS, MAJOR FRAUD AGAINST THE US AND MISMANAGEMENT OF 911 WTC MEDICAL PROGRAM

## CAUSE OF ACTION 34

527. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.

528. Upon information and belief, plaintiffs state that the defendants have improperly used funds and or wrongfully, unlawfully and maliciously misused funds that the United States Congress has allocated to fund, manage and operate the federal 911 World Trade Center Medical Program pursuant to the Zadroga federal law.

529. The WTC Health Program long-term acting administrator John Howard M.D. together with defendants US Department of Health and Human Services, acting secretary Xavier Becerra, Centers for Disease Control and Prevention, acting director Rochelle P. Walensky, and 911 WTC Program and other government officials, administrators and employees, have failed to investigate into the alleged fraud and other improprieties and misconduct being committed by government defendants and defendant Mount Sinai Hospital in managing the said 911 WTC Health Program.

530. That defendants have failed to investigate and to end ongoing fraud and improper unlawful misuse and overspending of congressional funds in the management of the said 911 WTC Health program at Mount Sinai Hospital; and that the provisions of the Zadroga federal law respecting fraud and unreasonable administrative costs are not being complied with or enforced by the named defendants in this federal civil action.

**(d)PREVENTING FRAUD AND UNREASONABLE ADMINISTRATIVE COSTS**

**(1)FRAUD**

The Inspector General of the Department of Health and Human Services shall develop and implement a program to review the WTC Program's health care expenditures to detect fraudulent or duplicate billing and payment for inappropriate services. This subchapter is a Federal health care program (as defined in section 1320a-7b(f) of this title) and is a health plan (as defined in section 1320a-7b(f) of this title) for purposes of applying sections 1320a–7 through 1320a–7e of this title.

**(2)UNREASONABLE ADMINISTRATIVE COSTS**
The Inspector General of the Department of Health and Human Services shall develop and implement a program to review the WTC Program for unreasonable administrative costs, including with respect to infrastructure, administration, and claims processing.

531. Upon information and belief, the administrators of the government run 911 World Trade Center Medical Program acting together with the federal agency US Department of Health and Human Services, Centers for Disease Control and Prevention, WTC Health Program, and federal administration officials and employees, for years have wrongfully and illegally cut, reduced and stopped authorizing certain medications and health services and treatment of plaintiffs and other 911 patients, in violation of federal law.

532. That those unlawful inhumane wrongful actions are ongoing and being exercised to this very day October 20, 2021 and not authorized by the US Congress, or otherwise that the unlawful inhumane wrongful actions of defendants violate the act of the US Congress and other federal law, legislative and executive orders, and federal administrative decisions, orders, directives and contracts.

533. At one point Mount Sinai Hospital 911 WTC Health Program administration informed plaintiffs by letters that they were terminating certain medications and that specific medical treatments and original medications no longer would be prescribed by doctors of the 911 WTC Health Program because they were too costly.

534. Furthermore the plaintiffs were informed that only generic medications would be prescribed by doctors of the federal 911 World Trade Center Medical Program.

535. This information was also followed in or about 2009 and 2011 and in about 2018 to the present by the enactment and enforcement of new stricter administrative policies regarding the rights of 911 WTC Health Program patients to receive certain medical services and treatment.

536. For example Mr. Betancourt was denied certain medications and medical treatment, particularly physical therapy that doctors had prescribed for his health condition of the spine and muscle and nerves.

537. Various doctors requested in writing that the 911 WTC Program Administrator authorized certain medical treatments and prescription medicines but he denied it. Also at one point one doctor appealed a second time to the 911 WTC Program Administrator that his office authorized physical therapy and other prescriptions to Mr. Betancourt, but again he denied it.

538. Additionally, that same doctor of the 911 WTC Health Program at Mount Sinai Hospital who treated Mr. Betancourt during the yearly screening, monitoring and treatment visit stated that the medical services and treatment below the stomach could not be performed as it was not authorized by the administration of Mount Sinai Hospital and others administrators of the 911 WTC Program.

539. Again plaintiffs submit that their equal civil rights are being violated respecting the medical treatment and services that defendants are providing or refusing to provide under the 911 WTC Program and that that the government defendants acting together with Mount Sinai Hospital are violating federal law Zadroga act of the US Congress, causing injury to the plaintiffs and affecting and disregarding their health.

540. Plaintiffs serious believe, and reasonably suspect, and also do herein state based upon information and facts gathered thereof, that defendants UNITED STATES, UNITED STATES HEALTH DEPARTMENT AND HUMAN SERVICES, CENTERS FOR DISEASE CONTROL AND PREVENTION and MOUNT SINAI HOSPITAL have improperly negligently and fraudulently managed the funds and contracts that the U.S. CONGRESS and NEW YORK STATE CONGRESS appropriated awarded and provided to the federal 911 World Trade Center Medical Program, thereby depriving the rights of numerous 911 patients like plaintiffs.

541. Plaintiffs alleged that the said unlawful malicious and fraudulent activity of defendants is ongoing and that it has not ended but continues being performed to this very day October 20, 2021.

542. Upon information and belief, plaintiffs reasonably believe and hereby state that an investigation ordered by the federal judiciary and conducted by the U.S. Congress will reveal the true nature and full extent and depth of the said malicious fraud of defendants; that the alleged fraud surpasses $1,000.000 dollars since Mount Sinai Hospital has received numerous 911 WTC Program funds awards and contracts totaling hundreds of millions of dollars from federal and state defendants since the September 11, 2001 Acts of Terror to 2015-2016 and thereafter before and after the enactment of the July 2, 2011 Zadroga 911 WTC Health Act federal law establishing the 911 WTC Health Program and continuing to the present day October 20, 2021.
543. Furthermore, plaintiffs sincerely believe and reasonably suspect and also do herein state that defendants Mount Sinai Hospital together with other defendants has engaged in unlawful financial practices and a fraud scheme whereby it has pocketed and benefited financially from the said illegal financial operations in managing the federal 911 World Trade Center Medical Program at its facilities, thereby depriving the rights and affecting the health and lives of 911 patients like the plaintiffs.
544. Federal and state governments have not investigated the fraud and improper financial activities or unreasonable administrative costs and expenses that defendants committed in administering the 911 WTC Health Program at Mount Sinai Hospital.
545. The UNITED STATES CONGRESS and NEW YORK STATE CONGRESS enacted legislation specially for the purposes of funding billions of dollars for the purpose of providing quality medical services and treatment and compensation specially and exclusively to 911 patients like Mrs. Rodriguez and Mr. Betancourt.
546. Plaintiffs state that during many of their visits at the federal 911 World Trade Center Medical Program doctors and medical staff would inform plaintiffs that they cannot receive certain medical treatments or medications because it was too expensive or the administration of the said 911 WTC Health Program did not authorized it.
547. Furthermore, that at one point plaintiffs received a letter from Mount Sinai Hospital administration informing of changes in certain services and medications and claiming that some medications would not be provided because they were too costly or that generic medications would be provided instead.

548. Plaintiffs also felt and knew that Mount Sinai Hospital administration, which as noted in this federal complaint herein implicates also the administration of the government defendants UNITED STATES and NEW YORK STATE, was lying and unjustly depriving them of essential quality medical services and that their equal civil rights were being violated by reason of the fraud and corruption that defendants were engaged in managing the federal 911 WTC Medical Program.
549. Consequently, plaintiffs felt and knew that Mount Sinai Hospital administration was violating federal and state laws and their rights since the state and federal governments had awarded Mount Sinai Hospital various contracts and allocated hundreds of millions of dollars to administer the 911 WTC Monitoring and Treatment Program from the September 11, 2001 Acts of Terror to the Zadroga 911 WTC Health Act of July 2, 2011; also since the enactment of the Zadroga 911 WTC Health Act hundreds of millions more were allocated to administer 911 affiliate Mount Sinai Hospital's operations of their 911 WTC Health Program at its various facilities.
550. That further investigation authorized by this federal court and the very government defendants UNITED STATES and NEW YORK STATE is needed to be conducted into this matter concerning the misappropriation mismanagement and fraud that defendants have practiced against the rights of 911 patients like plaintiffs at the federal 911 World Trade Center Medical Program.
551. Plaintiffs ask that the federal courts refer the matter to the appropriate government authorities or the U.S. Congress or committees for a full investigation to be conducted and in order that the truth may come to light.
552. Said actions by the federal courts is warranted and authorized pursuant to the powers and jurisdiction of the federal courts and "in the interest of Justice."
553. The federal courts purpose is not just to issue judicial relief in deciding legal matters but also to act as guardians of the rights of persons and to enforce the guarantees and demands of the United States Constitution; it is their duty to get to the truth and to render Justice with the full force of the law.

554. Therefore, plaintiffs who here are proceeding *pro se* and indigent do not possess the economic means, material technology and labor resources, and the legal knowledge and resources that is needed to investigate these types of high level cases of fraud and misappropriation and spending of large sums by the government defendants and Mount Sinai Hospital.

555. Furthermore, plaintiffs who are pleading in this federal 911 civil rights complaint serious violations of their rights and who are proceeding pro se and indigent do not have the required power, resources and manpower to conduct such investigation.

556. The illegal conduct of defendants complained by plaintiffs in this federal action concerns not just the lives of plaintiffs but also the lives of tens of thousands of persons who were or are patients of the federal 911 World Trade Center Medical Program at Mount Sinai Hospital.

557. A government investigation or a court ordered investigation into the illegal practices of defendants will likely reveal more serious and deeper matters and the extent of the defendants' fraud scheme and illegal actions, which may even lead investigators to discover even criminal activity in the end.

558. Plaintiffs as noted cannot effectively and properly conduct this kind of investigative work at the level that the matter requires. Only private investigation companies or a government investigation may get to the truth of the illegal inhumane and possibly criminal actions of defendants in the management operations and supervision of the federal 911 WTC Medical Program at Mount Sinai Hospital.

559. Mrs. Rodriguez should not have died. She could have lived. The defendants killed Mrs. Rodriguez. Their negligence is also part of and the result of the illegal inhumane fraudulent and possibly criminal activities aforementioned herein and Mrs. Rodriguez should have received better quality medical treatment as member patient of the federal 911 World Trade Center Medical Program at Mount Sinai Hospital.

560. Plaintiffs at the moment do not know to what extent the defendants' wrongful illegal and fraudulent actions complained of in this federal 911 civil rights complaint have adversely impacted the lives of allegedly tens of thousands of 911 patients of the

federal 911 World Trade Center Medical Program at Mount Sinai Hospital, but an investigation will reveal the truth about the level and depth of negligence and wrongdoing that the defendants have committed.

561. Upon information and belief, it is reasonably possible, and plaintiffs do sincerely believe to be true and herein state that other persons 911 patients at Mount Sinai Hospital have been victimized and or died as a result of the wrongful negligent illegal actions of defendants at the federal 911 World Trade Center Medical Program.

562. Furthermore, that allegedly tens of thousands of 911 patients have died while under the care and supervision and monitoring of the defendants, which numbers are alarmingly shocking and frightening and that such high figures and vital information do indicate and also reveal the extent of the defendants' failure in managing, supervising and operating the said the federal 911 World Trade Center Medical Program at Mount Sinai Hospital.

563. Upon information and belief, plaintiffs state that the federal 911 World Trade Center Medical Program at Mount Sinai Hospital is not functioning as the law requires and or that said federal 911 medical program is not operating in compliance with the demands of federal authorities and federal and state legislation since too many 911 patients like plaintiffs have suffered and or continue to suffer and or have died in consequence of the wrongful negligent unprofessional reckless irresponsible fraudulent and unlawful actions of the defendants.

564. The federal 911 World Trade Center Medical Program at Mount Sinai Hospital needs to be thoroughly investigated both by government and other non-government watchdog organizations or independent institutions who necessarily have the political power and authority as well as the financial legal and investigative resources.

565. However plaintiffs believe that the United States government and U.S. Congress, their investigative law enforcement offices, have not been fully informed of these serious delicate and important matters concerning the wrongful gross-negligent illegal malicious inhumane and fraudulent actions of defendants in administering the 911 WTC Health Program and the Mount Sinai Hospital 911 WTC Health Program.

566. The proper government authorities and offices need to be informed of this matter so that they may investigate and take appropriate action to end the ongoing unlawful conduct of defendants and to prevent further abuses by defendants against the health and lives of numerous 911 patients now and in the future.
567. Plaintiffs sincerely believe and do honestly state herein with a certain degree of conviction that Mrs. Rodriguez's death at the hands of defendants was not just mere negligence per se but the result of the said ongoing unlawful fraudulent activity and cover up that the defendants are engaged in at the federal 911 World Trade Center Medical Program at Mount Sinai Hospital.
568. Furthermore, that said investigation ordered by the federal courts and the U.S. Congress may also aid in the court's findings and determination of facts and claims in this special civil rights action.
569. The federal court as a natural branch of government is vested with the power and the duty to assist in these type of cases where the lives of persons are at risk or where persons have suffered injuries and death due to major fraud being performed against the United States and cover up and corruption and illegal criminal activity that defendants are practicing against the rights, benefits and interests of 911 responders and survivors in violation of federal law.
570. Here we are talking about not just a medical program being run at a medical institution Mount Sinai Hospital, but in reality it is "a federal 911 medical, research and experiment project that the UNITED STATES GOVERNMENT operates at Mount Sinai Hospital.
571. As tens of thousands of persons 911 patients including government employees have died while under the medical supervision and care of the government defendants and the administrators of the government and Mount Sinai Hospital, it is important and necessary that someone in government looks closely into this matter.
572. The figures are alarming and it tells that something wrong and dark and inhumane is happening and that defendants governments and Mount Sinai Hospital have failed to care properly those many 911 responders and survivors patients .

573. It is plaintiffs sincere belief and they do so state with full force herein that any reasonable person would know that something very wrong and inhuman is happening at the federal 911 World Trade Center Medical Program at Mount Sinai Hospital.
574. The federal court can learn and be more fully apprised of facts and circumstances of this matter and get to the heart of the problem by so ordering an investigation *sua sponte* or by referring the matter to the appropriate authorities and government agencies such as the FBI, or otherwise also by recommending or requesting by order of this federal court that the same government defendants UNITED STATES, UNITED STATES CONGRESS, US DEPARTMENT OF HEALTH AND HUMAN SERVICES, their agencies and departments, together with government defendants NEW YORK STATE, NEW YORK STATE CONGRESS, their agencies and departments, do so conduct a full investigation and hearings at the congressional level of this matter regarding corruption fraud and illegal abusive activity and misappropriation of funds at the federal 911 World Trade Center Medical Program at Mount Sinai Hospital and of the 911 WTC Health Program in general.
575. It is furthermore noted that in these types of cases truth is very difficult to find since it involves the very powerful influential government defendants who are working together with the medical institution Mount Sinai Hospital.
576. Plaintiffs self represented and indigent also cannot uncover the truth on their own because of the restrictions of privacy policies that they face.
577. Plaintiffs are prohibited from having access to all evidence, data, and information about the operations, management, and control of the federal 911 World Trade Center Medical Program at Mount Sinai Hospital.
578. Although discovery proceedings in the action may permit the discovery of valuable evidence, data and documentation regarding the unlawful fraudulent inhumane and even possibly criminal activity of defendants, it is not certain that even such discoveries will be sufficient equitable and investigative means of finding and producing the evidence and uncovering the truth.

579. Even so, the plaintiffs alone and indigent would not be able to conduct discoveries effectively so as to uncover the truth behind the illegal activity of defendants and to obtain all the evidence of just how vast and deeply rooted their unlawful fraud and criminal scheme really is.

580. An investigation ordered by this federal court and the UNITED STATES and UNITED STATES CONGRESS upon the recommendation and referral of this federal court will likely lead investigators to the root cause of the matter and learn the Truth of the culprits involved and to what extent the defendants involved have profited illegally and defrauded the United States in administering wrongfully the 911 WTC Health Program and the Mount Sinai Hospital 911 WTC Health Program. Yet as plaintiffs have stated in this federal 911 civil rights complaint, it is the very defendants sued in this federal action who are involved in the corruption activity.

581. Plaintiffs' knowledge and ability to gather information and evidence regarding the said ongoing fraud and corruption and illegal activities of defendants is limited by reason of their lack of legal services, their indigence, and their inability to have access into and information of the operations of the federal 911 World Trade Center Medical Program at Mount Sinai Hospital, and also on their own they are unable to enter the veil of the government and 911 WTC Health Program affiliate Mount Sinai Hospital.

582. It is noted that plaintiffs Mr. Betancourt has requested the medical records of his mother Mrs. Rodriguez and was provided limited records of her treatment at Mount Sinai Hospital. Mount Sinai Hospital administration did not provided all records however. Nor did Mount Sinai Hospital administration provided all and complete medical records of plaintiff Mrs. Rodriguez's treatment at the federal 911 World Trade Center Medical Program at Mount Sinai Hospital since on or about early 2002.

583. Plaintiffs sincerely inform this federal court that plaintiffs do not trust in the actions of defendants in this federal court and that any medical records that defendants may provide to plaintiffs is to be questioned and doubted as being probably either altered, manipulated, tampered with or not complete.

584. Upon information and belief, and after careful consideration of the relevant facts and based upon credible information and events that have affected the rights and lives of plaintiffs, plaintiffs sincerely state that Mount Sinai Hospital has misappropriated mismanaged and wrongfully used funds or hundreds of millions of dollars that the defendants United States and New York State governments, their departments, agencies, officials, and administrators, have given defendant Mount Sinai Hospital for the purpose of managing and operating their 911 WTC Health Program and providing adequate medical services to 911 victims first responders and volunteers like plaintiffs.

**585. The federal court is to find that defendants violated the federal law Zadroga congressional act in the wrongful management, use and distribution of those funds allocated by the US Congress and also in the wrongful management and administration of the 911 WTC Health Program medical services.**

**586. Hence the plaintiffs ask that this federal court orders that defendants produce all and complete medical records of the medical treatment that plaintiffs received both as patients of Mount Sinai Hospital and the federal 911 World Trade Center Medical Program at Mount Sinai Hospital since early 2002 to the present.**

**587. The federal courts also should order defendants to produce for review by the federal courts and the US Congress and an independent organization or a special investigative commission established by the US Congress all expenditure receipts, bills, and purchases made by the government defendants and defendant Mount Sinai Hospital in administering the 911 WTC Health Program established by the US Congress and the 911 WTC Health Program operated at the defendant Mount Sinai Hospital various facilities.**

**588. The federal court is requested it refers the matter to the US Congress for investigation and such further actions that the US Congress may order.**

**589. The federal court is requested that it issues order directing the very United States to conduct a full investigation of the foregoing matter.**

**590. The federal court is requested that it orders a full federal judicial investigation of the foregoing matter or that it orders its own federal judicial investigation to be conducted together with the US Congress.**

**591. The federal court is requested that it issues order enjoining defendants from the foregoing criminal fraudulent matter so that the unlawful gross-negligent malicious inhumane fraudulent activity is finally STOPPED and the health and lives of 911 responders and survivors is protected now and in the future.**

**592. The federal court is requested that it issues order and judgment, at trial and after investigation of the foregoing matter, finding defendants in violation of federal law, the federal statue of fraud 18 U.S.C. §1031 Major Fraud Against the United States, 18 U.S.C. §371 Conspiracy to Commit Offense or to Defraud the United States, the James Zadroga 9/11 Health and Compensation Act of 2010 (H.R. 847; Pub. L. 111-347 enacted January 2, 2011, and the New York State statute of frauds Consolidated Laws, General Obligations Law - GOB § 5-701.**

**593. The federal court is requested that it issues order finding and declaring that the defendants deliberately and maliciously violated and conspired to deprive the rights of 911 responders survivors plaintiffs under federal law, the Zadroga 911 Health Act, and the US Constitution and other state law or congressional act.**

**594. The federal court is requested that it issues order imposing penalties and fines and other judicial punishment and demands against the defendants to end the ongoing inhumane unlawful malicious fraud activity and conspiracy of defendants, and in order to deter any further violations of the rights of plaintiffs and other 911 responders and survivors now and in the future.**

**595. The federal court is requested that it issues order granting damages as well as punitive damages and other compensatory relief to the plaintiffs and together with such other and further relief as the federal courts may deem just and proper under the law and "in the interest of Justice."**

## CAUSE OF ACTION 35

596. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
597. Furthermore, during the operations of the federal 911 World Trade Center Medical Program at Mount Sinai Hospital there have been numerous criminal and illegal breaches of data and records at Mount Sinai Hospital facilities, including breaches (or hacking of computer) of medical records, data and relevant information.
598. Plaintiffs have received various letters throughout the years informing them of the said breaches and hacking of medical records, data and relevant information.
599. Upon information and belief, the privacy rights and safety of plaintiffs was violated by defendants as a result of those numerous breaches (or hacking of computer) of medical records, data and relevant information.
600. That defendants failed to protect the privacy of thousands of 911 patients like plaintiffs in allowing or failing to protect the privacy rights of patients under the federal 911 World Trade Center Medical Program at Mount Sinai Hospital.
601. Plaintiffs state that defendants' negligence with respect to the safety of medical records, data and relevant information of 911 patients that was breached numerous times during various years violated and compromised the privacy of plaintiffs and their rights to life and freedom protected by the Constitution against unreasonable intrusions and searches and seizures performed by the government.
602. Plaintiffs do not know exactly the nature of such breaches and to what extent their privacy and health was exposed to others and their rights and benefits affected, since defendants did not fully informed them of the matter. Nor did defendants fully informed plaintiffs exactly what records, data, and relevant information was stolen or tampered with or altered or removed or manipulated.

603. Plaintiffs were not properly informed whether or not such security breaches involved physical or digital records and if the same were medical records or administrative financial records or otherwise records, data, and relevant information that can potentially impact and adversely affect the quality of the medical services and treatment that defendants provide at the federal 911 World Trade Center Medical Program at Mount Sinai Hospital.

604. Defendants have intentionally concealed the truth regarding the numerous security breaches and tampering of medical records and failed fully to properly inform 911 patients like plaintiffs about these matters and to what extent their rights were affected and their medical services and treatment changed and affected adversely.

605. Defendants had a duty to safeguard the records of the federal 911 World Trade Center Medical Program at Mount Sinai Hospital and the many breaches indicates carelessness and negligence by defendants, in violation of the rights of plaintiffs.

606. Plaintiffs to this day do not know the outcome of any investigation that was performed by government defendants and medical institution Mount Sinai Hospital and what steps and measures they have made in order to protect those records and to ensure that such breaches of data, information, and records do not occur in the future.

607. Plaintiffs do not know to what extent their privacy was violated and exposed to others and their health and lives rights affected in consequence of the foregoing matter concerning defendants' negligence and failure to protect the personal medical records and information of plaintiffs.

608. Wherefore, this federal court it is requested renders order awarding damages and finding and declaring at trial that defendants violated the rights of plaintiffs to life liberty and privacy and to due process and equal protection of the law by engaging in the unlawful conduct complained of in this complaint herein; defendants violated plaintiffs' rights protected by the Fourth Amendment against unreasonable search and seizure by the government.

## CONSTITUTIONAL RIGHT TO COUNSEL AND EXPERT WITNESS DOCTOR

## PLAINTIFFS REQUEST THAT THIS FEDERAL COURT GRANTS RELIEF OF COURT ASSIGNED COUNSEL AND MEDICAL EXPERT WITNESS DOCTOR IN THIS 911 CIVIL RIGHTS CASE CONCERNING MEDICAL MALPRACTICE WRONGFUL DEATH CLAIMS

## CAUSE OF ACTION 36

609. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.

610. The very defendants named in this federal civil rights complaint have denied indigent self represented plaintiffs the right to counsel and to an expert witness in a civil action of medical malpractice wrongful death where by state law it is required that plaintiffs present an expert witness at trial in order to prove their claims.

611. It is submitted to this federal court that such unconstitutional actions by defendants have deprived plaintiffs of equal civil rights, privileges and immunities under the United States Constitution, in violation of the FIRST AMENDMENT, THE FIFTH AMENDMENT, THE SIXTH AMENDMENT, THE FOURTEENTH AMENDMENT and THE NINETH AMENDMENT.

612. The government defendants acting together with Mount Sinai Hospital have deprived plaintiffs of the most basic rights to life, liberty and privacy, in violation of the Bills of Rights and the Due Process clause of the United States Constitution.

613. The United States Constitution states that "nor shall any person be deprived of life, liberty, or property, without due process of the law."

614. Furthermore, defendants in the state action have readily available various expert witness doctors who can testify on behalf of Mount Sinai Hospital.

615. The state courts are requiring plaintiffs indigent and pro se to proceed alone on their claims and through discovery without providing them the benefit and assistance of an expert witness and counsel in a medical malpractice wrongful death case.

616. Despite indigent self represented plaintiffs' repeated requests for court assigned expert witness, which relief the law requires is granted in this medical malpractice wrongful death case pursuant to the provisions of the New York Civil Practice Law and Rules (CPLR) and the demands of Due Process and Equal Protection of the Law and First and Fourteenth Amendments protection against deprivation of life, liberty and privacy rights under the US Constitution, the state courts unconstitutionally have forced plaintiffs to submit a complaint of medical malpractice negligence wrongful death claims and to continue with discovery proceedings without any assistance of an expert witness doctor also who is needed to review the medical records and to determine within his/her knowledge and practice the nature of the serious fatal injuries that Mrs. Rodriguez sustained as a result of the gross negligence of defendants and to what extent the wrongful negligent actions of defendants was the proximate cause of plaintiffs' injuries and or to testify at trial about medical findings regarding the wrongful death that defendants caused against Mrs. Rodriguez or about the medical practices and procedures that defendants performed incorrectly or omitted and failed to perform in accordance with known medical standards and procedures.
617. In so doing, the state court is unconstitutionally forcing plaintiffs into a premeditated dismissal of their case. In failing to provide indigent self represented plaintiffs an expert witness doctor in a medical malpractice wrongful death civil action, the state court is forcing plaintiffs to proceed with discovery and to answer the bill of particulars of defendant Mount Sinai Hospital (submitted by their attorneys of Kauffman, Borgeest and Ryan) with the intention to cause plaintiffs to make error in answering discovery and to damage their meritorious case, which discovery demands the production of numerous technical medical procedures, information and knowledge that the plaintiffs cannot produce since they are not doctors and by law they are not medically and legally qualified to produce and to respond.
618. As this federal courts may understand, by law litigants in a medical malpractice wrongful death case are required to present a medical expert witness doctor's testimony at trial otherwise their claims cannot be substantiated and proven successfully.

619. At the same time the state courts are depriving plaintiffs of equal civil rights and access to justice and an equal and fair opportunity to represent their claims and due process by denying them relief of court appointed counsel and expert medical witness while forcing them to continue litigating their case through discovery and trial.

620. In so doing, the state court in effect is acting with malice and purpose in a premeditated unconstitutional fashion, abusing its power and authority against indigent self represented plaintiffs and denying them due process and equal rights.

621. The law CPLR in the State of New York requires that attorneys must present an expert witness doctor's certification of the merits of the case in filing lawsuit of medical malpractice in the state court. No attorney in the State of New York can bring lawsuit without the certificate of merits of an expert witness doctor who reviewed the case and may testify at trial as to the merits of the case.

622. It is submitted that plaintiffs have made numerous efforts to obtain counsel of the private bar and legal services organizations, but to no avail.

623. None of the attorneys of the private bar that plaintiffs consulted with were willing to take the case, stating that their firms do not take cases that are already commenced by pro se litigants, they do not litigate cases involving medical malpractice wrongful death 911 claims, that the plaintiff's case was too complicated as it involved 911 cancer.

624. Too all the legal services organizations and civil liberties institutions whom plaintiffs consulted with and requested representation from stated that their offices are not set up administratively to represent plaintiffs' 911 civil rights case that involves a hospital defendant and 911 medical malpractice wrongful death claims.

625. Furthermore, that these institutions in refusing to represent plaintiffs stated that they have not the funds to take the kind of difficult and costly case of plaintiffs.

**626. However, in 2019 the New York Legal Aid Society executive office did informed plaintiffs that their office would file amicus curie brief before the United States Supreme Court in support of the first impression issue concerning the right to counsel and medical expert witness raised by this special 911 civil rights case involving claims of medical malpractice and wrongful death and where due process is being denied to indigent plaintiffs by the state courts.**

627. In this special 911 civil rights case where it is claimed that Mrs. Rodriguez suffered and died in consequence of the gross negligence and wrongful actions of defendants and where due to their inability to pay the high services costs of an expert medical witness the indigent plaintiffs cannot produce such expert medical witness, which is fundamentally needed in order to (1) assist them in preparing their case through discovery and at trial, (2) comply with the law's requirements that said expert doctor testifies at trial, (3) prove the meritorious claims of plaintiffs and possibly obtain a fair trial and a just judicial determination, the duty to assist them then falls on the very courts, state and federal, who essentially are deemed guardians of the rights of private citizens and who always possess the inherent power and authority, both jurisdictional and legislatively, to issue that legal and equitable relief to indigent self represented plaintiffs pursuant to the Bill of Rights and mandates of the U.S. Constitution's guarantee of due process, free speech, and equal protection of the law.
628. As in this special case Mrs.Rodriguez has been deprived of life, liberty and privacy, court assigned counsel and expert witness is needed and mandated by the US Constitution also in way of protecting and vindicating her rights even after her death.
629. Mrs. Rodriguez's rights to life, liberty and privacy, which defendants to this day continue violating in state court, cannot be effectively represented and protected and justice obtained on her behalf, nor may her voice be properly heard in court thus, if the constitutional relief of assigned counsel and expert witness is not afforded to her.
630. In the absence of fundamental relief not granted by the judicial system, the courts then would be deemed to have further deprived plaintiffs Mrs. Rodriguez's basic rights to life, liberty and privacy and to due process and equal protection of the law under the Constitution and also failed to protect the citizen who here comes pleading through the legal administrator her son plaintiff Mr. Betancourt and whose voice is being heard in her complaint herein that the federal court does justice in her case.
631. So too such fundamental right of counsel and medical expert witness relief, if denied to indigent self represented plaintiffs in a medical malpractice wrongful death 911 civil rights case, would be the equivalent of further deprivation committed by the very United States and New York States governments whose primary duty and responsibility is to protect the lives of the very citizens of the lands that they govern.

632. Without court assigned counsel and an expert medical witness, indigent plaintiffs' ability to represent such other rights secured them by law will be also impaired to the extent that they may not be able to receive justice in the courts where they have sought protection against serious abuses and harms being committed by defendants.
633. Furthermore, that denial of counsel and expert medical witness in this case violates the First, Sixth, Fifth and Fourteenth amendment of the Constitution, denying plaintiffs the right to free speech, the freedom to petition the government for redress of grievances, to due process and to equal protection of the law and to such other rights and privileges as secures the Nineth Amendment of the Constitution.
634. The power of the court to assign counsel and an expert witness in this special case also is found in the very principle that the court's are to balance the differences of power between litigants and in order that the administration of justice is made effective and the court's judgement deemed fair and correct in any civil case.
635. However the primary aim of any court ought to be recognized in the fundamental principle that court's are protectors of the rights of citizens within this democracy and that their oath is to bring about the proper resolution of a civil matter within demands of the United States Constitution and its protection of civil liberties.
636. So too the courts always are vested with the inherent power and authority to grant the relief that indigent pro se plaintiffs' case requires of court assigned counsel and an expert medical witness in pursuance of the safeguards of the federal supreme text United States Constitution and the aims of the principle "in the interest of Justice."
637. Absent relief of court appointed counsel and an expert medical witness it is legally impossible and untenable that plaintiffs by law can be successful in this medical malpractice wrongful death case since they alone cannot represent themselves in such complicated areas of the law, nor may they legally sustain and prove their claims in a civil matter that the law requires the presentation of medical evidence and a medical expert witness to testify at trial about the merits of those claims.
638. By law self represented indigent plaintiffs are not "medical experts" or "legally and medically qualified" to make statements, draw conclusions, offer testimony, and present evidence in support thereto of medical malpractice wrongful death claims.

639. The disqualified judge defendant Madden in denying assigned counsel stated practically that state courts have not been authorized by the State of New York legislature to grant plaintiffs relief of appointed counsel in a medical malpractice case and at the same time she ignored plaintiffs' request of an expert medical witness.
640. Therefore, it is clear that the state courts, acting in conspiracy with all defendants herein, are violating the constitutional rights of plaintiff to free speech, to freely petition the government for redress of grievances, to due process and to the equal protection of the law, both substantive and procedural, and right to obtain Justice.
641. Mrs. Rodriguez lost her life as a result of the negligent wrongful actions of the defendants named in this federal complaint and now the defendants through illegal malicious means and in conspiracy with others thereof have blocked the process by which plaintiffs may represent their cause and obtain justice in denying them due process of the law at the defendants' own state court system.
642. Defendants, by reason of their abuses misconduct and corruption at state courts, now are engaged in the unlawful practices of depriving plaintiffs of constitutional equal rights and a fair opportunity to represent their claims in court, rights to access to the courts and to obtain justice, all with the aim of stopping plaintiffs from establishing claims at trial and obtaining judgment against the involved defendants.
643. As the state record shows, clearly defendants are desperately trying to cover up their wrongs and crimes by unlawfully and in conspiracy with the state courts and others therewith seeking to end the plaintiffs' legal cause; and hence state court denial of appointed counsel and expert medical witness relief is performed in furtherance of the said constitutional injuries and conspiracy to violate against plaintiffs' rights.
644. Plaintiffs request that this federal court grants them relief of court appointed counsel and expert medical witness doctor in order to successfully represent their case pursuant to court discretionary and jurisdictional powers, appointing counsel to represent the indigent self-represented plaintiffs and assigning an expert medical witness doctor to review the medical record, to assist plaintiffs in responding to the defendants' medical discovery demands, and to present credible substantive testimony under oath at trial in support of their claims of medical malpractice wrongful death.
645. Such relief should be granted both as of right pursuant to the Constitution due process and equal protection guarantees and "in the interest of Justice."

# SUPPLEMENTAL JURISDICTION & FEDERAL REMOVAL OF PLAINTIFFS' TIMELY FILED CIVIL ACTION PENDING IN THE STATE COURT

## CAUSE OF ACTION 37

646. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.

647. The district court pursuant to 28 U.S.C. §1441, 28 U.S.C. §1443(1), 28 U.S.C. §1443(2) and 28 U.S.C. §1367 and Article III, Sections 1 and 2 of the Constitution should remove the state action Index No. 101628/2017 pending in the state court so that both cases may be decided under one nucleus in the federal courts jurisdiction and the laws of the United States and "in the interest of Justice."

648. This 911 civil rights case arises under federal law since it concerns 911 Acts of Terror incidents that affected this great nation back in September 11, 2001.

649. Although plaintiffs asserted other state law claims, this case is primarily filed under federal law as it involves claims of violation of plaintiffs' equal civil rights under federal law, acts of the U.S. Congress, and the US Constitution.

650. That federal courts have the expertise and jurisdiction to deal exclusively with such important federal issues as those raised in this verified complaint, and that any state law claims of medical malpractice wrongful death stated in the pending state action do not raise novel and complex issues, nor do such state law claims substantially predominate over the claims of which this federal court has original jurisdiction, and that such state law claims properly belong in and are required to be tried and decided in federal district court pursuant to federal judicial power authorized by Article III, Sections 1 and 2 of the Constitution.

651. It is submitted that the state law claim of medical malpractice wrongful death arises under federal law since the wrongful negligent unlawful acts or omissions of the defendants were performed in violation of the rights of plaintiffs protected under federal law or acts of Congress and the Constitution. Accordingly, this federal district court has original jurisdiction of the medical malpractice wrongful death claim.

652. Although plaintiffs request removal under the federal removal statue, the case pending in state court is removable since it belongs in federal court and the state courts have not made a final determination; nor has there been any discovery or final judgment entered after trial; nor has final orders been made by the state appeals courts.
653. The federal courts should interpret and find under the federal removal statute a legal jurisdictional and constitutional basis for removing the state filed action.
654. That this federal district court is vested with the power and authority to remove the pending state action pursuant to its oath to protect the fundamental equal civil rights of citizens under the United States Constitution and also in order to safeguard and to enforce the very demands of the United States Constitution.
655. The U.S. Congress has not and would not deprive federal courts of judicial power to decide civil rights cases as this one where plaintiffs after filing civil action in the New York State court system are being denied equal civil rights or the right to obtain a fair determination of their claims and to Justice by the very state courts.
656. That initially the plaintiffs filed their action in the state court pro se and without assistance of an attorney and thereafter it became evident that the state court is not convenient forum and certainly plaintiffs will never receive proper adjudication of their claims nor allowed any Justice in the State of New York.
657. Therefore, plaintiffs plead that it is now the duty of the federal district court to exercise judicial action removing the state filed action to within its jurisdiction in order to protect the plaintiffs against further and ongoing abuse, conspiracy and judicial corruption and to ensure that plaintiffs are allowed a fair and equal opportunity to represent their civil rights claims and also in protecting and enforcing the very United States Constitution.
658. That at the pending state action plaintiffs did not seek remedies for all claims arising under federal law, acts of the United States Congress and the US Constitution, which federal claims are herein properly stated in this federal civil action.
659. That the federal removal statute specifically grants this federal district court jurisdiction over the state case that was filed by plaintiffs or otherwise that this federal district court may properly exercise jurisdiction of the state case now pending in state court even though it is plaintiffs seeking removal under the said statute.

660. **That the federal court has and can exercise supplemental jurisdiction over any state law claims that are pendent or ancillary to the federal claims pursuant to 28 U.S.C. §1367 and which federal exercise of jurisdiction will afford plaintiffs a fair opportunity to pursue complete relief in a federal-court lawsuit.**

661. **Essentially, in this case federal removal of pending state action promotes federal judicial efficiency as it affords plaintiffs a fair and equal opportunity to have all claims litigated, decided and resolved by one federal judicial trial court rather than in two trials by the federal court and state courts.**

662. Specifically, 28 U.S.C. §1367(a) provides, in relevant part, that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The "case or controversy" formulation set forth in Article III of the US Constitution confers the federal courts supplemental jurisdiction over state law claims that arise out of a "common nucleus of operative facts" with substantive federal claims.

663. Furthermore, that besides having original jurisdiction over such state law claims under Article III of the US Constitution and supplemental jurisdiction under 28 U.S.C. § 1367(a), the federal court should also authorize removal based on the fact that in this particular case the plaintiffs have been forced to defend against the continuous violations, intentional wrongs, conspiracy and judicial corruption being exercised by defendants in the state court, which unlawful unconstitutional actions now require federal intervention and action to end the same and to protect the aggrieved plaintiffs.

664. Furthermore, that such federal removal statute was originally enacted for the purposes of allowing also plaintiffs to remove a case commenced in state court and more so in this special civil rights case where plaintiffs are alleging an ongoing corruption and violation of their equal civil rights and conspiracy to violate their equal civil rights being executed by the very government defendants New York State and New York State Unified Court System, judicial defendants Joan Madden and Eileen A. Rokower acting together or in consort with corporations Mount Sinai Hospital and law firm Kauffman, Borgeest and Ryan and others unknown co-conspirators.

665. That in reading and applying the federal removal statute title 28 U.S.C. §1441, the federal courts should find an implied right of removal by plaintiffs even though self represented indigent plaintiffs had originally commenced the civil action in state court seeking remedies for state tort law claims.

666. Furthermore, that in the absence of legislative authority or act of congress, the federal courts should expand the jurisdiction of the federal courts recognizing and authorizing the right of removal of state filed actions to federal courts by plaintiffs.

667. That the federal district court pursuant to the federal removal statute can authorize removal and assume jurisdiction over the state filed case both as an exercise of federal judicial power and authority and also "in the interest of Justice."

668. Both the principle of "in the interest of Justice" and the due process mandate of the United States Constitution authorize the plaintiffs to remove their state filed civil action in order that the lives and health of plaintiffs is protected and to ensure that their equal civil rights are protected and represented in the federal courts where Justice may be allowed.

669. **As stated above, the plaintiffs cannot obtain justice in the state courts nor may they enforce in any state courts their rights under any law providing for the equal civil rights of citizens of the United States.**

670. **Honestly this federal district court is informed that plaintiffs now need the protection of the federal judiciary and that removal of state action, which plaintiffs filed on time within the statute of limitations, will secure the benefit of (1) protecting them against further abuses and violations of their rights by the defendants named in this complaint, (2) enforcing their equal civil rights under the laws of the United States and the Constitution and (3) granting plaintiffs equal access to Justice and the equal and fair opportunity to represent all their claims in federal forum that is fair and free of bias prejudice, favoritism and corruption and where it is possible to receive legal remedies and Justice.**

671. **The federal court thus is requested to issue order immediately staying all proceedings and actions pending in the state court and to avoid any further and possible wrongs that the defendants may perform against plaintiffs.**

672. The federal court in exercising jurisdiction of the state case should protect not only the rights of plaintiffs in this action but also its jurisdiction in this matter.

673. Again the plaintiffs at the state forum cannot obtain Justice nor enforce their rights under the law and Constitution of the United States by reason of the defendants' conspiracy to do them harm and to further injure them in the state court action.

674. At the moment the conspiracy is clear and the defendants who are mentioned in this federal complaint are denying plaintiffs of due process and trying to get the case removed from the court system through illegal activity.

675. Plaintiffs do not know but do reasonably suspect and so state herein that it is possible that all or some of the defendants mentioned in this federal complaint are actually actively involved in the said corruption and conspiracy that aims to silence plaintiffs and to deny them the equal rights to represent their cause and obtain Justice.

676. There are genuine concerns and valid reasons to seriously believe that all or some of the defendants named in this federal complaint are aware of this matter and that they each hold an interest in and will benefit from the results of the said continuous unlawful actions and conspiracy to deprive plaintiffs' equal rights under the law, due process rights and other rights protected by the US Constitution.

677. Already Mrs. Rodriguez died due to the wrongs and negligence of defendants who by law, the 911Act of Congress, were required to provide plaintiffs equal and quality medical services as patients of the federal 911 WTC Medical Program.

678. It is the sincere belief of plaintiffs and also based upon personal knowledge and experience therewith that defendants mentioned herein are trying to cover up their wrongs and the fact that they failed to care for plaintiff Mrs. Rodriguez and misappropriated funds provided by the United States Congress while managing and supervising the said federal 911 World Trade Center Medical Program.

679. While plaintiffs have filed lawsuit today in federal court, under the special circumstances of this case the plaintiffs understand and do so rightfully request that the federal district court exercise jurisdiction over the pending state court civil action by removing the same to the federal court where the rights of plaintiffs can be secured against any further injury and foreseeable irreparable harm that the defendants intend to cause and are planning to achieve or executing against the plaintiffs.

680. The federal court is asked to review carefully the attached documents and evidence of plaintiffs' motions filed at the state court that clearly shows the numerous violations of plaintiffs' rights and the kind of misconduct and bias and prejudice that the state court defendants and Mount Sinai Hospital and attorneys Kauffman, Borgeest & Ryan LPP have committed, all trying to get rid off the state case illegally.
681. In addition to the said wrongful actions and conspiracy of defendants, plaintiffs are unable to obtain a fair trial or to have equal access to justice because defendants are denying them due process and equal protection of the law under the Constitution in denying them a much need court assigned counsel and an expert medical witness.
682. As noted at length herein, the state courts are not being honest, fair and truly committed to serving the interest of Justice in this particular case.
683. Plaintiffs honestly believe and state herein that the assignment of the new judge Eileen A. Rokower was likely premeditated and unlawful as part of the said ongoing conspiracy by the state defendants, and that since taking the case already Judge Rokower has exercised much impropriety bias, prejudice and abuse against plaintiffs.
684. Judge Rokower in starting her role as newly assigned judge has immediately threatened to dismiss plaintiffs' case solely upon totally false statements and allegations of Mount Sinai Hospital's attorneys that somehow plaintiffs have failed to comply with discovery demands, which statements are not supported by the record.
685. Juge Rokower has demonstrated a predisposition to dismiss their case unlawfully, motivated to do so upon undue influence by defendants and also the judge's actions may be deemed to have been performed in furtherance of the prior disqualified Judge Madden's misconduct and abuses against plaintiffs or that her actions represent a continuation of the ongoing judicial bias prejudice and misconduct against plaintiffs.
686. Already newly assigned judge Rokower threatens to dismiss plaintiff's case after communicating with Mount Sinai Hospital's attorneys Kauffman, Borgeest and Ryan.
687. Judge Rokower threatens to dismiss the case solely upon an alleged noncompliance of discovery demands concerning medical services and procedures and other technical information and records that cannot be produced because plaintiffs lack sufficient information, knowledge and expertise as they are not doctors and, hence, by law they are not qualified to produce.

688. Defendant judge Rokower has purposefully ignored plaintiffs' request of court assigned counsel and expert witness doctor while also demanding and forcing plaintiffs to comply with Mount Sinai Hospital's attorney's bill of particulars.
689. Furthermore, the newly assigned judge Rokower has intentionally distorted the procedural history of the case, wrongfully stating in a recent order that threatens dismissal that plaintiffs have done nothing in the past 4 years, which is not true; such false and misleading information is not supported by the record and is intended to justify rendering an illegal unconstitutional order dismissing the case for an alleged failure to comply with defendant Mount Sinai Hospital's discovery demands.
**690. During a status conference held on October 20, 2021, Judge Rokower informed plaintiffs that she was retiring from the court system and was not handling the plaintiffs' case any further. At the time Judge Rokower also informed plaintiffs that the New York State Unified Court System would assign a new judge to the case.**
691. However Judge Rokower violated plaintiffs' rights and damaged the case prior to her leaving, issuing an order threatening dismissal that intentionally misconstrued the procedural history and thereafter signing an order to show cause frivolously submitted by defendants Mount Sinai Hospital and attorneys of the firm Kauffman, Borgeest and Ryan seeking dismissal of the action upon the false allegations that plaintiffs had refused or failed to comply with defendants' discovery demands.
692. However, during the October 20, 2021 conference Judge Rokower did stated that she wanted to see the case moving forward and asked the attorneys of defendants if they had provided the medical records to plaintiffs . Judge Rokower however ignored and failed to decide plaintiffs' request for court appointed counsel and expert witness.
693. The federal court is informed that prior to signing the defendant's order to show cause to dismiss Judge Rokower had informed Mr. Betancourt on a telephone call that the status conference of September 1, 2021 had been adjourned to late October 2021.
694. Now Judge Rokower (second or third judge assigned to the case in fact) leaves the case for another assigned judge to decide the defendant's order to show cause that by law should not have been signed in the first place since the discovery status conference was already scheduled in the case.

695. By so doing, Judge Rokower violated plaintiff's due process constitutional rights and committed impropriety in attempting to damage plaintiffs' case prior to exiting.
696. Nevertheless, by law the CPLR Section 3216 statue prohibits dismissal of the case based upon the bogus false allegations stated by defendants and their attorneys who prior to filing their frivolous premature motion to dismiss did not give plaintiffs fair notice of their intention to resume litigation of the case.
697. The federal court hence is fully informed that defendants and their attorneys, acting together and in conspiracy with the very state court and the named judges defendants herein, have tried desperately to obtain an unlawful unethical and unconstitutional dismissal of this important civil rights action.
698. Federal courts are informed that in the state action defendants made numerous frivolous motions or requests for orders from the state court unconstitutionally depriving plaintiffs' rights to justice, including asking state court Judge Madden to issue order prohibiting plaintiffs from obtaining appellate review of prior order and also an order silencing plaintiffs or prohibiting plaintiffs from filing motions made on notice because as counsel Mayouhas falsely stated verbatim "plaintiff's motions was costing the law firm money and the firm was suffering financially."
699. The disqualified judge Madden, as noted herein in the motions submitted with this federal complaint, did eventually issued a prohibition order that unconstitutionally deprived plaintiffs of the due process rights by denying them without reason or legal basis the right to file future motions on notice, which judicial action constitutes abuse of discretion and is clearly forbidden by the state appellate court precedents and the US Constitution.
700. The federal court is fully informed that up until that time plaintiffs had only filed one (1) motion on notice seeking relief of court appointed counsel and which also presented issues relevant to the indigent plaintiffs' inability to retain the services of an expert medical witness, which relief the disqualified judge Madden denied as well.
701. Nevertheless, as noted in this federal complaint, the original judge assigned to the case Judge Madden committed misconduct and violated plaintiffs' constitutional rights by sitting in a case that she knew or should have known that by law she was disqualified and needed to be recused.

702. Yet throughout Judge Madden's supervision of the case plaintiffs suffered much bias prejudice and misconduct which plaintiffs apprehended was also carried out in consort with Mount Sinai Hospital and attorneys at Kauffman, Borgeest & Ryan LPP.
703. The federal court, in exercising federal removal, may be fully informed of the ongoing corruption at the state court in requesting and reading the record and the annexed state filed verified complaint and the motions and exhibits that plaintiffs are submitting with and incorporating into this federal civil rights complaint herein.
704. Needless to say, plaintiffs have recently contacted the New York State Unified Court System offices of the administrative judge of the courts Judge Lawrence Marks and the administrative judge of the New York State Supreme Court, New York County Judge Deborah Kaplan seeking help and informing about the abuses and deprivation of their constitutional rights they are experiencing in state court as a result of the said ongoing conspiracy by defendants.
705. However it is doubtful that those judges can actually intervene and do anything to stop the ongoing abuses and conspiracy being carried out at the state court.
**706. The federal court is to be aware and perceive clearly that already the defendants herein in this federal lawsuit have caused the death of the 911 Hero Ada Rodriguez and now if they succeed in their ongoing conspiracy and illegal actions at the state courts and manage to have the plaintiffs' case dismissed illegally in that state forum, then they in effect would have accomplished silencing dear Ada's voice and the violation of her rights secured under the United States Constitution and Acts of the United States Congress may never be solved and vindicated nor justice obtained for her.**
707. Initially plaintiffs filed lawsuit in the state court innocently and faithfully believing that justice perhaps was possible in that forum, although at the time Mr. Betancourt did worried and was fearful that the state courts may be biased and not truly inclined to do justice in their case and in light of the fact that the matter involves a powerful influential corporation Mount Sinai Hospital.
708. Accordingly, this federal court is asked to remove state action to its jurisdiction, thereby protecting its jurisdiction of this federal lawsuit as well as securing the rights of plaintiffs under the United States Constitution and "in the interest of Justice."

# SOVEREIGN IMMUNITY NOT AVAILABLE TO THE FEDERAL AND STATE DEFENDANTS

## CAUSE OF ACTION 38

709. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.

710. That the defendants federal and state governments, their agencies, department, officers, officials and employees, can be sued, personally and or in their official capacity, in this particular 911 civil rights federal action and are not entitled to any immunity since they intentionally and maliciously have abused their power and authority of their office in violation of the plaintiffs' rights.

711. That the federal and state defendants should not be allowed to enjoy sovereign immunity in this case filed in federal court since their unlawful actions cannot be brought to justice in their state and judicial court system.

712. Therefore, the federal court should find that the state defendants are liable for damages to private citizens plaintiffs in this federal civil rights case since the state defendants have intentionally and purposefully and maliciously deprived plaintiffs of life, liberty and privacy and due process and equal protection of the law rights under the United States Constitution while also continuing to deny them rights and the ability to obtain Justice in the very state courts, forcing therefore that plaintiffs file this lawsuit against state defendants in seeking the federal court's protection.

713. Thus, federal courts should hold that none of the defendants, both federal and state government and also corporation defendants Mount Sinai Hospital, are protected against federal lawsuit filed by private citizens plaintiffs since this suit is not barred by any constitutional sovereign immunity and under the special circumstances of this case defendants do not deserve any special protections from lawsuit.

714. That such sovereign immunity is not found to protect defendants since they have violated federal and constitutional law intentionally and maliciously.

715. Additionally, that sovereign immunity does not shields state defendants in this case where there are colorable claims asserted against state defendants who acting together with the federal defendants and corporation Mount Sinai Hospital have engaged in and practiced an unlawful discriminatory fraud corruption scheme that has seriously and fatally injured the plaintiffs and deprived them of constitutional rights.

716. Importantly, the federal court should properly find that Congress never intended that private citizens are prohibited from suing government defendants in federal court.

717. That this federal court has jurisdiction to hear and to decide this case that seeks monetary and non-monetary judicial relief against the government defendants.

718. In the absence of congressional legislation waiving sovereign immunity in specific cases, federal courts can still exercise jurisdiction of this special civil rights case as a matter of federal judiciary expansion of its own jurisdiction and in order that the wrongs committed by defendants might be properly investigated and resolved.

719. The federal courts should not be deterred from playing a role in the adjudication of justice in important cases as this one where a human being citizen of the United States plaintiff Ada Rodriguez and a 911 Hero has suffered serious injury and died in consequence of the wrongs committed against her by the defendants named in this civil action. Nor should the federal courts fail to intervene in such matters involving the lives of private citizens and their "government that now is acting above the law."

720. Plaintiffs do not have any means of redress or other recourse available to them by which they may receive fair compensation and secure justice against the defendants for the moral wrongs suffered, except that the federal judiciary, it being a natural branch of government, now is required to act as the protector of plaintiffs inasmuch as its duty to do so is ordained by the demands of the very Constitution.

721. Hence this federal court should find that defendants can be sued in their official capacity as well as personal, although plaintiff for reasons described herein do not know or are unable to know the names and identities of all the government officials and employees who are liable to them and against whom damages and non-monetary relief can be sought in this federal civil rights action.

722. The plaintiffs request that this federal courts exercises its jurisdiction of the case and issues judgement after trial against the wrongdoers defendants, holding them accountable for the injuries that they committed against plaintiffs, providing monetary and non-monetary relief including ordering declaratory, injunctive, investigative relief and such other relief that the federal courts find necessary and just under the law and the Constitution and "in the interest of Justice."

**IMMUNITY IS NOT AVAILABLE TO THE JUDICIAL DEFENDANTS JUDGE JOAN MADDEN AND JUDGE EILEEN A. ROKOWER AS LEGAL PROTECTION AGAINST CIVIL LIABILITY LAWSUIT FOR VIOLATION OF THE CONSTITUTIONAL RIGHTS OF PLAINTIFFS**

**CAUSE OF ACTION 39**

723. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.

724. That the defendants JUDGE EILEEN ROKOWER and JUDGE JOAN MADDEN can be sued in this particular civil rights federal action and are not entitled to any immunity absolute or qualified since they intentionally and maliciously have abused their judicial power and authority in violation of the plaintiffs' rights, privileges and immunities under the laws of the United States and State of New York.

725. That both defendants JUDGE EILEEN ROKOWER and JUDGE JOAN MADDEN are part of an ongoing conspiracy at the courts of the State of New York that is managed and operated and controlled by defendants NEW YORK STATE and NEW YORK STATE UNIFIED COURT SYSTEM.

726. That defendant JUDGE JOAN MADDEN purposefully intentionally and maliciously violated the constitutional civil rights of plaintiffs, thereby rendering the judge liable for damages and other judicial relief in this federal court.

727. That the violations of plaintiffs equal civil rights protected by the constitution that defendant JUDGE JOAN MADDEN committed were perform also in consort with the judge's clerks and secretaries and the defendants MOUNT SINAI HOSPITAL and the defendants KAUFFMAN, BORGEEST & RYAN LPP and defendant attorney ELDAR MAYOUHAS and others defendants of the NEW YORK STATE UNIFIED COURT SYSTEM.

728. That defendants have practiced and now are still engaged in the ongoing conspiracy at the state court and in the State of New York that aims to deprive plaintiffs' equal civil rights and due process protected them by the Constitution.

729. Upon information and belief, the defendant JUDGE EILEEN ROKOWER also is participant of the said ongoing unlawful actions and ongoing conspiracy at the state court and in the State of New York Unified Court System that aims to deprive plaintiffs' basic equal rights and due process protected them under the Constitution.

**730. That judicial immunity does not protect judges against lawsuit seeking monetary and non-monetary relief who willfully violate the constitutional rights of plaintiffs and who do so with intent and malice and in conspiracy with others defendants in this civil rights action.**

## THE LAW FIRM KAUFFMAN, BORGEEST AND RYAN AND ATTORNEY ELDAR MAYOUHAS AND OTHER ATTORNEYS AND OTHERS MANAGING THE SAID LAW FIRM HAVE VIOLATED AND ARE CONSPIRING TO VIOLATE THE DUE PROCESS AND EQUAL CIVIL RIGHTS OF PLAINTIFFS AT THE STATE COURT

## CAUSE OF ACTION 40

731. Plaintiffs re-allege, restate and incorporate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.

732. The firm Kauffman, Borgeest and Ryan is secretly conspiring with defendants government and Mount Sinai Hospital in violating the civil rights of plaintiffs.

733. The federal court may learn about of the ongoing specific misconduct abuses and conspiracy to violate plaintiffs civil rights being perpetrated by law firm Kauffman, Borgeest and Ryan, attorney Mayouhas and other attorneys and individuals involved therewith from the state court motions plaintiffs have annexed to this federal complaint, and which legal documents and factual statements are incorporated into this federal complaint with the same effect and full force as set forth herein.

734. The law firm Kauffman, Borgeest and Ryan has exercised much influence and misconduct in the state courts and attorneys, senior partners and others are actively conspiring with the government defendants and their client Mount Sinai Hosital to terminate the state case in a manner that is unconstitutional, corrupt and illegal.

735. As plaintiffs show in this verified federal complaint hereinabove, the defendant law firm Kauffman, Borgeest and Ryan has violated plaintiffs' civil rights under the US Constitution, committing not just misconduct but also conspiring with the very state courts and government defendants to violate the plaintiffs' rights and deny them equal access to justice and the right to represent their claims in court and to have Justice, and as the record of the state action shows.

736. Such corruption at the state courts needs to be stopped and it is clear that at the state courts the plaintiffs will never obtain any justice, nor are they being allowed a fair opportunity to represent their claims under the law due to the ongoing abuses that they are experiencing and the corruption that the state court and government defendants are practicing together with the government defendants and defendant Mount Sinai Hospital and the law firm Kauffman, Borgeest and Ryan.

737. The federal courts are informed that the corruption being exercised at the state courts is part of the plan of the government defendants named in this federal civil rights action and that said illegal corrupt activity aims to absolve the government defendants and Mount Sinai Hospital of wrongdoing and liability.

738. As it is stated above, plaintiffs have contacted administrative judges and other state agencies for assistance, informing of the ongoing corruption. At the moment, plaintiffs are in the process of submitting complaints to New York State Unified Court System administrative judges including Judge Deborah Kaplan and the New York State Commission on Judicial Conduct.

739. However plaintiffs do not have faith that the state court administrators and state commission on judicial conduct will take appropriate actions to end the ongoing illegal criminal activities and corruption in their case at the state courts and that their rights will be protected and that they may be allowed equal access to the courts and a fair and equal opportunity to represent all of their claims and receive Justice.
740. Plaintiffs sincerely state that they have lost faith in the New York State court system and at the state courts it is now evident that they will never receive fairness and allowed Justice in their case. Nor will their constitutional rights be protected and the US Constitution enforced by the state courts.
741. Accordingly, the law firm Kauffman, Borgeest and Ryan and the named attorney Eldar Mayouhas and other attorneys defendants involved in the conspiracy and unlawful conduct against plaintiffs are also equally liable to the plaintiffs and damages and other non-monetary relief including declaratory and injunctive mandamus relief is requested this court awards against them in this federal case.
742. The federal court is asked to issue order finding and declaring that the law firm Kauffman, Borgeest and Ryan and the named attorney Eldar Mayouhas and other attorneys defendants acting together and in consort with the named government defendants have violated and conspired to violate the constitutional rights of plaintiffs and that it issues relief enjoining them from further engaging in such illegal corrupt activity and "in the interest of Justice."

## DISCRIMINATION AGAINST HISPANIC PLAINTIFFS AND VIOLATION OF THIRTEENTH AND FOURTEENTH AMENDEMENTS RIGHTS IN THE RENDERING OF MEDICAL SERVICES BY DEFENDANTS UNDER THE 911 WTC HEALTH PROGRAM

## CAUSE OF ACTION 41

743. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.

744. That defendants' actions were discriminatory and or that defendants are engaged in an unlawful practice that unfairly deprives persons of color or minorities like plaintiffs who are Hispanic of equal civil rights under the law.
745. The plaintiffs state that they sincerely believe and do so strongly and firmly plead with certainty in this federal civil rights verified complaint herein that they have been discriminated against by defendants because plaintiffs are minorities Hispanics.
746. The plaintiffs plead, and as it is more fully stated herein and in the incorporated and annexed verified complaint that plaintiffs filed in the state action, that they have not been treated well nor afforded equal medical services and treatment, or that they have been deprived of equal rights concerning the limited and negligent medical treatment and services that the defendants provide to them at the said 911 World Trade Center Program at Mount Sinai Hospital.
747. That by reason of the foregoing unlawful inhumane negligent and fraudulent actions of defendants at the said 911 WTC Health Program, the defendants have neglected, mistreated, abused, rejected and discriminated against plaintiffs who are Hispanic on the basis of their race, color, ethnicity, national origin and other protected class in violation of the anti-discrimination laws of the State of New York and the United States, Title VI, Civil Rights Act of 1964 and the US Constitution.
748. Title VI, Civil Rights Act of 1964

**§2000d Prohibition against exclusion from participation in, denial of benefits of, and discrimination under federally assisted programs on ground of race, color or national origin**

**No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.**

749. That defendants have neglected the health of minorities Hispanic plaintiffs or refused to treat plaintiffs equally or failed to provide them equal quality competent medical services and treatment (including necessary and prescribed medical treatment and medicine) as required by federal law Zadroga act and other federal law.

750. The federal court should issue order finding and declaring the defendants actions unlawful and discriminatory in violation of the fifth, thirteenth and fourteenth amendments of the Constitution and other federal anti-discrimination laws, including public health federal law and the Zadrogra act and Title VI, Civil Rights Act of 1964.
751. Furthermore, the court should issue order enjoining defendants from engaging in the said sophisticated discriminatory practice and imposing penalties or fines and providing monetary relief as would deter defendants from continuing the said discriminatory practices in administering the 911 WTC Health Program.

## EQUITABLE TOLLING OF STATUE OF LIMITATIONS DOCTRINES SHOULD BE ALLOWED IN THIS SPECIAL 911 CIVIL RIGHTS ACTION

## CAUSE OF ACTION 42

752. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
753. The federal court in reviewing plaintiffs' 911 civil rights verified complaint should find that the case is brought on time.
754. That any statue of limitations should be tolled in consideration of the special circumstances of this 911 civil rights case and "in the interest of Justice."
755. That the doctrine of equitable tolling applies to this case and warrants an extension of the limitations period against defendants, and or otherwise that this federal court should "enforce tolling doctrines and legally suspend any statute of limitations in view and consideration of this special 911 civil rights case concerning serious wrongs of medical malpractice wrongful death and other serious unlawful criminal acts being committed by the defendants."
756. Plaintiffs indigent and self represented do not know all the facts and information and evidence regarding the violations of their rights on account of defendants' ongoing conspiracy and multiple culpable wrongs so as to interpose claims and sue all defendants within any such limitations periods.

757. Only recently did self represented indigent plaintiffs discovered and learned that the government defendants UNITED STATES and NEW YORK STATE, their agencies, departments, officials, officers and employees, were involved and or participated and conspired to perform in the wrongful negligent and unlawful actions of the defendants MOUNT SINAI HOSPITAL.

758. Plaintiffs likewise did not know, and to this day they are not fully aware, of the extent of the participation, involvement and wrongful actions of the government defendants UNITED STATES and NEW YORK STATE, their agencies, department, officers and employees, and that these government defendants are liable to plaintiffs.

759. Accordingly the court should also apply the doctrine of discovery in determining the timeliness of the plaintiff's claims as well.

760. Likewise plaintiffs state that they reasonably believe and do herein state more fully that other unknown defendants, including government defendants and others, might be or are involved in the discriminatory unlawful inhumane actions and conspiracy of the defendant MOUNT SINAI HOSPITAL as concerning their rights as patients of the said federal 911 World Trade Center Medical Program, which information plaintiffs are unable to obtain so as to filed suit against them within the statue of limitations.

761. Furthermore, equitable tolling is justified and authorized here in light of the fact that self represented and indigent plaintiffs were not able to penetrate the privacy policies and secrecy behind the actions of the government defendants UNITED STATES and NEW YORK STATE and the medical corporation MOUNT SINAI HOSPITAL at the 911 World Trade Center Program; nor are they able to obtain true and accurate and valid information, records and evidence directly from defendants so as to know and to become fully aware of the nature of defendants' wrongdoing to the plaintiffs in the course of their operations and administration of the said 911 World Trade Center Program and the medical treatment that defendants failed to provide and or inadequately and unprofessionally provided to plaintiffs.

762. Furthermore, that considering the seriousness of this special 911 civil rights case involving major government defendants, the federal courts ought to apply equitable tolling doctrines extending any statue of limitations and allowing the case to proceed in the federal court system so as to afford plaintiffs indigent and self represented a fair and equal opportunity to represent their cause and to obtain Justice.

763. Equitable tolling of statue of limitation should be allowed in this case since defendants have purposefully and in conspiracy frustrated the process by which plaintiffs may learn of defendants' involvement and unlawful fraudulent actions.

764. To this day plaintiffs do not know the nature and full extent of the government defendants' unlawful actions in the management and operations of the 911 WTC Program at Mount Sinai Hospital; they also lack access to information and evidence that would allow them to know the truth of exactly what wrongs the government defendants have done or are continuously doing in the management and operations of the federal 911 WTC Program at Mount Sinai Hospital's facilities and other facilities, depriving plaintiffs of the right and ability to sue in an expeditious manner.

765. Plaintiffs do not have access to such information, documents, data, contracts and agreements, bills, and other administrative, medical and research documents that are vital to their case and which can tell the nature of defendants' wrongs committed against plaintiffs and other patients who were or are being affected by defendants' unlawful actions under the federal 911 WTC Program at Mount Sinai Hospital and other facilities that are funded, operated and managed by the government defendants.

766. Additionally, that equitable tolling of any statue of limitations is applicable in this special case since the defendants have frustrated the plaintiffs' efforts to discover the injuries that plaintiffs sustained in consequence of defendants' wrongful inhumane unconstitutional fraudulent corrupt and unlawful actions.

767. Sincerely it is a miracle at law that indigent self represented plaintiffs managed to file suit in time on November 17, 2017 in New York State Supreme Court, New York County on their own and without any attorney assistance and also lacking economic means, legal knowledge, expertise and resources and full information regarding defendants' unlawful actions.

768. Again it is reiterated herein that plaintiffs to this day do not know if other defendants, either government agencies, departments, officers, officials, and employees or private companies, institutions and individuals, are involved in the unlawful actions complained against defendants in this federal civil rights action, and it is unlikely that they will ever learn the absolute truth regarding those defendants governments, companies and individuals who might be liable to the plaintiffs.

769. That despite filing this federal lawsuit on time, plaintiffs have diligently attempted to file lawsuit against all defendants but their efforts to do so has been frustrated or rights were denied them by the very ongoing corruption being exercised by the defendants in the state courts and as this federal verified complaint shows.

770. Plaintiffs in truth have been deprived of due process at the state courts and their efforts to bring justice against all defendants and co-conspirators have been frustrated by reason of the defendants' corruption in the very state courts, forcing plaintiffs to file this federal case and to ask the federal court to remove the timely filed civil matter pending in state court as a means of seeking "federal judicial protection."

771. Furthermore, this federal court should apply judicial suspension of any statue of limitations in consideration of the special circumstances of the case and the many difficult and impossible barriers that indigent self represented plaintiffs have faced in attempting to file lawsuit against all defendants and to obtain Justice.

772. Plaintiffs are poor and lack the investigative legal and medical resources required to learn of the injuries and wrongs that defendants committed against them.

773. The federal district court is to consider the facts that plaintiffs desperately sought for years to find legal representation and help both from the private bar and legal services non-profit organizations, but to no avail.

774. In fact when plaintiffs contacted the New York Legal Bar Association their administrator told plaintiffs that "None of my attorneys will take your case. No attorney of my organization will represent you. Your case is too difficult and costly as involves 911 cancer medical malpractice wrongful death claims. My attorneys do not take your type of case on contingency."

775. The same response too was given to plaintiff Mr. Betancourt by the New York Legal Aid Society, stating that they do not take the kind of case that plaintiffs have filed in state court and that their offices administration has not authorized to spend funds in representing a civil case concerning 911 claims of medical malpractice wrongful death and other claims. The Legal Aid Society stated that they only provide representation to cases of family law, criminal law, housing law inter alia but not private lawsuits as plaintiffs' case.

776. Plaintiffs also attempted to obtain representation from the New York Legal Assistance Group located at Thurgood Marshall, United States Courthouse, Room LL22, 40 Centre Street, New York, NY 10007 by visiting their offices more than twice and asking for legal representation, but again the NYLAG denied them legal representation, citing same administrative reasons and excuses as given by other legal services organizations to plaintiffs previously.

777. Furthermore, that plaintiffs sought legal assistance and help and protection also from various United States Congress members but their offices never provided any.

778. Furthermore, in tolling any statue of limitations the federal courts should reason that since Mrs. Rodriguez's death by defendants the plaintiffs diligently and through much desperation and difficulties have made incredible efforts to file suit against defendants in this federal court within the time limitations imposed by law; if any of their claims, thus, is challenged as being brought untimely, this federal court is asked to toll and or to suspend any statue of limitation in light of the difficult and virtually impossible challenges that the plaintiffs have faced in bringing all defendants to court and in asserting all claims that they may have against defendants.

779. Justice is not available in the state courts to the indigent self-represented litigants who, despite making diligent efforts to bring the wrongdoers to Justice against all odds and impossible hurdles, have had to overcome much bias prejudice and corruption taking place at the very state court in which they are representing their claims against powerful influential defendant Mount Sinai Hospital and their law firm.

780. None of the government agencies or institutions or non-profit legal services organizations or members of the private bar or attorneys of private firm or politicians or congressional offices, state and federal, are willing to aid and represent them.

781. In effect plaintiffs have not received any help from anyone in government or congressional members or any legal services organizations or private law firms.

782. Here in this case we are talking about persons who despite lacking the economic, legal and medical means necessary to assert their rights in court also have been denied legal representation by everyone, including the very government, legal services organizations, private legal bar associations and firms.

783. Then too as this federal court may consider and conclude, the state judiciary, the very judicial institution where plaintiffs first sought protection against the evils that defendants were committing against them, further deprived plaintiffs of due process in refusing to grant them relief of court appointed counsel and an expert medical witness in a case concerning medical malpractice wrongful death of a citizen 911 Hero Mrs. Rodriguez, thereby forcing plaintiffs to represent themselves without any assistance of a doctor expert witness and a legal professional attorney.

784. In so doing the state court defendants have acted inhumanely and unjustly, failing to recognize the right to an expert witness and to counsel in this particular case concerning the wrongful death of Mrs. Rodriguez at the hands of defendants, or failing to even grant them appointed counsel and expert witness doctor relief that the US Constitution demands is afforded to plaintiffs as a means of being effectively represented and in order to establish medical negligence and other wrongs.

785. The state court while blaming the New York State Legislature for not authorizing the state court to issue relief of appointed counsel and expert medical witness that plaintiffs requested also demonstrated certain bias and prejudice and a premeditated disposition to deny plaintiffs access to the courts, due process and Justice.

786. In fact at the state court level the assigned judges defendants JUDGE JOAN MADDEN and JUDGE EILEEN A. ROKOWER have forced and are now still forcing plaintiffs to discovery proceedings against the corporate defendant MOUNT SINAI HOSPITAL that is represented by a powerful influential Wall Street law firm defendants KAUFFMAN, BORGEEST & RYAN LPP, which on its website it states that it is a firm comprised of some 150 attorneys.

787. In so doing the state courts are denying plaintiffs the right to obtain a fair and just determination of their claims at trial and to have Justice, it being the case that the courts are violating the very law of the state the New York State Constitution and the New York Civil Practice Law and Rules and the United States Constitution.

788. As noted in this complaint herein above, poor person and pro se plaintiffs by law are not qualified to make medical facts, statements and conclusions thereof nor can they alone and without the assistance of an attorney and a doctor expert witness establish their medical malpractice wrongful death claims at trial.

789. Yet the state courts are also unconstitutionally depriving due process in forcing plaintiffs to submit a complaint without court appointment of an expert medical witness which by law all attorneys are required to present a certification of merits in bringing such medical malpractice wrongful death cases in court.

790. It is submitted that plaintiffs' equal civil rights under the Constitution also are being deprived by state law CPLR regarding the requirement of an expert medical witness that is differently applied against poor person litigants.

791. Plaintiffs are being discriminated against and deprived of equal access to the courts and a fair and equal opportunity under the law and denied due process and Justice as well by the government defendants NEW YORK STATE CONGRESS, NEW YORK STATE UNIFIED COURT SYSTEM, and JUDGE JOAN MADDEN and JUDGE EILEEN A. ROKOWER by reason of state law CPLR requirement of an expert medical witness that is enforced against attorneys but the relief of the same is not provided by the state courts to poor and self represented litigants who cannot afford to hire an expert witness in a medical malpractice wrongful death civil action.

**792. The federal court is asked to declare unconstitutional CPLR 3012-a(f) that pertains to the expert witness requirement in medical malpractice wrongful death civil action, which the state defendants, acting in consort and conspiring with the federal defendants and together with defendants Mount Sinai Hospital and Kauffman, Borgeest & Ryan LPP, are violating against plaintiffs, finding that in all medical malpractice wrongful death civil cases brought by self represented indigent litigants the fundamental right to court appointed counsel and to an expert medical witness is mandated by the United States Constitution.**

793. Also it is stated that plaintiffs made various efforts to contact senators and representatives of the Congress of the State of New York and the United States Congress requesting that their legislature pass law affording such relief of court appointed counsel and expert medical witness to civil litigants who proceed as poor person and self represented in medical malpractice and wrongful death civil actions.
794. However plaintiffs' efforts to obtain legislative action all have been ignored or evaded by the politicians. Politicians never met in person with plaintiffs, but their legal secretaries and employees did stated that they would pass the information to the legislative team and someone will contact them in the future, which never happened.
795. Therefore, in tolling any statue of limitations this federal court should understand the difficult efforts self represented indigent plaintiffs have made to bring defendants in court within the time period allowed by law, and that defendants in denying plaintiffs due process have frustrated the legal process and blocked plaintiffs from asserting rights in federal court, and as demonstrated in this civil complaint.

## POOR PERSON RELIEF

## CAUSE OF ACTION 43

796. Plaintiffs restate every allegation, factual statements and causes of action of the previous paragraphs stated above with the same force and effect as stated fully herein.
797. Plaintiffs demand relief of order granting them poor person status and waiving the court's fees and such other costs in commencing this federal civil rights action.
798. An application for poor person relief is being submitted with this complaint.
799. Plaintiffs are poor and cannot afford the costs or fees involved in the commencement and appeals of this action in the federal courts.
800. Essentially plaintiff Mr.Betancourt is disabled and receiving about $800 in federal social security disability SSI per month, which benefits by law are not considered income and is well below the federal poverty guidelines.
801. Mr. Betancourt also is under Medicaid government medical insurance program.

802. Plaintiffs Mr. Betancourt receives state aid in the form of food stamps in the amount approximately of $330 per month.

803. Plaintiffs do not own any property or business and they do not have any other source of income except for the aforementioned small government disability and food aid that Mr. Betancourt receives.

804. Therefore, this federal court in consideration of the foregoing matters should grant plaintiffs leave to proceed as poor person, waiving the costs and fees associated with the commencement of this civil rights action.

## DEMAND FOR RELIEF

## CAUSE OF ACTION 44

805. Plaintiffs restate re-alleges and incorporates by reference every allegation, factual statements and causes of action of the the above paragraphs with the same force and effect as if fully set out in specific detail herein.

806. Based on the legal and factual allegations stated herein, plaintiffs respectfully pray that this federal court will assume jurisdiction of this 911 civil rights action and after a jury trial, provide relief of rendering a judgment finding the defendants jointly and/or severally liable for the aforementioned causes of action.

807. Plaintiffs demand relief of court judgment awarding plaintiffs damages and other appropriate legal and non-monetary relief finding that defendants violated plaintiffs rights under the FIRST, FOURTH, FIFTH, SIXTH, THIRTEENTH, FOURTEENTH AND NINETH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

808. Therefore, by reason of the unlawful inhumane and cruel actions of defendants, acting under color of federal) and state law, plaintiffs were deprived of basic rights to life, liberty, or property without due process of the law under the Fifth Amendment enforced against the defendant United States and Fourteenth Amendment enforced against the defendant New York State, and for which reason the defendants are liable to the plaintiffs for damages and other relief and Justice in this federal court, and thus plaintiffs pray that this federal court issues judgment awarding them damages.

809. Therefore, that by reason of the unlawful inhumane and cruel actions of defendants committed against the plaintiffs, the defendants deprived plaintiffs of basic rights to freedom of speech under the First Amendment, and for which reason the defendants are liable to plaintiffs for damages and other relief in this federal court.

810. Defendants violated plaintiffs' constitutional basic right to life, liberty and privacy and to free speech and discriminated against plaintiffs, who are non-government Hispanic 911 patients of the said federal 911 WTC Medical Program at Mount Sinai Hospital, in depriving and or failing to provide plaintiffs equal competent quality medical treatment and services, causing plaintiffs to suffer serious permanent injuries or even death as was the case of Mrs. Rodriguez, and for which reason defendants are liable to the plaintiffs for damages and other relief and Justice in this federal court; and thus plaintiffs pray that this federal court issues judgment awarding them damages.

811. Therefore, that by reason of the unlawful inhumane and cruel actions of defendants committed against the plaintiffs, defendants violated the laws and Act of the U.S. Congress and the laws and Act of the New York State Congress pertaining to the 911 rights and benefits of plaintiffs, and for which reason the defendants are liable to the plaintiffs for damages and other relief and Justice in this federal court.

812. 18 U.S. Code § 242 - Deprivation of rights under color of law states as follows:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and...

813. Furthermore, that the defendants New York State, New York State Unified Court System, judge Madden and judge Rokower, are state actors who form, represent or work or act for the State of New York and or that they promote protect and serve the interests of the Government of the State of New York.

814. Furthermore, that defendants judge Madden and judge Rokower are state judicial employees of the State of New York and New York State Unified Court System who promote protect and serve the interests of the Government of the State of New York.

815. Furthermore, judge Madden and judge Rokower are state actors judicial government employees of the State of New York and New York State Unified Court System against whom viable claims asserted in this federal civil rights action seek to hold them accountable and liable for civil damages to the plaintiffs for the unlawful actions and conspiracy to deprive civil rights protected under the Constitution and other federal law that they willfully committed against plaintiffs while performing their official duties as state judges.

816. Wherefore, plaintiffs pray this federal district court renders order pursuant to 42 U.S.C. § 1983 and 18 U.S. Code § 242 awarding damages and imposing fines and such other punishment as may be deemed appropriate necessary and just under the exceptional circumstances of this federal civil rights case, finding that defendants New York State, New York State Unified Court System, judge Madden and judge Rokower, acting under color of state law, deprived plaintiffs of rights, privileges, or immunities secured by the Constitution or laws of the United States; and further awarding damages and finding the judicial defendants Madden and Rokower are personally held liable for civil damages in committing willful intentional misconduct and engaging in conspiracy to deprive plaintiffs' civil rights while performing their duties as state judges; and further as it is stated with specificity in the causes of action hereinabove and revealed also in the attached documents plaintiffs submitted with this verified complaint, awarding damages and finding the named defendant judges Madden and Rokower intelligently and deviously conspired with the defendants Mount Sinai Hospital and defendants law firm Kauffman, Borgeest & Ryan, and defendant attorney Mayouhas to deprive plaintiffs' due process, both substantive and procedural, as well as to deny them equal access to the court and a fair opportunity to represent all their claims and Justice.

817. This federal district court should reason and apprehend properly from the factual allegations stated herein and the documents annexed and incorporated into this federal complaint that the defendants judges themselves being attorneys and smart individuals know very well the rules, codes and canons of professional conduct and the laws under which they are held accountable for committing misconduct and other wrongs while performing their official duties, and hence that it is often difficult to show the true nature and operations of the said ongoing conspiracy in which the judges are involved at the state court and the agreements entered into between the state actors judicial defendants and the defendants Mount Sinai Hospital and defendants law firm Kauffman, Borgeest & Ryan and defendant attorney Mayouhas; furthermore, while supervising the state action the defendants judges Madden and Rokower have arbitrarily, dishonestly, deviously, intentionally and willfully made various adverse unconstitutional orders and exercised abuse of discretion and power solely with the mission to deny plaintiffs' due process of the law and other rights, privileges and immunities secured under the Constitution and laws of the United States, to deny justice to plaintiffs, to damage plaintiffs' meritorious case and to remove same from the state court system unlawfully; and that defendants' unlawful actions were performed in consort with the defendants corporation Mount Sinai Hospital, defendants law firm Kauffman, Borgeest & Ryan, defendant attorney Mayouhas, and other government and corporate entities or individuals unknown to the plaintiffs intended to constitutionally injure plaintiffs as stated in the previous paragraphs and viable causes of action herein above, and that their unlawful unconstitutional actions are overt and premeditated.

818. Furthermore, plaintiffs submit that they do not have any other way of obtaining justice or remedying the egregious scandalous and shocking constitutional wrongs that the named defendants have committed and continue to commit in the state court other than seeking the protection and enforcement of their rights in federal court, and since as noted above the state court system is biased and corrupt and actively conspiring to deny them equal rights secured by the Constitution and federal law.

819. Plaintiffs lack constitutional avenues of relief in the state courts.

820. Although the abuses of the state defendants were motivated by other factors interests and objectives such as those mentioned herein above, during the proceedings at the state court the plaintiffs were often mistreated by the judge Madden who showed partiality in her decisions, undue favoritism toward the corporate defendant Mount Sinai Hospital and attorney Mayouhas.

821. That at one point during a court hearing the judge allowed the attorney to make complete arguments but prohibited indigent self represented plaintiffs from making arguments and addressing the court; also in another instance plaintiffs pro se were not provided an order to show cause that was signed by judge Madden, and hence they could not serve same upon defendants as the law requires.

822. Also the judge intentionally issued an arbitrary unjustified unconstitutional order silencing plaintiffs and denying them the right to make motions on notice, which order the judge rendered unlawfully upon the frivolous request of attorney Mayouhas and prior to leaving the case, thereby damaging the case and constitutionally injuring plaintiffs; then judge Madden as noted also presided over the case in which by law she was disqualified and needed to be recused.

823. Judge Madden remained in the case until plaintiffs filed a motion to recuse citing many events of judicial abuse, misconduct and prejudice and attorney misconduct.

824. Also judge Madden intentionally sidestepped and ignored plaintiffs' request for court appointed expert medical witness which the law the Constitution's guarantee of due process and equal protection requires is afforded to indigent plaintiffs in order to successfully prove at trial medical malpractice wrongful death claims.

825. By so doing judge Madden further violated plaintiffs' constitutional rights with the aim to prevent having a professional expert witness doctor enter the case and assist indigent plaintiffs and testify at trial in support of claims of medical negligence and wrongful death suffered against Mrs. Rodriguez by Mount Sinai Hospital.

826. Further, judge Madden entertained allowed and tolerated various unethical unprofessional misconduct of corporate defendant Mount Sinai Hospital and its attorneys at Kauffman, Borgeest & Ryan, including for example allowing the attorneys to make frivolous requests seeking unconstitutional orders prohibiting plaintiffs from obtaining appellate review and due process.

827. Likewise judge Rokower in furtherance of the ongoing misconduct corruption and conspiracy to constitutionally injure plaintiffs also intentionally signed a frivolous order to show cause that defendants submitted upon the recommendation of the judge; same as her colleague disqualified judge Madden did previously, the newly assigned judge Rokower's conduct was unethical and unlawful since she intentionally sought to damage plaintiffs' case prior to exiting same due to her retirement.

828. Thus clearly numerous instances of judicial misconduct, bias, prejudice and favoritism have damaged the case and injured plaintiffs irreparably; and thus plaintiffs cannot obtain fair impartial process and proper relief and Justice in the state courts.

829. Also appellate relief is not possible since upon information and belief, the state court system is biased against plaintiffs and conspiring with corporation Mount Sinai Hospital and defendants, all or some, named in this federal lawsuit, to corruptively deprive plaintiffs' constitutional rights in favor of absolving all defendants of any wrongdoing by way of an unconstitutional dismissal of the plaintiffs' claims.

830. Hence plaintiffs pray this federal district court issues Judgment awarding damages at trial upon reasoning and finding that plaintiffs were discriminated against and intentionally treated differently from other similarly situated individuals by defendants both at the state courts and the said 911 WTC Health Program at Mount Sinai Hospital, and that the difference in or discriminatory treatment was based on impermissible considerations such as the race or national origin of plaintiffs, or an intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure plaintiffs; and otherwise finding that plaintiffs were intentionally treated differently from others similarly situated and that there was no evident rational basis for the difference in treatment, depriving plaintiffs equal protection of the law secured by the United States Constitution.

831. Furthermore, this federal district court is reminded that already three or four judges have been assigned to the state case, and two of whom left after rendering various unconstitutional orders denying plaintiffs substantive and procedural due process through the exercise of clear abusive judicial misconduct and fabrication of allegations and distortion of procedural history.

832. Upon information and belief, the judges have done so while secretly holding bias and prejudice against plaintiffs and acting under the influence of and showing favoritism toward the defendants corporation Mount Sinai Hospital, law firm Kauffman, Borgeest & Ryan, attorney Mayouhas, and other government and corporate entities or individuals unknown to the plaintiffs.

833. Furthermore, the federal district court is informed that this is an important case involving various government and corporate entities, officials, employees and individuals and the primary claim forming the nucleus of the case is medical malpractice wrongful death suffered against Mrs. Rodriguez which presents other serious matters concerning 911 and wrongdoing by federal and state government and corporation Mount Sinai Hospital, and their actions also involve fraud and criminal activity that has not been reported investigated and punished by the proper authorities.

834. Hence it should be deemed criminal conduct punished by law for anyone to attempt to conceal or to conspire to cover up through unlawful malicious corruptible means the wrongs that were unconstitutionally suffered against private citizens (that is the death of Mrs. Rodriguez and other torts); and furthermore it should be deemed criminal conduct punished by law for anyone to prohibit, through unlawful and corrupt means and other overt activities or conspiracy engaged with others therewith, the proper enforcement of the law and the lawful vindication of the constitutional rights of persons who are injured in consequence of those wrongs in the very courts of the state and nation, which is exactly what the defendants, all or some sued in this federal action, are guilty of doing; and further that the unlawful criminal activity now is being performed by them in furtherance of the objective to unconstitutionally injure plaintiffs for the benefit of those government and corporate entities and persons who caused or were involved in the death of Mrs. Rodriguez and who may ultimately be held liable for civil damages in court, and also intended to cover up their wrongdoings in the management and operations of the 911 WTC Health Program at the federal government and the federal 911 WTC Health Program at Mount Sinai Hospital.

835. Wherefore, plaintiffs pray this federal court renders order pursuant to 18 U.S. Code § 242 imposing fines and such other punishment as may be deemed appropriate and necessary under the exceptional circumstances of this federal civil rights case, finding that the government defendants New York State, New York State Unified Court System, judge Madden and judge Rokower and together with defendants corporation Mount Sinai Hospital, defendants law firm Kauffman, Borgeest & Ryan, and defendant attorney Mayouhas, while acting under color of state law, committed criminal acts by willfully depriving the rights, privileges or immunities of plaintiffs secured or protected by the Constitution or laws of the United States.

836. Therefore, the federal court is asked to render judgment awarding damages and such other legal and equitable relief as the court deems appropriate under the law and finding that by reason of the aforementioned negligent unlawful inhumane fraudulent actions committed against the plaintiffs, the named federal defendants, their departments, agencies, officials, officers, administrators, and employees, acting personally and or in their official capacity, violated the constitutionally protected rights of plaintiffs; and that the federal defendants acting under color of federal authority violated the plaintiffs' constitutionally protected rights; that plaintiffs lack statutory cause of action or an available statutory cause of action does not provide a meaningful remedy; and that an appropriate remedy, namely damages, can be imposed in this federal 911 civil rights action; and that the federal defendants acting under color of federal law violated the constitutionally protected rights of plaintiffs secured them by the United States Constitution's first, fourth, fifth, sixth, ninth, thirteenth and fourteenth amendments and for which reason the federal defendants are liable to the plaintiffs for damages and other relief in this federal court.

837. That the unlawful inhumane and unconstitutional actions of defendants complained by plaintiffs in this 911 civil rights verified complaint herein were performed under color of state law, statue, ordinance, regulation, custom or usage and that such conduct deprived the plaintiffs of rights, privileges, or immunities secured them by the United States Constitution or federal laws of the United States, and for which reason the defendants are liable to the plaintiffs for damages and other relief and Justice in this federal court pursuant to 42 U.S.C. §1983.

838. That the unlawful inhumane, fraudulent, negligent and or intentionally negligent and unconstitutional actions of defendants complained by plaintiffs in this 911 civil rights verified complaint herein were performed in a discriminatory sophisticated and intelligent manner against the plaintiffs who are minorities poor and Hispanic, in violation of the THIRTEENTH and FOURTEENTH AMENDMENTS of the UNITED STATES CONSTITUTION, injuring plaintiffs therefore and for which reason the defendants are liable to the plaintiffs for damages and other relief and Justice in this federal court.

839. Plaintiffs demand relief of Judgment awarding damages against defendants upon finding at trial that defendants named in this federal 911 civil rights complaint have violated the equal civil rights of plaintiffs under the US Constitution as a result of the defendants' medical negligence and gross negligence performed against plaintiffs.

840. Therefore, plaintiffs hereby demand relief of Judgment awarding damages against defendants upon finding at trial that defendants acted negligent in the supervision of officials, officers, administrators, managers, medical staff, and employees respecting the unequal medical services or the reduced, limited, ineffective, incompetent and poor quality of medical services and treatments or the omissions and denial of those medical services and treatments thereof that plaintiffs received and continue to receive at the federal 911 WTC Medical Program at Mount Sinai Hospital, in violation of federal law the Zadroga 911 WTC Health act of the US Congress.

841. Further, plaintiffs demand relief of Judgement awarding damages against defendants and finding at trial that defendants acted negligent in the management supervision and control of the federal 911 WTC Health Program and the federal 911 WTC Medical Program at Mount Sinai Hospital; and further plaintiffs demand relief of Judgement awarding damages against defendants and finding at trial that defendants acted negligent in the management training and supervision of officials, officers, administrators, managers, medical staff, and employees of the 911 WTC Health Program and the federal 911 WTC Medical Program at Mount Sinai Hospital.

842. Plaintiffs hereby demand relief of Judgment awarding damages and finding at trial that solely and as a direct result of the unlawful unconstitutional actions of defendants or the negligent inhumane and culpable conduct or the intentional malicious and negligible wrongdoings or the fraud and corrupt activity and gross negligence medical malpractice of defendants, the plaintiffs have suffered serious and permanent injuries or otherwise suffered the loss of life, as is the case of Mrs. Rodriguez, and violations of their equal civil rights under the laws of the United States and the Constitution as stated in the causes of action herein above, which rights to this day defendants continue violating against plaintiffs, rendering the defendants liable to plaintiffs for damages and other relief that this court deems just.

**843. The federal court is requested to render judgment finding that defendants violated the federal law Zadroga congressional act in the wrongful management, use and distribution of funds allocated by US Congress and also in the wrongful management and administration of the federal 911 WTC Health Program.**

**844. Hence plaintiffs pray this federal court renders order requiring defendants produce all unaltered and complete medical and financial records of the medical treatment and services that plaintiffs received both as patients of Mount Sinai Hospital and the federal 911 World Trade Center Medical Program at Mount Sinai Hospital since early 2002 to the present.**

**845. Plaintiffs pray this federal court orders defendants to produce for audit and inspection by the federal courts and the US Congress and an independent organization or a special investigative commission established by the US Congress all financial records, contracts, expenditure receipts, bills, and purchases made by the government defendants and defendant Mount Sinai Hospital in administering the 911 WTC Health Program established by the US Congress and the 911 WTC Health Program operated at the defendant Mount Sinai Hospital's various facilities.**

**846. The federal court is requested issues order referring this matter to the US Congress for investigation and such further actions that Congress may order in the interest of Justice.**

**847. The federal court is requested renders order directing the very United States to conduct a full audit and investigation of the foregoing matter.**

**848. The federal court is requested that it orders an independent full federal judicial audit and investigation of the foregoing matter or that it orders its own federal judicial audit and investigation to be conducted with the US Congress.**

**849. The federal court is requested that it issues relief enjoining defendants from the foregoing unlawful fraudulent matter as aforementioned herein above so that the unlawful gross-negligent malicious inhumane fraudulent activity is finally STOPPED and the health and lives of 911 first responders and survivors is protected now and in the future.**

**850. The federal court is requested that it issues Judgment awarding plaintiffs damages and other relief at trial and finding and declaring that the defendants intentionally deliberately and maliciously violated and conspired to deprive the rights of 911 first responders survivors plaintiffs under federal law, the Zadroga 911 Health Act, and the US Constitution and other state law or congressional act.**

**851. The federal court is requested that it issues order and judgment, at trial and after investigation of the foregoing matter, finding defendants in violation of federal law, the federal statue of fraud 18 U.S.C. §1031 Major Fraud Against the United States, 18 U.S.C. §371 Conspiracy to Commit Offense or to Defraud the United States, the James Zadroga 9/11 Health and Compensation Act of 2010 (H.R. 847; Pub. L. 111-347 enacted January 2, 2011, and the New York State statute of frauds Consolidated Laws, General Obligations Law - GOB § 5-701.**

852. **The federal court is requested that it issues order imposing penalties and fines and other judicial punishment and injunctive demands against the defendants to end the ongoing inhumane unlawful malicious fraud activity and conspiracy of defendants, and in order to deter and prevent any further violations of the rights of plaintiffs and other 911 first responders and survivors now and in the future.**

853. Wherefore, this federal court it is requested renders Judgment awarding damages and punitive damages and finding and declaring at trial that defendants by engaging in the unlawful conduct complained of in this complaint herein violated the constitutional rights of plaintiffs to life liberty and privacy protected by the Fourth Amendment against unreasonable search and seizure by the government and constitutional rights to due process and equal protection of the law protected by the First, Fifth, Ninth and Fourteenth amendments of the United States Constitution.
854. Plaintiffs who are indigent and self represented hereby demand order granting them relief of court appointed counsel in this federal 911 civil rights action and pursuant to the federal court's rules, the law and the demands of due process under the United States Constitution.
855. Such legal and equitable relief of court assigned counsel plaintiffs hereby duly demand that this federal court grants as of right pursuant to the United States Constitution's guarantee of due process and equal protection of the law and as the special circumstances of the case require.
856. Furthermore, that in addition to the existence of an as of right court appointment of counsel constitutional relief that the case requires, plaintiffs pray the federal court issues order granting same relief of court appointed counsel also as a matter of discretion and in light of the foregoing serious matters pertinent to the continuous abusive inhuman actions of defendants and the meritorious claims stated in this verified complaint and the special circumstances present in the case.
857. Counsel should be assigned in order to protect indigent plaintiffs' rights and interest and to ensure that the demands of due process and equal protection of the law under the Constitution are fully secured them during the course of this litigation.
858. Further, the court should appoint counsel in holding essential principles demands and interests of Justice and to guarantee fairness and Justice is afforded to plaintiffs.
859. Furthermore, the federal court is requested to assign counsel to represent plaintiffs also as a means of ensuring that they receive equal treatment and protection under the law and are allowed equal access to the court and a fair and equal opportunity to represent their meritorious claims in federal court.

860. Relief of court assigned attorney would at minimum assure that the court's judgment is deemed fair correct and legal under the law and that plaintiffs have been afforded a fair and equal opportunity to be heard in court and to have their 911 civil rights complaint decided in a manner that is just within the federal court system.
861. Further, plaintiffs request an order of the federal courts finding that this special 911 civil rights case involves numerous powerful influential government defendants, their departments, agencies officials, officers, managers and employees, and a medical corporation Mount Sinai Hospital, who for all intents and purposes it is clearly performing specific government functions tasks and duties related to their 911 WTC Health Program operations, hired since the September 11, 2001 Acts of Terror by the very government defendants and awarded funds, grants and contracts in the amount of hundreds of millions of dollars to do the specific administrative, operational, medical, research and experimentation works of the government relevant to 911, and, thus, finding Mount Sinai Hospital is acting in consort with and working for the government defendants, thereby rendering its actions one and the same as those of the very government and which colorable actions constitute "state actor" under the law.
862. Additionally, the private medical institution Mount Sinai Hospital is in fact exercising the special exclusively assigned and contracted works, duties and responsibilities and needs of the government defendants while managing, controlling, supervising the day to day operations of the said federal government run 911 WTC Program at their 911 medical and research facility at Mount Sinai Hospital.
863. It is vital, therefore, that the federal court recognizes the fundamental right of plaintiffs to be effectively and professionally represented by an attorney assigned by the court, which relief may then serve the purpose of ensuring that the federal courts make a proper legal and just determination of the case and to also bring forth the Justice that the US Constitution and other federal and state law demand.
864. Indigent and self represented plaintiffs demand order granting relief of court appointed expert witness doctor in this federal 911 civil rights action concerning meritorious claims of medical malpractice wrongful death suffered by plaintiffs or otherwise where it is pleaded specifically that Mrs. Rodriguez's life was ended short and unfairly as a result of the culpable wrongful inhumane and negligent actions and the corrupt and fraudulent activities of defendants named herein.

865. Plaintiffs request that this federal court finds and declares unconstitutional and discriminatory the statue of the CPLR that pertains to the expert witness requirement in medical malpractice wrongful death civil action, which the state defendants, acting in consort and conspiring with the federal defendants and together with defendants Mount Sinai Hospital and Kauffman, Borgeest & Ryan LPP, are violating against the plaintiffs, depriving them of equal civil rights.

866. Furthermore, that in so finding and declaring unconstitutional and discriminatory the aforementioned state law, this federal court should find and declare that in all medical malpractice wrongful death civil cases brought in court by self represented indigent litigants the right to court appointed counsel and to an expert medical witness is fundamental and mandated by the United States Constitution in order to allow due process and equal protection of the law, equal access to the court and a fair opportunity to represent all of their claims and to receive Justice under the law.

867. Plaintiffs demand the federal court issues order finding, voiding striking and declaring unconstitutional the orders of disqualified judge Madden that denied plaintiffs relief of court appointed counsel and expert medical witness, although the state judge ignored and sidestepped plaintiffs' request of expert medical witness.

868. Plaintiffs demand the federal court issues an order finding and declaring unconstitutional and in violation of the rights of plaintiffs the ongoing misconduct, unlawful actions, conspiracy and corrupt activity executed by all or some of the defendants, including the state defendants NEW YORK STATE UNIFIED COURT SYSTEM, JUDGE MADDEN, JUDGE ROKOWER, and corporation defendant MOUNT SINAI HOSPITAL and the law firm KAUFFMAN, BORGEEST & RYAN and attorney ELDAR MAYOUHAS.

869. Furthermore, it is requested the federal court renders order finding at trial that defendants judge Madden and judge Rokower engaged in inappropriate abusive unprofessional and dishonest unethical unconstitutional and unlawful conduct, intentionally and purposefully abused their judicial discretion and power, and denied plaintiffs procedural fairness, access to the courts and Justice in the state action.

870. Furthermore, it is requested the federal court renders order finding and declaring at trial, and also upon exceptional circumstances of this case and upon all facts, incidents and statements provided in the plaintiff's motions attached to this federal verified complaint and all pleadings and proceedings had in the state action thereof, that judge Madden intentionally purposefully and maliciously committed misconduct and acted outside of her jurisdiction, abused her discretion and failed to act in an impartial manner in the course of the judge's supervision of the case; and further finding and declaring that the judge Madden knew and or should have known that she was disqualified from presiding over the case but she still remained on the case, issuing various adverse orders and damaging plaintiff's case in state court, thereby violating her oath and duty and the state law and rules of professional conduct.
871. Furthermore, it is requested the federal court renders order at trial awarding damages, non-monetary relief and other legal relief against the judicial defendants Madden and Rokower and defendants New York State Unified Court System and New York State for violating the equal civil rights of plaintiffs, finding also at trial that the judicial defendants actively, consciously, intentionally, purposefully and maliciously committed and or participated in the aforementioned ongoing corruption and conspiracy to violate the constitutional rights plaintiffs and to deny them Justice in the courts of New York.
872. Furthermore, the federal court it is requested awards damages and finds and declares at trial that in this federal civil rights action the judicial state defendants Madden and Rokower and defendants New York State Unified Court System and New York State are not entitled to any absolute or qualified immunity for the wrongs they committed in their official capacity, and that they are liable to the plaintiffs for civil damages as the unlawful conduct they exercised was in violation of the constitutional rights of plaintiffs; and upon making such findings it is requested that this federal district court issues an order awarding damages and other non-monetary judicial relief together with punitive damages against the above named judicial defendants herein.

873. Furthermore, it is requested the federal court renders order at trial awarding damages against the defendants law firm Kauffman, Borgeest & Ryan, their partners, associates and owners, and attorney Mayouhas for intentionally purposefully and maliciously committing professional misconduct in violation of the constitutional civil rights of plaintiffs and the state law and rules of professional conduct; and further that the federal court issues also an order imposing penalties and other judicial relief upon finding and declaring at trial that the defendants attorneys law firm Kauffman, Borgeest & Ryan, their partners, associates and owners, and attorney Mayouhas actively, consciously, intentionally, purposefully and maliciously committed professional misconduct in violation of the constitutional civil rights of plaintiffs and the state law and rules of professional conduct and that the named law firm and attorney defendants performed or participated in the aforementioned ongoing unlawful activity, corruption and conspiracy to violate the constitutional rights of the plaintiffs and to deny plaintiffs Justice in the courts of New York.

874. Furthermore, it is requested the federal court renders order at trial enjoing the defendants judges Madden and Rokower, and defendants government New York State Unified Court System and New York State, and defendants attorneys law firm Kauffman, Borgeest & Ryan, their partners, associates and owners, and attorney Mayouhas against actively engaging in the aforementioned unlawful constitutional activity and conspiracy; and further issuing federal order mandating that defendants cease and decist and or that they immediately end their ongoing unlawful actions, professional misconduct, bias and prejudice, abuses, corruption and conspiracy exercised against the plaintiffs and intended to deprive the constitutional civil rights of the plaintiffs and to deny them Justice in the courts of the State of New York.

875. Plaintiffs demand that the federal court issues an order granting relief of Judgment duly entered at trial against all federal defendants including UNITED STATES, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES (DHHS), CENTERS FOR DISEASE CONTROL AND PREVENTION (CDC), 911 WTC HEALTH PROGRAM (WTC), NATIONAL INSTITUTE FOR OCCUPATIONAL SAFETY AND HEALTH (NIOSH), pursuant to the federal statue

5 U.S.C. §702, finding and declaring that the federal defendants, agency or officer or administrator or employee thereof, acted or failed to act in an official capacity or under color of legal authority in violation of the equal rights of plaintiffs protected under the United States Constitution, and such further relief other than money damages as the federal courts deem just and proper under the law.

876. Furthermore, that in view of the foregoing special circumstances and the gravity of the matters presented in this 911 federal civil rights case, the plaintiffs have sued in federal district court seeking judicial relief directly under the federal statute 5 U.S.C. §702 prior to administrative agency final decision.

877. The federal courts are asked to render Judgment at trial and to properly reason and judiciously find that in this case it is not legally feasible practical or reasonable under the law that plaintiffs should first attempt to obtain remedies with any of the named federal agencies defendants before seeking judicial review of agency decisions and actions, and since as noted in the claims herein the agencies are engaged in the unlawful acts or conspiracy thereof that has violated the rights of plaintiffs.

878. The federal courts are asked to render Judgment at trial and to properly reason and judiciously find that the federally established 911 WTC Health Program is being managed and operated wrongfully inhumanely and fraudulently and contrary to the will of the US Congress and the requirements of federal law and the US Constitution in that the named departments and agencies have promulgated enacted and enforced arbitrary regulations or rules or policies or conditions and made such arbitrary and capricious decisions and orders affecting and depriving the health rights and benefits of patients 911 first responders and survivors like plaintiffs.

879. Furthermore, the federal courts are asked to properly reason and judiciously find and to render Judgment at trial finding that the involved departments and agencies, officers, administrators and employees responsible for the operations, supervision and administration of the federally established 911 WTC Health Program have made the 911 WTC Health Program restrictive in violation of federal law, depriving plaintiffs of equal access to essential quality medical services and treatments or denying them such quality medical services and treatments thereof that Congress mandated, and as plaintiffs have stated fully at length hereinabove.

880. Thus the plaintiffs demand that the federal court renders order compelling the named departments and agencies to revise and improve their administrative operations to comply with the will and act of Congress respecting the quality medical services and treatment that patients are to receive under the 911 WTC Health Program so as to ensure the program's efficiency and that 911 patients are treated equally and provided competent quality medical care; and further an order directing that there be more accountability and transparency and changes in the manner in which funds grants and contracts are awarded by the federal agencies to participating affiliate health providers within the 911 medical network.

881. Patients of the 911 WTC Health Program need to be properly and fully informed of agency decisions and orders affecting their rights and health benefits; informed also of which medical services and treatments they are entitled to and are authorized by the program administration; and informed of how the funds allocated by the US Congress are actually awarded, used and or spent by both the federal agencies and 911 WTC Health Program administration and 911 medical affiliates like Mount Sinai Hospital.

882. The federal court is informed that during the course of their enrollment as patients of the 911 WTC Health Program at Mount Sinai Hospital the plaintiffs were kept in the dark and never properly informed about these matters. Also the court should understand that the federal government, its departments and agencies, had already contracted with Mount Sinai Hospital since the September 11, 2001 Acts of Terror till about July 2, 2011 when the 911 WTC Health Program was established, providing funds to Mount Sinai Hospital to run the federal program that was formerly called 911 World Trade Center Monitoring and Screening Program.

883. That during that early period 911 patients of the said WTC health program like plaintiffs were not properly and fully informed about how congressional funds were being used and spent by Mount Sinai Hospital administration; and they did not quite understand how their rights to medical benefits services and treatment were being secured, provided or denied, or if Mount Sinai Hospital was acting in their best interest and complying with the demands of Congress and federal law in managing those funds and administering the 911 health program at its facilities.

884. Plaintiffs demand that the federal court issues order referring this matter as stated in this federal 911 civil rights complaint to the UNITED STATES and UNITED STATES CONGRESS, their departments and agencies, for an investigation to be conducted of the unlawful fraudulent activities and corruption exercised by defendants at the federal 911 WTC Medical Program at Mount Sinai Hospital.

885. Plaintiffs demand that the federal court issues order requiring defendants the UNITED STATES and UNITED STATES CONGRESS, and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, their agencies and departments, to perform a full investigation of the unlawful fraudulent activities and corruption exercised by defendants at the federal 911 World Trade Center Medical Program and 911 WTC Health Program at Mount Sinai Hospital and as stated by plaintiffs in this federal 911 civil rights complaint.

886. Plaintiffs demand that the federal court issues order referring the matter for an investigation by the state defendants and requiring defendants the NEW YORK STATE and NEW YORK STATE CONGRESS, and NEW YORK STATE HEALTH DEPARTMENT, their agencies and departments, to perform a full investigation of the unlawful fraudulent activities and corruption exercised by defendants at the federal 911 WTC Medical Program and 911 WTC Health Program at Mount Sinai Hospital and as stated by plaintiffs in this federal 911 civil rights complaint.

887. Plaintiffs demand that the federal court issues an order authorizing and executing its own independent court investigation, separate from any government funded and performed investigations of the same matter, concerning the unlawful fraudulent activities and corruption, and also possibly criminal activities, exercised by defendants pertinent to the federal 911 WTC Medical Program and the 911 WTC Health Program at Mount Sinai Hospital and as stated in this civil rights complaint.

888. Plaintiffs demand that the federal court issues an order granting them relief of federal removal of pending state court action at New York State Supreme Court, New York County Index No. 10128/2017.

**889. Plaintiffs demand that the federal court issues an order granting them relief of federal removal of pending state court action together with an order staying all matters and proceedings now pending in the state court while the federal court assumes and exercises full jurisdiction over the same and in order to protect the federal court's own jurisdiction of this federal 911 civil rights case and to maintain the status quo and to protect plaintiffs against any further irreparable harm and foreseeable violations of the equal civil rights of plaintiffs in this federal 911 civil rights case pending removal proceedings.**

890. Fundamentally, plaintiffs demand relief of Justice that may be found in the federal courts of the United States, and which relief of Justice they come pleading that this district court renders before any monetary damages, making specific findings and rightfully declaring by order that the defendants have egregiously unconstitutionally violated the rights of plaintiffs and that the actions of the named defendants was/is inhumane and torturous and not just negligent.

**891. Plaintiffs demand injunctive relief is issued by this district court directing the defendants to cease and desist their unlawful inhumane discriminatory and fraudulent practices at the federal agency 911 WTC Health Program and the federal 911 World Trade Center Health Program at Mount Sinai Hospital.**

892. Plaintiffs demand monetary relief of damages against all defendants in this action for violating their rights under the FIRST AMENDMENT OF THE CONSTITUTION in an amount that is to be determined at trial by this federal court.

893. Plaintiffs demand monetary relief of damages against all defendants in this action for violating their rights under the FOURTH AMENDMENT OF THE CONSTITUTION in an amount that is to be determined at trial by this federal court.

894. Plaintiffs demand monetary relief of damages against all defendants in this action for violating their rights under the FIFTH AMENDMENT OF THE CONSTITUTION in an amount that is to be determined at trial by this federal court.

895. Plaintiffs demand monetary relief of damages against all defendants in this action for violating their rights under the SIXTH AMENDMENT OF THE CONSTITUTION in an amount that is to be determined at trial by this federal court.

896. Plaintiffs demand monetary relief of damages against all defendants in this action for violating their rights under the NINETH AMENDMENT OF THE CONSTITUTION in an amount that is to be determined at trial by this federal court.
897. Plaintiffs demand monetary relief of damages against all defendants in this action for violating their rights under the THIRTEENTH AMENDMENT OF THE CONSTITUTION in an amount that is to be determined at trial by this federal court.
898. Plaintiffs demand monetary relief of damages against all defendants in this action for violating their rights under the FOURTEENTH AMENDMENT OF THE CONSTITUTION in an amount that is to be determined at trial by this federal court.
899. Plaintiffs demand relief of order directing defendants to apologize to plaintiffs for all the pain and suffering, the agony, the abuses, the torture and the death that they caused plaintiffs and particularly to plaintiffs ADA RODRIGUEZ who now is able to speak and her rights are still protected thanks to the courage and determination of her legal representative her son plaintiff ALBERTO BETANCOURT.
900. Plaintiffs demand an order of this federal court directing defendants to make a public apology and promising that they will no longer engage in and perform their wrongful illegal corrupt negligent inhumane fraudulent discriminatory practices in administering the 911 World Trade Center Program at Mount Sinai Hospital and as stated in this federal 911 civil rights complaint.
901. Plaintiffs demand an order protecting them against any injury abuses and threats to the lives of plaintiffs that defendants are committing or conspiring to commit.
902. Plaintiffs demand injunctive relief of an order enjoining defendants from the unlawful conduct at the state court, since the defendants are violating and conspiring to further deprive plaintiffs' constitutional rights by reason of the aforementioned ongoing corruption and illegal activity and conspiracy to violate plaintiffs' rights being committed by defendants at the state court.
903. Plaintiffs demand injunctive relief of an order enjoining defendants against practicing the unlawful fraudulent conduct at the government defendants and agency 911 WTC Health Program and the 911 WTC Health Program at Mount Sinai Hospital.

904. An order is demanded finding and declaring defendants violated the Acts of US Congress pertaining to 911 funds and health benefits and other rights and benefits that the Congress authorized is provided to 911 survivors first responders like plaintiffs.

**905. Plaintiffs demand an order staying state court action and all proceedings; injunctive relief is demanded to deter ongoing unlawful unconstitutional conduct by defendants and prevent that plaintiffs suffer future irreparable harm as well as preserve the status quo while this court exercises its jurisdiction of the case.**

906. Plaintiffs request judgment, at trial and after investigation of the foregoing matter, finding defendants violated the federal statue of fraud 18 U.S.C. §1031 Major Fraud Against the United States, 18 U.S.C. §371 Conspiracy to Commit Offense or to Defraud the United States, the James Zadroga 9/11 Health and Compensation Act of 2010 (H.R. 847; Pub. L. 111-347 enacted January 2, 2011, and the New York State statute of frauds Consolidated Laws, General Obligations Law - GOB § 5-701.

907. The federal court is requested that it issues order finding and declaring that the defendants deliberately and maliciously violated and conspired to deprive the rights of 911 first responders survivors plaintiffs under federal law, the Zadroga 911 Health Act, and the US Constitution and other state law or congressional act.

908. Plaintiffs request the federal court issues order imposing penalties fines and other judicial punishment and demands against defendants to end the ongoing inhumane unlawful malicious activity and conspiracy and to end further violations of the rights of plaintiffs and other 911 patients responders and survivors now and in the future.

909. Plaintiffs, who are Hispanic and poor, demand an order of this federal court mandating the defendants to make a public non-discrimination statement that their offices do not discriminate on the basis of race, color, national origin, ethnicity, sex, age, gender or any other class that is protected by anti-discrimination state and federal law, together with an order awarding plaintiffs relief of damages for the racially motivated mistreatment and unequal medical services that plaintiffs suffered at the 911 WTC Health Program under the supervision and management of defendants, pursuant to the Title VI, Civil Rights Act of 1964 prohibiting discrimination on the basis of race color or national origin in any federally funded programs or activities, and other anti-discrimination federal civil rights acts and constitutional amendments.

910. Plaintiffs demand an order of this federal court directing the defendants to set aside a fund for the purpose of providing compensation to other persons who were victimized or are being victimized or might be victimized in the future by the unlawful undeterred discriminatory conduct of defendants at the 911 WTC Program at Mount Sinai Hospital and as stated in this federal 911 civil rights complaint.

911. Plaintiffs demand an order of this federal court directing the government defendants to establish a commission to investigate the operations of the said 911 WTC Health Program agency and the said 911 WTC Program at Mount Sinai Hospital since early 2002 and to the present and in order that the UNITED STATES and UNITED STATES CONGRESS determine the efficacy of the medical treatments and services provided to thousands of 911 patients under the said program and to also prevent further injuries and deaths that 911 patients may suffer now and in the future, and as stated in this federal 911 civil rights complaint.

912. Far too many lives have been lost to 911 cancers and other related illnesses under the close watch and care of the government defendants and Mount Sinai Hospital. The district court in exercising jurisdiction and deciding the plaintiffs' claims should also treat this case as serving the interests of other affected persons 911 first responders and survivors who have suffered injury or may likely suffer serious injury or death or irreparable harm at the hands of defendants now and in the future.

913. Plaintiffs demand order finding defendants acted outside of their discretionary authority in making their unconstitutional unlawful decisions and actions.

914. Plaintiffs demand relief and pray that this federal court renders Judgment permanently enjoining defendants from enforcing their customs, policies, patterns, and practices as described herein that violate constitutional rights.

915. Plaintiffs demand relief and pray that this federal court renders Judgment retaining jurisdiction over this civil rights action and orders the defendants to enact implement and enforce proper humane policies and practices including appropriate training and supervision thereof to protect individuals from infringement of their constitutional rights.

916. Therefore, plaintiffs request that this federal court awards punitive damages for the malicious inhumane and fraudulent conduct of defendants, in addition to other damages and compensation that the jury and courts may award; that an award of punitive damages will punish the fraudulent malicious and grossly negligent conduct of defendants and deter abuses that defendants may cause against other 911 WTC Health Program patients in the future.

917. Plaintiffs demand relief of an order requiring the defendant(s) to pay the plaintiffs nominal, compensatory, and punitive damages, as applicable, and as requested in the causes of action fully stated herein above.

918. Plaintiffs demand relief of compensatory damages for the pain and suffering and severe emotional and mental distress caused by the deliberate unlawful malicious inhumane and fraudulent and negligent conduct of the defendants. Compensatory damages relief is to be properly awarded to plaintiffs as determined by the jury and this court after trial finding that plaintiffs suffered embarrassment, humiliation, pain and suffering, mental and emotional distress, among other injuries and damages.

919. Plaintiffs demand an order of this federal court allowing video recording of the proceedings of this case, including video recording of any such conferences and hearings held in the courthouse or the judge's chambers or online, and the trial; that video recordings of the case is to be used for the purpose of transmitting and publishing the matter online for the general public to know and to be properly educated and timely informed of such important public health and safety matters or such crucial matters concerning and affecting the rights of citizens and persons living in the nation and communities; or otherwise that video recordings and transmission and publishing of the case should be permitted in order to serve the fundamental purposes of the press to freely provide necessary important information to the public and the world as an action authorized and rights secured by the First Amendment of the Constitution guaranteeing freedom of speech and freedom of the press.

920. Plaintiffs, who are indigent and self represented, demand relief of order granting them leave to proceed as poor person and waiving the court's fees and such other costs in commencing this federal 911 civil rights action and pursuant to the federal court's rules, the law and the demands of due process under the Constitution.

921. Plaintiffs demand relief of federal court order requiring defendants to pay for all litigation costs, expenses and reasonable attorney's fees associated with the filing of this federal civil rights action pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 1983.

922. The Civil Rights Attorney's Fees Act of 1964 (§ 1988) states as follows:

The Civil Rights Attorney's Fees Act of 19764 (§ 1988) states that "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."

923. Plaintiffs demand relief that the federal courts issue an order requiring the defendants to pay for all litigation costs, expenses, and reasonable attorney's fees associated with the filing, litigation and appeals of this action pursuant to the Federal Rules of Civil Procedure Rule 54, and 42 U.S.C. § 1988 and 42 U.S.C. § 1983 and The Civil Rights Act of 1964 Title VI prohibiting discrimination on the basis of race color or national origin in any federally funded programs or activities, and other anti-discrimination civil rights acts.

924. Plaintiffs request that this federal district court reports and refers this rather important case to the President of the United States Joe Biden and the White House so that their office is timely informed of the foregoing legal and government matters and allowed an opportunity to make such executive decisions and orders as deemed necessary and proper of their administration in enforcing federal law and regulating the operations and evaluating the performance of the federal 911 WTC Health Program thereof, ensuring thereby the compliance of federal law, the James Zadroga 9/11 Health and Compensation Act of 2010 (H.R. 847; Pub. L. 111-347 and guaranteeing the safety and welfare of the nation and citizens who were affected by 911, or otherwise in order that their office authorizes and conducts a full investigation thereof independent of any investigation of the Congress; and further that the President Joe Biden and the White House have an interest in this matter since originally the former President Barack Obama signed the federal 911 Zadroga Law back in July 2, 2011.

925. Alternatively, plaintiffs respectfully request that this federal district court issues an Judgment at trial finding and declaring unconstitutional the Acts of the United States Congress related to the 911 and the federal law "The James Zadroga 9/11 Health and Compensation Act of 2010 (H.R. 847; Pub. L. 111-347 enacted January 2, 2011 and amending the Public Health Service Act adding Title XXXIII The World Trade Center Health Program and establishing the WTC Health Program; and further finding that the said 911 WTC Health Program is being managed supervised and operated by defendants federal government, its department, agencies, officers and administrators, in an unlawful discriminatory and inhumane manner in violation of the rights of plaintiffs and other persons or patients affected; and further finding that the said 911 WTC Health Program at Mount Sinai Hospital is being managed supervised and operated by defendants Mount Sinai Hospital, its officers and administrators, in an unlawful discriminatory and inhumane manner in violation of the rights of plaintiffs and other persons or patients affected, and based upon the facts statements and claims made in the previous paragraphs herein and evidence attached thereto.

926. Plaintiffs respectfully request that this federal district court issues an order properly giving 911 Hero Ada Rodriguez due recognition and honor for her humane brave volunteering work at Ground Zero during the September 11, 2001 Acts of Terror that affected this nation.

927. Color photos of plaintiffs at Ground Zero are annexed to this federal verified complaint and in order to give a clearer humane picture and identity and value to dear Ada Rodriguez a 911 Hero First Responder Volunteer who died for this nation and humanity in defending and valuing the fundamental values of Freedom, Democracy and Justice.

928. Plaintiffs demand such and all other and further, different, general or special relief as in equity the plaintiffs may be entitled and as the federal courts deem just and proper and necessary under the special circumstances of this federal civil rights action and "in the interests of Justice."

929.

**JURY TRIAL DEMANDED**

Dated: New York, New York
October 20, 2021

Respectfully submitted,

ADA RODRIGUEZ
ALBERTO BETANCOURT
PLAINTIFFS PRO SE
601 WEST 112TH STREET, APT.5B
NEW YORK, NEW YORK 10025
zaplix@yahoo.com

TO:

UNITED STATES CONGRESS (congressional members)

UNITED STATES PRESIDENT JOE BIDDEN

UNITED STATES WHITE HOUSE

NEW YORK TIMES

State of New York
County of New York

Subscribed and sworn to before me
This 10 day of Dec 2021 by
Notary Public

WAH HEE LEI
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01LE6151951
QUALIFIED IN KINGS COUNTY
CERTIFICATE FILED IN NEW YORK COUNTY
COMMISSION EXPIRES AUGUST 28, 2022

At a Surrogate's Court of the State of New York, held in and for the County of New York at 31 Chambers Street, New York, New York on the 4th day of September, 2018.

PRESENT:
Hon. **RITA MELLA**
Surrogate

In the Matter of the Administration Proceeding in the Estate of

Ada Rodriguez

, Deceased.

Application of Alberto Betancourt to proceed as a poor person.

IN FORMA PAUPERIS
ORDER

File No: 2018-3451

Upon reading and filing the affidavit of Alberto Betancourt, duly executed on the 4th day of September, 2018, requesting permission to proceed as a poor person and to waive court fees to file a proceeding for Letters of Administration, due to the inability of petitioner to currently pay the associated filing fee, and due deliberation having been had; it is

ORDERED, that petitioner's application to proceed as a poor person and waive court fees is granted to the extent that the fees will be paid when and if it is determined that the estate is in possession of funds sufficient to reimburse the Court for the amount of the filing fees waived.

~~Surrogate~~ Surrogate

**[Print in black ink all areas in bold letters. A complaint must be served in response to a demand or notice of appearance (CPLR 3012(b))]**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------x

Alberto Betancourt, personally, and as Next of Kin and on behalf of Ada Rodriguez, Decedent
**[your name(s)]** Plaintiff(s),

- against-

Mount Sinai Hospital, and also, John Doe / Jane Doe, et al.
**[name(s) of party being sued]** Defendant(s).

---------------------------------------------------------------x

SUMMONS WITH NOTICE

**Index Number**
101628-17 (N/F)

**Date Index Number Purchased**
11/15, 2017

JUL 11 2018 17:05

To the Person(s) Named as Defendant(s) above:

PLEASE TAKE NOTICE THAT YOU ARE SUMMONED and required to serve upon plaintiff, at the address stated below, a notice of appearance or demand for a complaint within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to serve a notice of appearance or demand for a complaint, a judgment will be entered against you by default for the relief demanded herein.

Dated: November 13, 2017
**[date of summons]**

[signature]
**[sign your name]**

Alberto Betancourt
**[print your name]**

601 West 112th St, Apt 5B
New York, New York 10025

**[your address(es), telephone number(s)]**

FILED
NOV 15 2017
COUNTY CLERK'S OFFICE
NEW YORK

Defendant(s) Mount Sinai Hospital
East 101st street
New York, New York
10029

**[address(es) of party being sued]**

NEW YORK
COUNTY CLERK'S OFFICE
JUL 13 2018
NOT COMPARED
WITH COPY FILE

CommenceAction - 1/2014

Notice: The nature of this action is [briefly describe the nature of your case against the defendant(s), such as breach of contract, negligence]:

Personal Injury, Medical Malpractice, Negligence Wrongful Death

The relief sought is [briefly describe the kind of relief you are asking for, such as money damages of $25,000] Judgment in the amount of $100,000.000 One hundred Million dollars plus any interests due and together with any such relief as the court deems just and proper under the law and in the interest of JUSTICE

Should defendant(s) fail to appear herein or demand a complaint, judgment will be entered by default for the sum of $100,000.000 [amount of money demanded] with interest from the date of the incident [date from which interest on the amount demanded is claimed] and the costs of this action.

Venue:

Plaintiff(s) designate New York County as the place of trial. The basis of this delegation is [check box that applies]:

- X Plaintiff's(s') residence in New York County
- ☐ Defendant's(s') residence in New York County
- ☐ Other [See CPLR Article 5]: ____________________

NEW YORK
COUNTY CLERK'S OFFICE

JUL 13 2018

NOT COMPARED
WITH COPY FILE

[Using black ink, fill in all blank lines next to brackets. Other spaces are for Court use.]

FILED
NOV 17 2017
COUNTY CLERK'S OFFICE
NEW YORK

At an Ex Parte part of the Supreme Court of the State of New York, held in and for the County of New York, at the Courthouse thereof, 60 Centre Street, New York, N.Y., on the 15th day of November, 2017

PRESENT: HON. MARTIN SCHOENFELD J.S.C.
Justice of the Supreme Court

Application of Alberto Betancourt, personally, and as Next of Kin and on behalf of Ada Rodriguez, Decedent
[Name(s)] Plaintiff/Petitioner,
for leave to bring a matter as a Poor Person pursuant to Article 11 of the Civil Practice Law and Rules

- against -

Mount Sinai Hospital, and also John Doe/ Jane Doe, et al
[Name(s) of all Defendants/Respondents]

POOR PERSON ORDER

Index No. 101628-17

Upon the affidavit of applicant Alberto Betancourt [name] sworn to on 11/13/17 [date] and the Summons and Complaint/Petition/(Summons With Notice) [circle one] dated 11/13/17 [date] and it being alleged that applicant has a good cause of action or claim based upon [briefly describe the kind of lawsuit being brought] Personal Injury, Medical Malpractice, Wrongful Death Negligence

And it being alleged that applicant is unable to pay costs, fees and disbursements to bring this action, and that there is no other person beneficially interested in this matter, the application is hereby

☑ **GRANTED, and it is ORDERED**, that applicant is permitted to bring this action or proceeding as a poor person against **[name all defendants]** Mount Sinai Hospital, John Doe and Jane Doe

and it is further Ordered that any recovery by judgment or settlement in favor of applicant shall be paid to the clerk of the court to await distribution pursuant to court order, and that the Clerk of the Court shall make no charge for court costs or fees in connection with this case, including one certified copy of the judgment.

☐ **DENIED, and it is ORDERED** that, pursuant to CPLR 1101(d), and in accordance with that Section, applicant is notified that if the required Index No. fees are not paid within 120 days of this Order, this action will be dismissed, and the Clerk of this court is hereby directed to enter judgment dismissing this action if the index number fee is not paid within 120 days of this Order. Service of any papers containing the above index number after denial of the CPLR 1101(d) application and prior to payment of the index number fee must be made with a copy of this order annexed, including the explanation that if the index number fee is not paid within 120 days of this order, the action will be dismissed.

ENTER:
MARTIN SCHOENFELD
J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Alberto Betancourt as Next of Kin and on behalf of
Ada Rodriguez, Decent,

Plaintiff,

- Against -

Mount Sinai Hospital, Defendant,

Index No.: ___________/2017

**PLAINTIFF'S AFFIDAVIT IN SUPPORT OF POOR PERSON ORDER**

I Alberto Betancourt, plaintiff, residing at 601 West 112th Street, Apt.5B, New York, New York 10025, hereby state the following is true and under penalty of perjury:

I am Alberto Betancourt, the plaintiff, personally, and acting as Next of Kin and on behalf of my mother Ada Rodriguez, Decedent, respectfully submit this Affidavit in Support of the Poor Person Order Permitting me to initiate this action for Personal Injury and Wrongful Death.

The defendant is Mount Sinai Hospital whose address is E 101st Street, New York, New York 10029.

I ask that the Court grants an Order granting a waiver of the Court's fees permitting me to proceed as poor person in this action.

I sincerely state that I am poor, unable to afford the costs/fees of initiating and litigating this civil action. Presently I am disabled, receiving Social Security Income from the federal and state governments. My **SSI disability** income is $754 per month. I also am under **Medicaid** Health Insurance.

I respectfully submit that this action has merit as it concerns the wrongful and negligent actions of defendant Mount Sinai Hospital Corporation committed against my dear mother Ada Rodriguez who is now deceased.

I am disabled because of the 911 tragedy that affected this nation and its people.

Both my mother Ada Rodriguez and I are 911 volunteers and first responders. For over a month we worked very hard and gave our hearts and souls at Ground Zero during that tragic event.

My dear mother Ada Rodriguez passed away on November 16, 2015 because of colon cancer that the defendant Mount Sinai Hospital treated and/or operated on. However in the process **"the defendant Mount Sinai Hospital committed serious unethical inhumane negligent acts of medical malpractice, including inter alia misdiagnosing patient Ada Rodriguez, providing her the wrong medication, failing to perform proper medical procedures in accordance with medical standards and the law, and unnecessarily causing patient Ada Rodriguez, a cancer patient, to suffer severely much pain and suffering."**

Furthermore, I state that my dear mother Ada Rodriguez spent about a month at home in bed suffering incredible amounts of pain, vomiting and diarrhea daily, causing her to lose 55 lbs approximately without being properly treated by defendant Mount Sinai Hospital.

That after my dear mother Ada Rodriguez had visited the defendant Mount Sinai Hospital's emergency room on or about September 2015, she was not treated at all by doctors and instead she was sent home right away without defendant even caring to take xrays properly and to perform the necessary medical procedures to determine the cause of her medical condition.

Moreover, that consequently my dear mother Ada Rodriguez was forced to return to the hospital on her own after the pain and suffering became unbearable in or about October 2015.

That the defendant Mount Sinai Hospital, its doctors and medical personnel, later "apologized" to my dear mother Ada Rodriguez for its/their negligence and wrongdoing and they then admitted her in the hospital and performed a series of medical tests to determine the cause of her medical condition. Afterward, the defendant performed a cscan, an endoscopy and other tests and it was then determined that my dear mother Ada Rodriguez had a mass in her colon that was cancerous. Then the defendant Mount Sinai Hospital operated on my mother's cancer and within 5 days after surgery released my mother to her home where she was to recover under home supervision.

Moreover, that when my mother became too ill at home I on Friday, November 13, 2015 called defendant Mount Sinai Hospital many times seeking advice and assistance from oncologist and doctors but none was provided. They said that a doctor would return my call but no one called me back and no one from Mount Sinai Hospital assisted my dear mother.

I then spoke to the treating nurse who had been assigned to my dear mother's case and she told me: "The hospital does not want to admit your mother again because if they do then the government Medicare will not pay them their money".

Eventually, the following Monday, November 16, 2015 my dear mother Ada Rodriguez died. To my surprise and deep sadness, I discovered Ada's body in bed on or about 9 am of that day when the home attendant had arrived at home.

I honestly state to the Court that I remember my mother's words when she returned home back in September 2015 after she had visited the Mount Sinai Hospital emergency room: **"They did nothing for me. The doctors sent me home right away without even doing any proper testing and five minutes after they took an xray. They never saw the xray."**

That because of the defendant Mount Sinai Hospital's negligence and unprofessional medical treatment of my dear mother Ada Rodriguez, she, a cancer patient, suffered severe pain and suffering, and for which reasons defendant Mount Sinai Hospital is liable to decedent.

I respectfully inform this Court that I have been injured beyond understanding and my pain and suffering has no price. No words and no money can heal my pain. My dear mother Ada Rodriguez, who now is a hero of 911, died for this country United States and for humanity. I remember Ada working very hard day and night nonstop at Ground Zero, performing all kinds of works and receiving orders from different government personnel including the New York Police Department, New York Fire Department, FEMA, among others. She attended to the needs of rescuers and government employees among other things in helping provide food and clothing and medicine and donations that would arrive at a local church Chapel that was assigned as a donation center at Ground Zero. Ada also was one of the first women who worked next to men at the bucket brigade on Ground Zero. She helped in rescue and cleaning operations as well, and as I remember my mother doing back in September 2001.

I realize that now she has passed away and defendant Mount Sinai Hospital has certified her cancer as 911 related diseases.

Furthermore, that my dear mother Ada Rodriguez and I have been treated at the defendant Mount Sinai Hospital World Trade Center Monitoring and Screening Program for many years since the 911 tragedy. We have been part of the Mount Sinai Hospital World Trade Center Monitoring and Screening Program that is funded by the government, and, therefore, we should have received better and proper and humane treatment than what was provided to my dear mother Ada Rodriguez. The defendant Mount Sinai Hospital has all the medical records of my mother and I. However the defendant disregarded the fact that my mother is a patient of their 911 World Trade Center Monitoring and Screening Program at Mount Sinai Hospital, this despite the fact that my dear mother Ada Rodriguez handed and showed the defendant her Mount Sinai Hospital 911 World Trade Center Monitoring and Screening Program Identification Card.

Furthermore, that only recently I was in talks with the lawfirm Barasch McGarry Salzman & Penson, 11 Park Place, 18th Floor, New York, New York 10007 and they are representing my dear mother Ada Rodriguez's 911 Victim Compensation Claim filed with the 911 Victim Compensation Fund.

I was then informed of the fact that I needed to file a lawsuit for wrongful death and medical malpractice and/or negligence against defendant Mount Sinai Hospital.

I am now seeking an attorney to represent this civil case as I have not yet discussed this matter properly with an attorney, except for the meetings I have had with the attorneys at Barasch McGarry Salzman & Penson.

Accordingly, I ask that this Court grants me the relief herein requested so that defendant defendant Mount Sinai Hospital is held liable and justice for Ada may be achieved.

I have not asked for this relief in this action previously.

WHEREFORE, for all the above stated reasons, I Alberto Betancourt plaintiff respectfully ask that this Court grants me (and my dear mother Ada Rodriguez in spirit) the relief herein requested, together with any other such relief that this Court deems just and proper under the law and in the interest of Justice, and in the name of God.

Dated: November 13, 2017

Alberto Betancourt

**State of New York**
**County of New York**

Sworn to me this 13th day of November, 2017 .

Notary Public

JUNISE JAIME
Notary Public, State of New York
Reg. No. 04JA6325007
Qualified in New York County
Commission Expires May 18, 2019

TRA

★

INSU

MAILING

RECEIVED
DEC 14 2021
PRO SE OFFICE

SONY

Pro Se