SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Alberto Betancourt personally and as Next of Kin and Administrator of the Estate of Ada Rodriguez, Decedent, Plaintiffs,

Index No.: 101628/2017

- Against -

**TRIAL BY JURY DEMANDED**

NEW YORK
COUNTY CLERK'S OFFICE
SEP 30 2019
NOT COMPARED
WITH COPY FILE

**PLAINTIFFS VERIFIED COMPLAINT**

Mount Sinai Hospital, John Doe, Jane Doe, Et als., Defendants,

PLAINTIFFS ALBERTO BETANCOURT, Personally and as Next of Kin and Administrator of the Estate of ADA RODRIGUEZ, as and for their Verified Complaint, complaining of the defendants MOUT SINAI HOSPITAL, and JOHN DOE, JANE DOE, ET ALS, hereby state:

**TRIAL BY JURY DEMANDED**

1. The plaintiffs demand a trial by jury.

## VENUE

2. Plaintiffs Ada Rodriguez, deceased, and Alberto Betancourt reside a 601 West 112th Street, Apt.5B, New York, New York 10025.
3. Defendant Mount Sinai Hospital is a hospital incorporated within the State of New York, City of New York and located and doing business at 1468 Madison Avenue, New York, New York 10029.
4. Defendants Saint Luke's Hospital is a hospital incorporated within the State of New York, City of New York and located and doing business at 1111 Amsterdam Avenue, New York, New York 10025.
5. Plaintiffs currently do not know the full names identities and occupations and locations of other defendants actors participants and or conspirators involved in the defendants Mount Sinai Hospital's wrongful negligent and unlawful actions committed against the plaintiffs and as stated in this Verified Complaint herein; plaintiffs therefore preserve the right to further amend this Verified Complaint and to add other defendants and or to include additional causes of action against defendants pursuant to the law CPLR and as such information becomes necessary and discoverable during the course of this medical malpractice civil litigation.

## JURISDICTION

6. That this Supreme Court being a court of general jurisdiction has statutory jurisdiction to hear and decide this medical malpractice case and pursuant to tort laws of this State of New York, the Civil Procedures Law and Rules CPLR and other laws and statutes.
7. That this Supreme Court has subject matter jurisdiction over this medical malpractice case and can award plaintiffs the relief requested in the Verified Complaint herein.
8. That the amount in controversy is greater than the statutory minimum amount required for this Supreme Court to adjudicate civil cases.

9. That plaintiff Alberto Betancourt is the Administrator of the Estate of his dear mother plaintiff Ada Rodriguez as per the order of the New York Surrogates' Court Judge Rita Mella. See record for copies of all orders filed in the case.
10. Therefore plaintiff Alberto Betancourt has legal capacity to sue as the Administrator of the Estate of Ada Rodriguez and, as such, he is legally authorized to initiate and to litigate this civil action as well as to represent the rights of his mother plaintiff Ada Rodriguez and as per the New York Surrogates' Court Judge Rita Mella's order and the order of this Supreme Court (Judge Madden) dated May 23, 2019 denying the defendants Mount Sinai Hospital's motion to dismiss and finding that the case was brought on time and the order of August 1, 2019 directing the amendment of the caption substituting plaintiff Alberto Betancourt as the administrator of the estate of plaintiff Ada Rodriguez.
11. Therefore plaintiff Alberto Betancourt is also personally suing the defendants both for the wrongs and malpractice that defendants committed personally against him as patient of defendants and in direct consequence of the wrongs and malpractice that the defendants committed against his dear mother plaintiff Ada Rodriguez.

## AS AND FOR A FIRST CAUSE OF ACTION

12. The plaintiffs repeat each and every allegation and statements of paragraphs 1 through 11 as it is set forth in full and with the same force herein.
13. This civil action was commenced on time pursuant to the CPLR by filing of Summons with Notice on November 17, 2017 as per the order of the Supreme Court (Judge Schoenfeld) dated and filed November 17, 2017 granting plaintiffs Alberto Betancourt and Ada Rodriguez leave to proceed as poor person.
14. Service of the Summons with Notice was timely executed upon the defendants Mount Sinai Hospital on July 11, 2018 and filed with the Clerk of the Court on July 13, 2018 and as per the order of Supreme Court (Judge Goetz) dated and filed on March 15, 2018 granting plaintiffs relief of an extension of time to serve and file Summons with Notice.

15. The Supreme Court declared the action was commenced timely pursuant to its order of May 23, 2019 and the order dated August 1, 2019 and filed August 13, 2029.

## AS AND FOR A SECOND CAUSE OF ACTION

16. Plaintiffs repeat each and every allegation and statements of paragraphs 12 through 15 of the FIRST CAUSE OF ACTION as it is set forth in full and with the same force herein.
17. On or about September 17, 2015 the plaintiff Ada Rodriguez was a patient of the defendant Mount Sinai Hospital.
18. Plaintiff Ada Rodriguez visited the defendants Mount Sinai Hospital Emergency Room on September 17, 2015 inter alia complaining repeatedly of severe unbearable pains and sufferings in her abdomen intestines area, discomforts and pain in using her bowels, an inability to properly use her bowels and or difficulties doing her necessities, vomiting and diarrhea, and other medical difficulties that she was experiencing at the time.
19. That on September 17, 2015 the defendants Mount Sinai Hospital neglected and failed to treat and to cure plaintiff Ada Rodriguez's health by ignoring her health conditions and complaints of experiencing severe unbearable pains and sufferings in her abdomen intestines area, discomforts and pain in using her bowels or an inability to properly use her bowels and to do her necessities in the bathroom, vomiting and diarrhea, and other medical difficulties that she was experiencing at the time.
20. That defendants Mount Sinai Hospital in so doing denied emergency medical assistance to plaintiff Ada Rodriguez, thereby causing her to suffer serious and deadly injuries.
21. That as a direct result of the defendants Mount Sinai Hospital's negligent actions the plaintiff Ada Rodriguez sustained serious and permanent health injuries inter alia consisting of increased pains and sufferings in her abdomen intestines areas, blockage of her intestines, an inability to use her bowels and to do her necessities in the bathroom, experiencing frequent and more serious vomiting and diarrhea, and an inability to eat and to process foods, thereby plaintiff Ada Rodriguez's cancer of the colon condition to grow worse and the more painful and unbearable and agonizing.

22. That by reason of and as a direct result of the defendants Mount Sinai Hospital's negligent actions the plaintiff Ada Rodriguez sustained serious and permanent injuries and suffered death for which the defendants Mount Sinai Hospital is/are liable to the plaintiffs for damages to be recovered in this court.

## AS AND FOR A THIRD CAUSE OF ACTION

23. The plaintiffs repeat each and every allegation and statements of paragraphs 16 through 22 of the SECOND CAUSE OF ACTION as it is set forth in full and with the same force herein.
24. That defendants Mount Sinai Hospital furthermore failed to properly diagnose and to treat and cure plaintiff Ada Rodriguez's health condition cancer of the colon, thereby causing her serious permanent and deadly injuries.
25. That as a direct result of the defendants Mount Sinai Hospital's negligent actions the plaintiff Ada Rodriguez's health sustained serious injuries inter alia consisting of increased pains and sufferings in her abdomen intestines areas, blockage of her intestines, an inability to use her bowels and to do her necessities in the bathroom, experiencing frequent and more serious vomiting and diarrhea, and an inability to eat and to process foods, thereby causing plaintiff Ada Rodriguez's cancer of the colon to develop further and to grow increase and/or become worse and the more painful unbearable and agonizing, all to the detriment of the patient plaintiff Ada Rodriguez.
26. That by reason of the foregoing and as a direct result of the defendants Mount Sinai Hospital's negligent actions the plaintiff Ada's health sustained serious injuries and suffered death for which the defendants Mount Sinai Hospital is/are liable to the plaintiffs for damages.

## AS AND FOR A FOURTH CAUSE OF ACTION

27. The plaintiffs repeat each and every allegation and statements of paragraphs 23 through 26 of the THIRD CAUSE OF ACTION as it is set forth in full and with the same force herein.
28. Upon information and belief, and at all times herein mentioned, that on September 17, 2015 ER doctors of the defendants Mount Sinai Hospital ill advised and wrongfully informed plaintiff Ada Rodriguez that her medical health condition was an infection, and, therefore, the only medicine they prescribed her was the antibiotics CIPRO, which medication did not improved her health condition of cancer of the colon and instead it made her health condition become worse, thereby causing plaintiff Ada Rodriguez to suffer serious injuries and severe pains and sufferings consequently.
29. Furthermore, that the doctors of defendants Mount Sinai Hospital Emergency Room quickly released and sent home the plaintiff Ada Rodriguez under the faulty recommendations and ill advises that "her health condition was simply an infection from which she would recover by taking the said prescribed CIPRO antibiotics medication," and without providing her any further and needed medical assistance to the patient.
30. Consequently plaintiff Ada Rodriguez lost about 60 lbs during the period she stayed at home trusting in the wrongful recommendations and the ill advice of the doctors from September 17, 2015 to the time of her second visit to the Mount Sinai Hospital Emergency Room on October 23, 2015.
31. Consequently, that solely because of the hospital's malpractice and due to the said wrongful recommendations and the ill advise of doctors at defendants Mount Sinai Hospital Emergency Room, plaintiff Ada Rodriguez did not received any medical assistance or treatment of her cancer of the colon during the same period, except that she continued taking the said antibiotic CIPRO medication that doctors had prescribed her to treat what they believed was allegedly an infection and from which she was to recover.

32. That by reason of the foregoing, and at all times herein mentioned, plaintiffs state that the defendants Mount Sinai Hospital failed to properly diagnose and to treat and cure plaintiff Ada Rodriguez's health condition cancer of the colon; and that the delay in the diagnosis directly caused her serious and permanent injuries including inter alia an increased pains and sufferings, increased and worsening of her cancer of the colon health condition, increased fevers, diarrhea, vomiting, incapacity to use her bowel movements and to do her daily necessities, difficulties with breathing, high blood pressure, pulmonary embolism, and other illnesses and medical conditions.

33. That based on the foregoing reasons, the defendants Mount Sinai Hospital was then wrong and committed malpractice in quickly discharging and sending home plaintiff Ada Rodriguez without performing the required additional tests, exams, lab and blood works, x-rays, ct-scans, mris, endoscopy, colonoscopy, and other medical procedures and tests that if performed at the time and in a competent manner of care would have detected plaintiff Ada Rodriguez's cancer and required its proper and continuous treatment and cure thereof, thereby allowing plaintiff Ada Rodriguez to survive her cancer of the colon health condition and to live.

34. That said cancer of the colon relatively have a high survival rate when detected and treated timely at an early stage of growth or before the said cancers have developed and matured and/or metastasized and become advanced and spread to other areas of the body of a patient, and according to known published medical journals or papers or research conducted by leading medical authorities and or medical research institutions like Mayo clinic and other respectable trustworthy and reliable research medical institutions and physicians; and therefore that plaintiff Ada Rodriguez's chances of surviving her cancer of the colon was significantly diminished and her health condition impaired by reason of the patient being denied and or deprived of those vital medical services that are required in order to properly and timely detect and treat and cure her cancer of the colon health condition, including denial of tests, radiology exams and physiological endoscopy and colonoscopy exams, chemotherapy, drugs and other medications necessary in detecting and treating and curing the said cancer of the colon.

35. Furthermore, that the doctors of defendants Mount Sinai Hospital Emergency Room quickly released and sent home the plaintiff Ada Rodriguez despite being informed of and knowing that she was still complaining inter alia of severe abdominal pains and sufferings, discomforts in her body, an inability to use her bowels functions properly, blockage of her intestines, vomiting, diarrhea, and difficulties in eating and processing foods and other health conditions.
36. That as a direct result of the defendants Mount Sinai Hospital's negligent actions the plaintiff Ada Rodriguez sustained serious and permanent injuries inter alia consisting of increased pains and sufferings in her abdomen intestines areas, blockage of her intestines, an inability to use her bowels and to do her necessities in the bathroom, experiencing frequent and more serious vomiting and diarrhea, and an inability to eat and to process foods, thereby plaintiff Ada Rodriguez's cancer of the colon health condition to grow worse and the more painful and unbearable and agonizing.
37. That as a direct result of the defendants Mount Sinai Hospital's negligent actions the plaintiff Ada Rodriguez's health sustained serious injuries and suffered death for which the defendants Mount Sinai Hospital is/are liable to the plaintiffs for damages.

## AS AND FOR A FIFTH CAUSE OF ACTION

38. Plaintiffs repeat each and every allegation and statements of paragraphs 27 through 37 of the FOURTH CAUSE OF ACTION as it is set forth in full and with the same force.
39. Furthermore, that the doctors of defendants Mount Sinai Hospital Emergency Room quickly released and sent home the plaintiff Ada Rodriguez immediately or within 5 minutes of taking an x-ray of plaintiff Ada Rodriguez.
40. Furthermore, doctors of defendants Mount Sinai Hospital Emergency Room quickly released and sent home the plaintiff Ada Rodriguez without caring carefully, properly and competently to review and examine the said x-ray of plaintiff Ada Rodriguez.

41. Furthermore, that the doctors of defendants Mount Sinai Hospital Emergency Room quickly released and sent home the plaintiff Ada Rodriguez although knowing and being conscious of the fact that said x-ray of plaintiff Ada Rodriguez was improperly taken or came out dark and lacking a clear visible image of the body area which it was intended to inspect and to examine and to view and or to diagnose information relevant to the health condition of plaintiff Ada Rodriguez.
42. Furthermore, that the radiology technicians and doctors of the defendants Mount Sinai Hospital Emergency Room wrongfully performed the said x-ray in violation of known medical procedures and standards or otherwise that known medical procedures and standards were not reasonably followed in taking the said x-ray of plaintiff Ada Rodriguez.
43. Furthermore, that the defendants Mount Sinai Hospital did not care to perform additional x-rays or ct scans or mris and other tests or exams of plaintiff Ada Rodriguez's health condition so as to have properly determined and diagnosed and treated and cured the said health condition cancer of the colon of plaintiff Ada Rodriguez in a competent and timely manner.
44. Furthermore, that the defendants Mount Sinai Hospital willfully, purposefully, intentionally, and consciously neglected plaintiff Ada Rodriguez's health condition by not caring to carefully and competently perform further and properly taken x-rays, ct scans, mris and other lab and blood tests and colonoscopy and endoscopy exams of plaintiff Ada Rodriguez's health condition so as to have properly detected and determined and diagnosed and treated and cured the said health condition cancer of the colon of plaintiff Ada Rodriguez in a competent and timely manner.
45. That as a direct result of the defendants Mount Sinai Hospital's negligent actions the plaintiff Ada Rodriguez's health sustained serious and permanent injuries inter alia consisting of increased pains and sufferings in her abdomen intestines areas, blockage of her intestines, an inability to use her bowels and to do her necessities in the bathroom, experiencing frequent and more serious vomiting and diarrhea, and an inability to eat and to process foods, thereby plaintiff Ada Rodriguez's cancer of the colon condition to grow worse and the more painful and unbearable and agonizing.

46. That as a direct result of the defendants Mount Sinai Hospital's negligent actions the plaintiff Ada Rodriguez's health sustained serious injuries and suffered death for which the defendants Mount Sinai Hospital is/are liable to the plaintiffs for damages.

## AS AND FOR A SIXTH CAUSE OF ACTION

47. The plaintiffs repeat each and every allegation and statements of paragraphs 38 through 46 of the FIFTH CAUSE OF ACTION as it is set forth in full and with the same force herein.
48. That this important medical malpractice case concerns a human being, plaintiff Ada Rodriguez, a 911 Hero First Responder Volunteer who died of a 911 certified disease cancer of the colon but who also suffered and died as a direct result of the malpractice of the defendants Mount Sinai Hospital, their doctors, technicians, nurses, medical staff and employees, agents, officers, managers, administrators, facilities, hospitals, and others.
49. That the plaintiff Ada Rodriguez was patient of defendant Mount Sinai Hospital.
50. That the plaintiff Ada Rodriguez and defendant Mount Sinai Hospital had established and maintained a long term patient-hospital relationship since on or about 2002 to the time of plaintiff Ada Rodriguez's death on November 16, 2015.
51. That the plaintiff Ada Rodriguez was a patient of the Mount Sinai Hospital World Trade Center Health Monitoring and Screening Program since on or about 2002 to the time of plaintiff Ada Rodriguez's death on November 16, 2015.
52. That defendants Mount Sinai Hospital manages and operates said health program titled the Mount Sinai Hospital World Trade Center Health Monitoring and Screening Program since on or about 2002 to the present September 2019.
53. That the plaintiff Ada Rodriguez and defendant Mount Sinai Hospital had in fact established and maintained a long term patient-hospital relationship by reason of the said Mount Sinai Hospital World Trade Center Health Monitoring and Screening Program since on or about 2002 to the time of Ada Rodriguez's death on November 16, 2015.

54. That defendants Mount Sinai Hospital therefore had and was under a duty of care owed to plaintiff Ada Rodriguez as per the said long term patient-hospital relationship since on or about 2002 to the time of plaintiff Ada Rodriguez's death on November 16, 2015.
55. That defendants Mount Sinai Hospital therefore had and was under a duty of care owed to plaintiff Ada Rodriguez as per the said long term patient-hospital relationship that was established and maintained since on or about 2002 to the time of plaintiff Ada Rodriguez's death on November 16, 2015.
56. That defendants Mount Sinai Hospital therefore had and was under a duty of care to patient Ada Rodriguez pursuant to plaintiff Ada Rodriguez's enrollment in the said Mount Sinai Hospital World Trade Center Health Monitoring and Screening Program since on or about 2002 to the time of Ada Rodriguez's death on November 16, 2015.
57. That defendants Mount Sinai Hospital therefore had and was under a duty of care owed to plaintiff Ada Rodriguez pursuant to plaintiff Ada Rodriguez's admission at the Mount Sinai Hospital Emergency Room on September 17, 2015.
58. That defendants Mount Sinai Hospital therefore had and was under a duty of care owed to plaintiff Ada Rodriguez pursuant to plaintiff Ada Rodriguez's second admission at the Mount Sinai Hospital Emergency Room on October 23, 2015.
59. That defendants Mount Sinai Hospital therefore had and was under a duty of care owed to plaintiff Ada Rodriguez pursuant to plaintiff Ada Rodriguez's first admission at the Mount Sinai Hospital Emergency Room on September 17, 2015 and her second admission at the Mount Sinai Hospital Emergency Room on October 23, 2015 as well as and continuing through the surgery that defendant Mount Sinai Hospital performed on plaintiff Ada Rodriguez on October 2015.
60. That defendants Mount Sinai Hospital therefore had and was under a duty of care owed to patient Ada Rodriguez pursuant to plaintiff Ada Rodriguez's first admission at the Mount Sinai Hospital Emergency Room on September 17, 2015 and her second admission at the Mount Sinai Hospital Emergency Room on October 23, 2015 as well as and continuing through the surgery that defendants Mount Sinai Hospital performed on plaintiff Ada Rodriguez on October 2015, and which duty of care did in fact continued after surgery since October 2015 until the time of plaintiff Ada Rodriguez's death on November 16, 2019.

61. That said duty of care the defendant Mount Sinai Hospital owed to plaintiff Ada Rodriguez was terminated violated and or breached on account of defendants Mount Sinai Hospital's wrongful, unprofessional, unethical, inhumane and negligent conduct.
62. That said duty of care the defendant Mount Sinai Hospital owed to plaintiff Ada Rodriguez was terminated violated and or breached solely on account of defendants Mount Sinai Hospital's wrongful, unprofessional, unethical, inhumane and negligent conduct, and which negligent conduct defendants Mount Sinai Hospital conspired to commit and committed in consort with others thereof in an intentional, purposeful, willful, and/or malicious manner.
63. That as a direct result of said breach of duty of care by the defendants Mount Sinai Hospital the plaintiff Ada Rodriguez was caused to sustain and did suffered serious and permanent injuries as is described in this Verified Complaint herein and defined by the laws of this State of New York.
64. That solely as a direct consequent of said intentional, willful, purposeful and/or malicious breach of duty of care by the defendants Mount Sinai Hospital the plaintiff Ada Rodriguez sustained serious and permanent injuries as is described in this Verified Complaint herein and defined by the laws of this State of New York.
65. That solely as a direct consequent of said intentional, willful, purposeful and/or malicious breach of duty of care by the defendants Mount Sinai Hospital the plaintiff Ada Rodriguez sustained serious and permanent injuries as is described in this Verified Complaint herein and defined by the laws of this State of New York, and which injuries are to be proven by a preponderance of evidence at trial in this medical malpractice civil action.
66. That solely as a direct consequent of said intentional, willful, purposeful and/or malicious breach of duty of care by the defendants Mount Sinai Hospital the plaintiff Ada Rodriguez sustained serious and permanent and real injuries against her will and conscience, in violation of her rights as patient and human being under the laws of this State of New York and the laws of the United States.
67. That the defendants Mount Sinai Hospital's negligent actions directly inflicted serious permanent real and *deadly* injuries that culminated in or produced or caused wrongfully the death of plaintiff Ada Rodriguez on November 16, 2015.

68. That the defendants Mount Sinai Hospital's negligent actions are the direct consequence of the wrongful death of plaintiff Ada Rodriguez on November 16, 2015.
69. That had defendants Mount Sinai Hospital not breached or altered or violated or failed to perform its duty of care to plaintiff Ada Rodriguez then the plaintiff Ada Rodriguez neither would have suffered any serious permanent real and *deadly* injuries nor suffered death.
70. That as a direct consequence of defendants Mount Sinai Hospital's breach of or violation of or failure to perform its duty of care to plaintiff Ada Rodriguez she suffered serious permanent real and *deadly* injuries that were unbearable and agonizing to the point of causing plaintiff Ada Rodriguez's death on November 17, 2015.
71. That by reason of the foregoing, the defendants Mount Sinai Hospital committed torturous medical malpractice against plaintiff Ada Rodriguez causing her to continuously suffer unbearable severe pains and sufferings, and for which negligent inhumane and cruel conduct the defendants are liable to the plaintiffs under the law.
72. That the defendants Mount Sinai Hospital's negligent actions were performed in a manner that is considered by law and medical standards to be malicious and grossly and inhumane, thereby showing a complete disregard toward the rights, necessities, feelings, dignity, respect and honor of a human being plaintiff Ada Rodriguez.
73. That defendants Mount Sinai Hospital's negligent actions were performed against plaintiff Ada Rodriguez in a manner that clearly deviates from the reasonably accepted and recognized medical practices and standards under the laws of this State of New York.
74. That the defendants Mount Sinai Hospital's negligent actions were performed against plaintiff Ada Rodriguez in a manner that under the laws of this State of New York are declared and found to be in total contradiction and against the normal reasonably accepted and established medical standards, procedures and practices.
75. That the defendants Mount Sinai Hospital's negligent actions were performed against plaintiff Ada Rodriguez in a manner that is unlawful and expressly prohibited by the laws of this State of New York and the United States.

76. That the defendants Mount Sinai Hospital's negligent actions were performed against plaintiff Ada Rodriguez in a manner that is unlawful unethical and inhuman and that its conduct is expressly prohibited by the laws, regulations, rules, policies, guidelines, practices and/or standards of care and ethics established and enforced by the establishment of government and institution of medicine within the State of New York and the United States.
77. That the defendants Mount Sinai Hospital's negligent actions were performed against plaintiff Ada Rodriguez in a manner that a reasonable person can deem them to be grossly negligent unethical immoral dishonest malicious unprofessional callous cruel and inhumane, thereby showing a complete disregard toward the rights, necessities, feelings, sentiments, dignity, respect honor and life of a human being plaintiff Ada Rodriguez.
78. That the defendants Mount Sinai Hospital's negligent actions were in fact carried out in a manner that is grossly negligent unethical immoral dishonest malicious unprofessional callous cruel and inhumane, and which grossly negligent actions a reasonable person can also deem them to have been performed intentionally, maliciously, and willfully against the plaintiff Ada Rodriguez, thereby showing a complete disregard toward the rights, necessities, feelings, sentiments, dignity, respect honor and life of a human being plaintiff Ada Rodriguez.
79. That defendants Mount Sinai Hospital's actions perpetuated against plaintiff Ada Rodriguez were not just negligent or grossly negligent per se but they constitute and do reveal the continuous exercise of intentional torts and or a pattern of conduct to commit such intentional torts and or the conscious and purposeful wrongful actions intended to disregard and neglect the health of plaintiff Ada Rodriguez.
80. The plaintiffs hereby state and restated, and at all times herein mentioned, that the defendants Mount Sinai Hospital's negligence toward plaintiff Ada Rodriguez started since on or about 2002 and continued all through and until the time of plaintiff Ada Rodriguez's death on November 16, 2015 given the fact that during that period of time for about 14 years defendants Mount Sinai Hospital totally ignored and purposefully intentionally and willfully failed to detect and to treat the health condition cancer of the colon of plaintiff Ada Rodriguez.

81. That solely by reason of the said intentional negligence of defendants Mount Sinai Hospital or as a direct result of the continuous exercise of those intentional torts and or the pattern of conduct to commit such intentional torts and or the conscious and purposeful wrongful actions committed against plaintiff Ada Rodriguez, the defendants Mount Sinai Hospital totally disregarded, ignored, and or neglected the health of plaintiff Ada Rodriguez, causing her serious aggravated harm, unbearable agonizing pains and sufferings, and ultimately her death on November 16, 2015.

82. That the defendants Mount Sinai Hospital committed negligence, gross negligence, and intentional negligence in improperly treating plaintiff Ada Rodriguez's health condition and or in failing to provide proper and complete and professional medical treatment to her, including the failure to diagnose her cancer of the colon in an expeditious competent manner since on or about 2002, failure to provide her the benefit of treating the said cancer of the colon in a competent manner, failure to perform proper tests, blood urine and other lab works, failure to conduct periodic tests and other known medical exams that would have detected early the said cancer of the colon, failure to refer her to a cancer expert physician and oncologist and pulmonologist who would have properly and competently treated her health condition by prescribing her the correct medications and treatments that would have detected and monitored and cured her health condition in time, failure to provide her the right to receive chemotherapy and or drugs and medications and or other noninvasive medical treatments and procedures to properly and timely detect treat and cure her health condition cancer of the colon, failure to perform proper x-rays, ct-scans, mris, and other advanced technology scans of her body and affected areas that would have early detected her cancer of the colon and allowed for the proper treatment to cure her cancer, failure to treat and to cure her cancer without the need of invasive and dangerous medical procedures such as emergency surgeries, thereby causing her to unnecessarily suffer serious and permanent harm, prolonged unbearable agonizing pains and sufferings, and ultimately her *wrongful death* on November 16, 2015.

83. That the treatment of the plaintiff Ada Rodriguez provided by the defendants Mount Sinai Hospital was negligent and constituted malpractice in that the defendants care fell below the standards required both by law and medicine. The treatment of the plaintiff Ada Rodriguez provided by the defendants Mount Sinai Hospital was so negligently and carelessly provided as to cause the plaintiff Ada Rodriguez severe and serious injury; and the negligence of the defendants Mount Sinai Hospital consisted of negligently and carelessly failing to detect to treat and care for plaintiff Ada Rodriguez in accordance with standards of care and treatment generally accepted in the community; and the defendants Mount Sinai Hospital negligently and carelessly failed to use approved methods in general use in the community in their care and treatment of the plaintiff Ada Rodriguez; and the defendants Mount Sinai Hospital negligently and carelessly failed to use reasonable care and skill in their care and treatment of the plaintiff Ada Rodriguez; and the defendants Mount Sinai Hospital negligently and carelessly failed to utilize their best judgment in the care and treatment of the plaintiff Ada Rodriguez and were otherwise negligent and careless in the premises.

84. That the defendants Mount Sinai Hospital wrongful negligent actions committed personally and as institution Hospital against plaintiff Ada Rodriguez constitute indecent inhumane abuse and cruelty by a medical institution and which torts are to be penalized against the defendants and remedied by way of judgment awarding damages in favor of the plaintiffs in an amount unspecified and to be determined by jury and the court under the tort laws system and other laws of the State of New York and United States.

## AS AND FOR A SEVENTH CAUSE OF ACTION

85. The plaintiffs repeat each and every allegation and statements of paragraphs 47 through 84 of the SIXTH CAUSE OF ACTION as it is set forth in full and with the same force herein.

86. Plaintiffs Ada Rodriguez and Alberto Betancourt are 911 First Responders Heroes who worked as volunteers without pay at the Ground Zero in the Downtown area of New York City during the 911 great tragedy that affected this nation back in September 2001.

87. Plaintiffs Ada Rodriguez and Alberto Betancourt gave their hearts, minds and souls at Ground Zero, assisting and attending to the needs and emergencies of government personnel, civilians and others at Ground Zero including inter alia, working hard at the bucket brigade with police officers, firefighters, FEMA employees, military personnel, and other first responders volunteers; performing excavation, rescue and clean up operations and other tasks; and feeding, providing and distributing donations to civilians, government personnel, and other first responders volunteers at Ground Zero.

88. Plaintiff Ada Rodriguez performed her volunteering first responder work since on or about September 2001 to December 2001.

89. Plaintiff Alberto Betancourt performed his volunteering first responder work since on or about September 2001 to October 2001.

90. Thereafter, on or about 2002 plaintiffs Ada Rodriguez and Alberto Betancourt were treated at the defendants Mount Sinai Hospital for various health conditions including physical, emotional and mental injuries.

91. At about that time the defendants Mount Sinai Hospital had officially established, managed, operated and controlled its program called the Mount Sinai Hospital 911 World Trade Center Health Monitoring and Screening Program.

92. Plaintiff Ada Rodriguez was treated at the said Mount Sinai Hospital 911 World Trade Center Health Monitoring and Screening Program on a regular basis since on or about 2002 to the time of her dying on November 15, 2015.

93. Plaintiff Alberto Betancourt was treated at the said Mount Sinai Hospital 911 World Trade Center Monitoring and Screening Program on a regular basis since on or about 2002 to the present.

94. Initially plaintiffs Ada Rodriguez and Alberto Betancourt received medical care at the said 911 Program that basically consisted of mental health therapy and a once-a-year medical screening or test and other medical exams and treatment.

95. However as time passed the defendants Mount Sinai Hospital began to further limit those medical services, prescriptions, tests and treatments that were formerly being offered to patients members under its 911 Program.

96. That the said 911 Program at Mount Sinai Hospital is controlled, managed, and operated by the defendants Mount Sinai Hospital since on or about 2002 and continuing to the present September 2019 and that its primary purpose is to provide immediate and long-term needed medical treatment to those 911 first responders like the plaintiffs Ada Rodriguez and Alberto Betancourt including inter alia performing regular tests, prescribing medications, providing medical treatment and or surgery to certain 911 related diseases including cancers, performing endoscopy and colonoscopy exams of patients, providing physical therapy and psychological therapy and treatment, conducting physical exams, xrays, ctscans, MRIs, and other screening tests that would detect early and determine any health problems, abnormalities, and other health conditions that 911 first responders like plaintiffs might develop and suffer in consequence of their participation and assistance at Ground Zero back in September 2001.

97. That the medical services and treatments under the said 911 Program are managed, operated and controlled by the defendants Mount Sinai Hospital, its employees, officers, managers, and or agents, which are required to be authorized by them before and in order to their being rendered and provided to the patients/members under that 911 Program.

98. That since or about 2002 the medical services and treatments under the said 911 Program were improperly wrongfully and unlawfully limited, reduced, denied, terminated and/or not authorized or provided to the plaintiffs Ada Rodriguez and Alberto Betancourt by the defendants Mount Sinai Hospital administration, its employees, officers, managers, and or agents, under the said 911 Program.

99. That since or about 2002 the medical services and treatments under the said 911 Program were in fact improperly wrongfully and unlawfully limited, reduced, denied, terminated and/or not authorized or provided to the plaintiffs Ada Rodriguez and Alberto Betancourt by the defendants Mount Sinai Hospital administration, its employees, officers, managers, and or agents, under the said 911 Program in violation of the plaintiffs' rights and resulting in serious and permanent injuries to the plaintiffs and ultimately the death of plaintiff Ada Rodriguez.

100. Upon information and belief, and at all times herein mentioned, the plaintiffs state, affirm and restate that in intentionally, willfully, and consciously acted negligently against the plaintiffs in purposefully failing to provide plaintiff Ada Rodriguez full, timely and competent medical services, treatment and care, including inter alia, failing to timely and competently detect, to treat and to cure plaintiff Ada Rodriguez's cancer of the colon for many years since about 2002 to the time that she first visited the defendant Mount Sinai Hospital's Emergency Room on September 17, 2015.

101. Upon information and belief, based upon the foregoing, and at all times herein mentioned, the plaintiffs state, affirm and restate that in intentionally, willfully, and consciously acting negligent abusive and inhumanely against the plaintiffs the defendants Mount Sinai Hospital have caused serious injuries, mistreatment, and abuses against the plaintiffs resulting in the death of plaintiff Ada Rodriguez and for which reason they are liable to the plaintiffs for damages in this court.

102. That the treatment of the plaintiffs Ada Rodriguez and Alberto Betancourt provided by the defendants Mount Sinai Hospital was negligent and constituted malpractice in that the defendants care fell below the standards required both by law and medicine. The treatment of the plaintiffs Ada Rodriguez and Alberto Betancourt provided by the defendants Mount Sinai Hospital was so negligently and carelessly provided as to cause the plaintiffs Ada Rodriguez and Alberto Betancourt severe and serious injury; and the negligence of the defendants Mount Sinai Hospital consisted of negligently and carelessly failing to detect to treat and care for plaintiff Ada Rodriguez in accordance with standards of care and treatment generally accepted in the community; and the defendants Mount Sinai Hospital negligently and carelessly failed to use approved methods in general use in the community in their care and treatment of the plaintiff Ada Rodriguez; and the defendants Mount Sinai Hospital negligently and carelessly failed to use reasonable care and skill in their care and treatment of the plaintiff Ada Rodriguez; and the defendants Mount Sinai Hospital negligently and carelessly failed to utilize their best judgment in the care and treatment of the plaintiff Ada Rodriguez and were otherwise negligent and careless in the premises.

103. Consequently, and based on the foregoing statements herein, and which plaintiffs state, restate and affirm at all times hereinabove, the defendants Mount Sinai Hospital committed medical malpractice against the plaintiff Ada Rodriguez in that it neglected, disregarded and or failed to properly professionally and completely treat and/or cure the health conditions of plaintiffs Ada Rodriguez and Alberto Betancourt, thereby causing the plaintiffs much serious and unbearable injury and severe pains and sufferings physical, mental and emotional, and for which reason they are liable to the plaintiffs.

104. Consequently, and by reason of the foregoing statements herein, and which plaintiffs state, restate and affirm at all times hereinabove, the defendants Mount Sinai Hospital committed medical malpractice against the plaintiff Ada Rodriguez in that it neglected, disregarded and or failed to properly professionally and competently detect treat and/or cure the health conditions of the plaintiff Ada Rodriguez that ultimately caused her death on November 16, 2015, and for which reason they are liable to the plaintiffs for damages in this court.

## AS AND FOR A EIGHTH CAUSE OF ACTION

105. The plaintiffs repeat each and every allegation and statements of paragraphs 85 through 104 of the SEVENTH CAUSE OF ACTION as it is set forth in full and with the same force herein.

106. That plaintiff Alberto Betancourt is a patient of the Mount Sinai Hospital 911 World Trade Center Health Monitoring and Screening Program since on or about 2002 and continuing to the present; and that under the said 911 Program since on or about 2002 and continuing to the present the defendant Mount Sinai Hospital has treated plaintiff Alberto Betancourt's health and provided continuous medical services and treatment for the serious and permanent injuries that he suffered as a result of his participation work and or assistance at Ground Zero on September 2001.

107. That the medical services and treatments under the said 911 Program are managed, operated and controlled by the defendants Mount Sinai Hospital administration, its employees, officers, managers, and or agents, which are required to be authorized by them prior to and in order to their being rendered administered and provided to the patients/members under that 911 Program.

108. Upon information and belief, and at all times herein mentioned, plaintiffs state and restate all statements and allegations made in the previous paragraphs, and which is incorporated herein with the same and full force, that defendants Mount Sinai Hospital neglected plaintiff Alberto Betancourt's health by reason of the defendants Mount Sinai Hospital administration, its employees, officers, managers, and or agents, improperly wrongfully and unlawfully limiting, reducing, denying, terminating and/or not authorizing or providing such medical services and treatments to the plaintiff Alberto Betancourt under the said 911 Program.

109. That since or about 2002 the medical services and treatments under the said 911 Program were unfairly wrongfully and unlawfully reduced terminated denied and/or not authorized and provided to plaintiff Alberto Betancourt by the defendants Mount Sinai Administration, its Director Michael A. Crane, MD, MPH, in complete disregard and neglect of plaintiff Alberto Betancourt's health condition and violation of his rights as patient.

110. That since that time various doctors of the said 911 Program had treated plaintiff Alberto Betancourt for serious and permanent injuries that he sustained at Ground Zero on September 2001, including inter alia suffering nerve injuries, neck and spine injuries, muscle wear and tear injuries, muscle and brain spasms and other illnesses, severe acid reflux, asthma, difficulties with breathing, shortness of breath, anxiety, depression, post traumatic stress syndrome, trauma, and other severe mental emotional and mental distress and psychological illnesses related to the 911 Tragedy.

111. That on a regular basis and for years since 2002 doctors of the said 911 Program performed tests and provided medical treatments and or administered drugs and medications to plaintiff Alberto Betancourt to alleviate and to treat and to cure those injuries including physical therapy, physiatrist care, nerve treatment, and other services and medications intended to treat and to cure his severe nerve, muscle, neck, shoulder

and spine injuries and muscle wear and tear injuries, muscle and brain spasms and other illnesses, severe acid reflux, asthma, difficulties with breathing, shortness of breath, anxiety, depression, post traumatic stress syndrome, trauma, and other severe mental emotional and mental distress and psychological illnesses related to the 911 Tragedy.

112. That the defendants Mount Sinai Hospital Director Michael A. Crane, MD, MPH then, suddenly and without notice and/or without affording patient an opportunity to respond or to appeal, unfairly wrongfully and unlawfully terminated and denied those medical services and treatments to plaintiff Alberto Betancourt.

113. That doctors and or nurses of the said 911 Program repeatedly wrote to the defendant Director Michael A. Crane, MD, MPH appealing that the wrongfully terminated medical services and treatments be restored and provided to the patient Alberto Betancourt but the defendants Mount Sinai Hospital Director Michael A. Crane, MD, MPH refused to approve and never authorized the rendering of those medical services and treatments to be provided the patient; consequently that defendants Mount Sinai Hospital and Director Michael A. Crane, MD, MPH breached their duty of care to patient Alberto Betancourt and for which reason the defendants are liable to plaintiffs for damages in this court.

114. That since or about 2002 and continuing to the present September 2019 the defendants Mount Sinai Hospital, its administration, employees, officers, managers, and or agents, and Director Michael A. Crane, MD, MPH did improperly wrongfully and unlawfully limited, reduced, denied, terminated and/or not authorized or provided to the plaintiff Alberto Betancourt the needed medical services and treatments under the said 911 Program in violation of the plaintiffs' rights and resulting in serious and permanent injuries to the plaintiff.

115. That as a direct result of the malpractice by defendants Mount Sinai Hospital, its administration, employees, officers, managers, and or agents, and Director Michael A. Crane, MD, MPH the plaintiff Alberto Betancourt suffered and continues to suffer serious and permanent injuries, for which defendants Mount Sinai Hospital and Director Michael A. Crane, MD, MPH are liable to the plaintiff Alberto Betancourt for damages in this court.

**AS AND FOR A NINETH CAUSE OF ACTION**

116. The plaintiffs repeat each and every allegation and statements of paragraphs 105 through 115 of the EI GHTH CAUSE OF ACTION as it is set forth in full and with the same force herein.

117. Upon information and belief, and at all times herein mentioned, plaintiffs state and restate all statements and allegations made in the previous paragraphs, and which is incorporated herewith with the full force, that prior to and after surgery defendants Mount Sinai Hospital neglected plaintiff Ada Rodriguez's health and committed malpractice particularly relevant to and consisting of pulmonary embolism, thereby causing her serious and permanent and life-threatening injuries.

118. Upon information and belief, and at all times herein mentioned, that as a result of the malpractice of defendants Mount Sinai Hospital's employees and/or agents, the plaintiff Ada Rodriguez suffered the said pulmonary embolism that caused her to further suffer more serious injuries inter alia including experiencing shortness of breath and suffocation and chest pains and coughs, swelling and pains of the legs, internal hemorrhaging, blood clots in her lungs, blockage of her pulmonary arteries and branches and other functions affected, all of which were produced a result of the pulmonary embolism caused by defendants and which ultimately caused her death.

119. That the said pulmonary embolism is directly connected to and resulted in consequence of the malpractice the defendants Mount Sinai Hospital committed against plaintiff Ada Rodriguez in operating her cancer of the colon.

120. That defendants Mount Sinai Hospital committed malpractice also in denying plaintiff Ada Rodriguez immediate emergency medical care to treat and to cure the said critical health condition of pulmonary embolism.

121. That plaintiff Alberto Betancourt personally called for various times the oncologist office thereat that treated plaintiff Ada Rodriguez at defendants Mount Sinai Hospital Tisch Cancer Building and reported the emergency that his mother Ada had fainted and/or lost consciousness and was not responding and that she later regained consciousness and continued to perform her normal bodily functions.

122. On that day he asked to speak with Ada's oncologist as a matter of emergency or any other doctor who was present in that office but was told that "no doctor is available and that Ada's oncologist could not be located and that she would return his call."

123. Upon information and belief, plaintiff Alberto Betancourt also called the same oncology office a few times more and was put on hold only to be ignored or denied the right as son and proxy of the patient Ada Rodriguez to speak with a doctor of defendants Mount Sinai Hospital and to obtain the required medical emergency advice and care that his mother Ada needed at the time.

124. Upon information and belief, and at all times herein mentioned, plaintiffs state and restate that defendants Mount Sinai Hospital ignored plaintiff Betancourt's request for medical assistance and immediate emergency care respecting his mother's health condition to wit pulmonary embolism and cancer of the colon and other post-surgery health related issues, and that defendants Mount Sinai Hospital never cared to call back to follow up on the emergency call that was made by plaintiffs requesting that the hospital provides emergency medical care to plaintiff Ada Rodriguez.

125. Upon information and belief, and at all times herein mentioned, plaintiffs state and restate that by reason of the foregoing defendants Mount Sinai Hospital failed to prevent said pulmonary embolism from developing in plaintiff Ada Rodriguez's body.

126. Upon information and belief, and at all times herein mentioned, plaintiffs state and restate that defendants Mount Sinai Hospital failed to detect to stop to treat and to cure said pulmonary embolism that had developed in plaintiff Ada Rodriguez's body both prior to and after the surgery; or otherwise that defendants were negligent and failed to readmit the patient plaintiff Ada Rodriguez which was required and needed in order to detect and to stop and to treat and to cure the said pulmonary embolism that had developed in her body both prior to and after the surgery.

127. Plaintiffs state that defendants Mount Sinai Hospital committed malpractice in quickly discharging her from the hospital and sending plaintiff Ada Rodriguez home 5 days after surgery of her colon cancer and without caring to monitor the patient's health so as to ensure that the said pulmonary embolism is not developed or further continued post surgery; that the defendants Mount Sinai Hospital knew and were duly informed personally by patient Ada Rodriguez that the patient plaintiff Ada Rodriguez had a history of pulmonary embolism treatment back on 1998; and therefore the defendants Mount Sinai Hospital committed malpractice in releasing patient Ada immediately after surgery of her cancer despite knowing of the patient's history of prior treatment of pulmonary embolism on 1998, and as the medical records show.

128. That in so doing and by reason of the foregoing, the defendants Mount Sinai Hospital's actions reveal and show a purposeful intent to avoid liability by getting rid of and discharging quickly after surgery a patient whose health they injured and grew worse by reason of their negligence prior to surgery, to wit the failure to properly diagnose and to detect and to treat and to cure plaintiff Ada Rodriguez's cancer of the colon.

129. Upon information and belief, and at all times herein mentioned, that previous to the surgery plaintiff Ada Rodriguez had lost approximately 60 lbs while remaining at home under the ill advised of the doctors at defendants Mount Sinai Hospital Emergency Room, taking only antibiotics CIPRO medication and without receiving any proper medical treatment of her cancer since her first visit to the defendants ER on September 17, 2015 to the time of her second visit to the defendants ER on October 23, 2015.

130. Hence Mount Sinai Hospital knew or should have known that Ada Rodriguez was weak and frail because of their prior negligence and, consequently, it was wrong to have quickly released and sent her home 5 days after surgery under such conditions.

131. Upon information and belief, and at all times herein mentioned, plaintiffs state and restate that defendants Mount Sinai Hospital failed to detect and to competently monitor and to regulate and to prevent and to treat and to cure plaintiff Ada Rodriguez's pulmonary embolism before and after surgery so as to save her from dying.

132. That the defendants Mount Sinai Hospital denied plaintiff Ada Rodriguez adequate and complete and competent post-surgery medical aid and treatment in failing to provide the care of a pulmonologist, in failing to perform tests and other exams such as would be deemed reasonably necessary in order to ensure that plaintiff Ada Rodriguez's health was properly regulated monitored and cured post surgery, and in failing to perform other procedures like blood thinners and to prescribe and administer her drugs and medications to treat and to cure her pulmonary embolism, and in failing to have her readmitted to the hospital's ER in order to properly and competently monitor and to treat and to cure her pulmonary embolism and colon health condition post surgery.

133. That had defendants Mount Sinai Hospital not neglected their patient Ada Rodriguez and breached their duty toward her, plaintiff Ada Rodriguez would have been alive or she would not have suffered such serious painful injuries and agonizing death.

134. That the said pulmonary embolism was produced and developed and increased in the patient Ada Rodriguez's body due to the cancer of the colon surgery that the defendants Mount Sinai Hospital performed; and that the said pulmonary embolism the defendants Mount Sinai Hospital neglected and failed to detect to stop to monitor to treat and to cure thereby causing patient plaintiff Ada Rodriguez serious injuries and death.

135. That had defendants Mount Sinai Hospital properly and expeditiously treated plaintiff Ada Rodriguez's pulmonary embolism by performing such available and known medical procedures and prescribing and administering blood thinners and drugs and other medications, the chances of the patient Ada Rodriguez surviving her pulmonary embolism would have increased and, therefore, that she would have lived if the defendants Mount Sinai Hospital had not committed malpractice against her.

136. Upon information and belief, and at all times herein mentioned, plaintiffs state and restate all statements and allegations made in the previous paragraphs, that in so doing defendants Mount Sinai Hospital intentionally neglected and failed to prevent plaintiff Ada Rodriguez's dying from said pulmonary embolism post surgery, thereby committing malpractice and causing the plaintiff Ada Rodriguez serious and permanent injuries and her death on November 16, 2015, and for which reason the defendants are liable to the plaintiffs for unspecified damages and that are to be recovered in this court.

137. According to known medical sources "reported **survival** after venous thromboembolism varies widely, with "short-term" **survival** ranging from 95% to 97% for deep vein thrombosis[8,9] and from 77% to 94% for **pulmonary embolism**,[4,6,8,9] while "long-term" **survival** ranges from 61% to 75% for both deep vein thrombosis and **pulmonary embolism**."

See https://jamanetwork.com/journals/jamainternalmedicine/fullarticle/484966 medical research paper journal of doctors John A. Heit, MD and Marc D. Silverstein, MD and David N. Mohr, MD, et al Tanya M. Petterson, MS, W. Michael O'Fallon, PhD, and L. **Joseph Melton III, MD. Affiliations info: "From the Departments of Medicine, Divisions of Cardiovascular Diseases, Section of Vascular Medicine, and the Section of Hematology Research (Dr Heit) and Area General Internal Medicine (Drs Silverstein and Mohr), and Health Sciences Research, Sections of Clinical Epidemiology (Drs Silverstein and Melton) and Biostatistics (Ms Petterson and Dr O'Fallon), Mayo Clinic and Mayo Foundation, Rochester, Minn."**

**Original Investigation, March 8, 1999, Predictors of Survival After Deep Vein Thrombosis and Pulmonary EmbolismA Population-Based, Cohort Study**

**John A. Heit, MD; Marc D. Silverstein, MD; David N. Mohr, MD; et alTanya M. Petterson, MS; W. Michael O'Fallon, PhD; L. Joseph Melton III, MD**

***Arch Intern Med.*** **1999;159(5):445-453. doi:10.1001/archinte.159.5.445**

## AS AND FOR A TENTH CAUSE OF ACTION

138. The plaintiffs repeat each and every allegation and statements of paragraphs 116 through 137 of the NINETH CAUSE OF ACTION as it is set forth in full and with the same force herein.

139. Upon information and belief, on or about November 13, 2015 plaintiff Alberto Betancourt also called the nurse (whose name plaintiffs do not know at the moment) assigned by defendants Mount Sinai Hospital to treat the patient Ada Rodriguez at home post surgery; that the nurse of defendants Mount Sinai Hospital then appear at the patient's home and took the patient's blood pressure and checked her health and performed other tests, and thereafter the nurse advised that "she should stay in bed and that she drinks a glass of water before getting off the bed and that she should do so slowly so that her blood pressure is not affected any further."

140. The Mount Sinai Hospital nurse was called as an emergency matter because patient Ada Rodriguez had fainted or lost consciousness and was not responding for a few minutes.

141. That the nurse was quickly informed of the patient's emergency health condition and the nurse advised that the patient stay at home in bed instead of calling an ambulance and sending her to the Mount Sinai Hospital Emergency Room for readmission.

142. Furthermore, that the nurse also stated that Ada's blood pressure was very low when she first examined her and that the blood pressure had somewhat become more stable when she reexamined the patient a few minutes afterward.

143. The nurse also informed plaintiffs that "Mount Sinai Hospital does not want to readmit patient Ada because if they do so Medicare will not pay the hospital expenses or bills related to the medical services rendered to the patient as per existing Medicare policy."

144. Furthermore, that the nurse honestly believed and was so convinced and she did seriously stated that the "Mount Sinai Hospital had ignored plaintiffs' prior calls for emergency help because the Mount Sinai Hospital did not wanted to readmit patient Ada in order to guarantee that Medicare paid expenses and bills related to the medical services that Hospital rendered to the patient and as per Medicare policy."

145. Upon information and belief, and at all times herein mentioned, plaintiffs state and restate that by reason of the foregoing defendants Mount Sinai Hospital and the defendant nurse failed to prevent said pulmonary embolism from developing in plaintiff Ada Rodriguez's body.

146. Upon information and belief, and at all times herein mentioned, plaintiffs state and restate that defendants Mount Sinai Hospital and the defendant nurse committed malpractice in that they purposefully intentionally and willfully or otherwise negligently failed to detect and to stop and to monitor and to treat and to cure the said pulmonary embolism that had developed in patient plaintiff Ada Rodriguez's body both prior to and after her surgery of the colon.

147. Therefore, plaintiffs state that it was wrong and negligent and unlawful and inhumane the actions of the defendant nurse and defendants Mount Sinai Hospital in refusing and failing to readmit the patient plaintiff Ada Rodriguez based upon the said information and ill advise provided by the defendant nurse that the defendants Mount Sinai Hospital was specifically acting under policy existing and enforced between Hospital and Medicare regarding the economic penalties or consequences of patients being readmitted post surgery at Hospital.

148. Therefore, that the medical services rendered by the defendants Mount Sinai Hospital and defendant nurse post surgery was incompetent and negligent; that those medical services and treatments rendered by the defendant nurse post surgery were in fact medical services and treatment assigned and furnished and provided and authorized and managed by the defendants Mount Sinai Hospital; and or that those medical services and treatments given to patient at home constitutes a continuation of the post surgery medical services and treatments that defendants Mount Sinai Hospital gave its patient therefore.

149. Upon information and belief, and at all times herein mentioned, plaintiffs state and restate all statements and allegations made in the previous paragraphs, that in so doing defendants Mount Sinai Hospital and the defendant nurse intentionally neglected and failed to prevent plaintiff Ada Rodriguez's dying from said pulmonary embolism post surgery, thereby committing malpractice against and causing the plaintiff Ada Rodriguez to suffer serious and permanent injuries and her death on November 16, 2015, and for which reason the defendants are liable to the plaintiffs for unspecified damages and that are to be recovered in this court.

## AS AND FOR A ELEVETH CAUSE OF ACTION

150. The plaintiffs repeat each and every allegation and statements of paragraphs 138 through 149 of the TENTH CAUSE OF ACTION as it is set forth in full and with the same force herein.

151. Upon information and belief, and at all times herein mentioned, plaintiffs state and restate that defendants Mount Sinai Hospital failed to monitor plaintiff Rodriguez's health and to provide her proper and complete medical care post surgery, inter alia including but not limited to failure to provide her professional and competently home care medical services, doctor and nurse care, and medical treatment post surgery.

152. That in so doing the corporation defendant Mount Sinai Hospital failed to prevent the said pulmonary embolism from developing in plaintiff Ada Rodriguez's lungs and body and that its negligent actions did in fact caused serious injuries to plaintiff Ada Rodriguez and consequently her death.

153. That the defendants Mount Sinai Hospital ignored and failed to monitor and to cure the pulmonary embolism that they caused onto plaintiff Ada Rodriguez, and consequently the defendants ultimately causing her death, as is supported by the autopsy report of Saint Luke's Hospital at Mount Sinai.

154. As the court can observe of the autopsy report, plaintiff Ada Rodriguez died from the pulmonary embolism and complications of colon cancer, the two medical conditions that plaintiffs allege were caused and made worse by defendant Mount Sinai Hospital as a direct result of their negligence and failure to provide plaintiff Ada Rodriguez the proper complete and competent medical services.

## AS AND FOR A TWELVETH CAUSE OF ACTION

155. The plaintiffs repeat each and every allegation and statements of paragraphs 150 through 154 of the ELEVENTH CAUSE OF ACTION as it is set forth in full and with the same force herein.

156. It is submitted that had defendants Mount Sinai Hospital performed its duty of care to patient plaintiff Ada Rodriguez, then patient plaintiff Ada Rodriguez would not have suffered the unnecessary pains and sufferings that she endured while under the care of Mount Sinai Hospital both before and after surgery, and, therefore, that she would have been alive still to this day.

157. Furthermore, that in neglecting patient plaintiff Ada Rodriguez's health both prior to and after surgery the defendant Mount Sinai Hospital did caused patient plaintiff Ada Rodriguez tremendous unbearable severe pains and sufferings and ultimately caused her death.

158. Furthermore, that defendants Mount Sinai Hospital committed gross negligence by failing to detect, to monitor, to treat and to cure patient plaintiff Ada Rodriguez's cancer of the colon both prior to and after surgery and until the time of her death on November 16, 2015.

159. Furthermore, that for many years before the time that patient plaintiff Ada Rodriguez first visited the Mount Sinai Hospital Emergency Room on September 17, 2015 seeking emergency medical care defendants Mount Sinai Hospital acted negligently toward patient plaintiff Ada Rodriguez by intentionally, purposefully and willfully failing to detect, to monitor, to treat and to cure her cancer of the colon, resulting in the death of patient plaintiff Ada Rodriguez consequently.

160. That since 2002 to October 23, 2015 defendants Mount Sinai Hospital committed malpractice against plaintiff Ada Rodriguez by neglecting her health and failing to detect and to discover and to treat and to cure competently her cancer of the colon.

161. That for many years prior to her first ER visit on September 17, 2015 plaintiff Ada Rodriguez complained to defendants Mount Sinai Hospital, its doctors, employees, officers, administrator and/or agents, about her abdominal pains and discomfort.

162. That plaintiff Ada Rodriguez's health concerns and complaints relating to her abdominal discomforts and pains were made personally to doctors of the Mount Sinai 911 World Trade Center Health Monitoring and Treatment Program for many years since 2002 to the time of her first visit at the ER on September 17, 2015.

163. That defendants Mount Sinai Hospital disregarded plaintiff Ada Rodriguez's health concerns and complaints relating to her abdominal pains and discomforts and never cared to provide her adequate and needed and competent medical care to detect and to treat and to cure her cancer health condition.

164. That as a direct result of the said malpractice that defendants Mount Sinai Hospital committed against plaintiff Rodriguez beginning since on or about 2002 and continuing all through to the time of her death on November 16, 2015, she suffered serious and permanent injuries and died, for which defendants are liable to the plaintiffs.

165. That as a result of the said malpractice committed by defendants Mount Sinai Hospital against plaintiff Ada Rodriguez beginning since on or about 2002 to the time of her death on November 16, 2015, the plaintiff Ada Rodriguez had to undergo surgery on October 2015 under general anesthesia in order to treat her cancer of the colon that defendants Mount Sinai Hospital had caused by reason of the foregoing continuous negligence since on or about 2002, thereby further injuring the plaintiff Ada Rodriguez.

166. That the treatment of the plaintiff Ada Rodriguez provided by the defendants Mount Sinai Hospital was negligent and constituted malpractice in that the defendants care fell below the standards required both by law and medicine. The treatment of the plaintiff Ada provided by the defendants Mount Sinai Hospital was so negligently and carelessly provided as to cause the plaintiff Ada Rodriguez severe and serious injury; and the negligence of the defendants Mount Sinai Hospital consisted of negligently and carelessly failing to detect to treat and care for plaintiff Ada Rodriguez in accordance with standards of care and treatment generally accepted in the community; and the defendants Mount Sinai Hospital negligently and carelessly failed to use approved methods in general use in the community in their care and treatment of the plaintiff Ada Rodriguez; and the defendants Mount Sinai Hospital negligently and carelessly failed to use reasonable care and skill in their care and treatment of the plaintiff Ada Rodriguez; and the defendants Mount Sinai Hospital negligently and carelessly failed to utilize their best judgment in the care and treatment of the plaintiff Ada Rodriguez and were otherwise negligent and careless in the premises.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION

167. The plaintiffs hereby incorporate and repeat each and every allegation of paragraphs 155 through 166 of the previous TWELVETH CAUSE OF ACTION with the same effect and as if set forth in full herein.

168. The defendants Mount Sinai Hospital is responsible for the damages caused by its employees and/or agents under the theory of *respondeat superior*.

169. That the actions of the defendants Mount Sinai Hospital's employees, doctors, nurses, medical staff, administrator, managers, officers, and/or agents were performed under the supervision and authorization of defendant Mount Sinai Hospital and for which defendant corporation hospital is vicariously liable to the plaintiffs by law.

170. That defendants Mount Sinai Hospital is responsible for all negligent actions and or omissions of its employees, doctors, nurses, medical staff, administrator, managers, officers, and/or agents committed within the scope and duties of their employment.

171. That the defendant Mount Sinai Hospital corporation was conscious of and authorized and allowed the said negligent actions and or omissions of its employees, doctors, nurses, medical staff, administrator, managers, officers, and/or agents committed within the scope and duties of their employment.

172. Furthermore, that the defendants Mount Sinai Hospital did in fact consciously authorized, permitted and committed the said negligent acts and omissions by its its employees, doctors, nurses, medical staff, administrator, managers, officers, and/or agents, for which defendant Hospital is liable to the plaintiffs.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION

173. The plaintiffs hereby incorporate and repeat each and every allegation of paragraphs 167 through 172 of the previous THIRTEENTH CAUSE OF ACTION with the same effect and as if set forth in full herein.

174. That plaintiff Ada Rodriguez's cancer of the colon was medically certified as a 911 cancer by The Mount Sinai Hospital 911 World Trade Center Health Monitoring and Screening Program and pursuant to regulations and laws regarding the said 911 health program.

175. Although Mount Sinai Hospital 911 World Trade Center Monitoring and Screening Program certified plaintiff Ada Rodriguez's cancer of the colon as a 911 disease, notwithstanding defendants Mount Sinai Hospital did committed negligence in treating (or failing to properly and competently treat and to cure) her cancer and other health conditions.

176. Furthermore, that plaintiff Ada Rodriguez could have lived, and would have lived had defendants Mount Sinai Hospital treated her medical condition properly, expeditiously professionally and competently.

177. That during her second visit to the ER on October 23, 2015 and about 3 days thereafter and prior to surgery various Mount Sinai Hospital doctors personally told plaintiffs that "Ada's cancer was insignificant, that it was a small mass, that it had not any roots, that it was not advanced and had not metastasized, that it had not spread to any other areas of her body, and, it can be removed easily."

178. Upon information and belief, and at all times herein mentioned, doctors also made such statements, advices, assurances, opinions and guarantees after performing pathology tests of plaintiff Ada Rodriguez during and after her second visit to the ER on October 23, 2017 and immediately after performing the surgery on or about October 27, 2015.

179. That the senior surgeon named Silverstein informed plaintiffs that "the operation was a complete success! Your mother is cancer free! I removed her cancer successfully. It had not metastasized, had not any roots and did not spread to other areas of her body. She will live a very long time!" Upon information and belief, the operating surgeons were a father and son team by the name of Silverstein, and also included other doctors, nurses and employees whose names plaintiffs do not know or remember at the moment.

180. Furthermore, that doctors who performed the colonoscopy also stated and assured plaintiffs that Ada would live a very long time, decades in fact. But in the end she died a few days after surgery, which result contradicts all the statements, assurances and promises of the defendants Mount Sinai Hospital doctors.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION

181. The plaintiffs hereby incorporate and repeat each and every allegation of paragraphs 173 through 180 of the previous FOURTEENTH CAUSE OF ACTION with the same effect and as if set forth in full herein.

182. The defendants Mount Sinai Hospital conspired to harm and did injured the plaintiff Ada Rodriguez in that doctors, nurses, medical staff, administrators, managers, agents, employees, officers and officials lied and fabricated or distorted facts and information and or they misrepresented medical reports or test results respecting the health condition of plaintiff Ada Rodriguez.

183. That the defendants Mount Sinai Hospital conspired to harm and did caused serious injuries to the plaintiff Ada Rodriguez by reason of doctors, administrators, managers, agents, employees, officers and officials acting in consort and conspiracy thereof in lying and fabricating or distorting facts and information and or in their misrepresenting and concealing medical reports or test results respecting the health condition of plaintiff Ada Rodriguez, and for which reason defendant hospital is liable to the plaintiffs.

184. That in so doing the defendants Mount Sinai Hospital lied and deceived the plaintiff Ada Rodriguez respecting her health condition and that such actions were performed against her while under their care, and for which reason the defendants Mount Sinai Hospital are vicariously liable to the plaintiffs.

185. Furthermore, upon information and belief, and reasonable suspicion and inquiry made thereof, plaintiffs allege that doctors at Mount Sinai Hospital (and other unknown administration employees, administrators and/or agents) allegedly knew that plaintiff Ada Rodriguez would die because of her cancer of the colon which they had grossly neglected for years beginning on 2002 and also during plaintiff Ada Rodriguez's first visit to the ER on September 17, 2015 and then improperly treated and quickly operated against in the effort to fix their wrongdoings.

186. That plaintiffs sincerely believe and are strong conviction, and they do hereby allege, that doctors of Mount Sinai Hospital purposefully, willfully and intentionally concealed information and misinformed the plaintiffs about plaintiff Ada Rodriguez's medical condition both prior to and after surgery on or about October 27, 2015, and that the doctors lied and deceived plaintiffs with respect to the outcome and alleged success of the surgery and the chances that they stated plaintiff Ada Rodriguez could have survived her cancer.

187. That as a direct result of the malpractice of the defendants Mount Sinai Hospital, the plaintiff Ada Rodriguez suffered and did permanently suffered serious severe injuries and wrongful death, for which defendants Mount Sinai Hospital is rendered liable to the plaintiffs for damages in this court.

**AS AND FOR A SIXTEENTH CAUSE OF ACTION**

188. The plaintiffs hereby incorporate and repeat each and every allegation of paragraphs 181 through 187 of the previous FIFTHTEENTH CAUSE OF ACTION with the same effect and as if set forth in full herein.

189. Plaintiffs hereby incorporate each and every allegations, facts and material statements made in the plaintiffs' Summons with Notice with the same effect and as if set forth in full herein, together with every exhibit and evidence that is annexed thereto.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION**

190. The plaintiffs hereby incorporate and repeat each and every allegation of paragraphs 188 through 190 of the previous SIXTEENTH CAUSE OF ACTION with the same effect and as if set forth in full herein.

191. It is submitted that plaintiffs need to further amend the caption to include Saint Luke's Hospital of Mount Sinai, its doctors, technicians, nurses, medical staff, employees, officers, managers, administrators, hospitals and/or agents, and doctor Michael Aaron Redlener, MD as defendants to the case, since defendants Saint Luke Hospital and doctor Michael Aaron Redlener, MD performed questionable improper and incompetent ambulatory medical treatment of plaintiff Ada Rodriguez on the day of her death November 16, 2015.

192. Upon information and belief, that Saint Luke's Hospital is the medical institution that performed ambulatory medical services and or cardiac arrest emergency care to plaintiff Ada Rodriguez on the day of her death November 16, 2015.

193. That about 4 days later on November 20, 2015 defendants Mount Sinai Saint Luke's Hospital, Department of Diagnostic Pathology and Laboratory Medicine also performed plaintiff Ada Rodriguez's autopsy.

194. That Saint Luke's Hospital of Mount Sinai is owned, operated, managed and controlled by the parent corporation defendants Mount Sinai Hospital.

195. Accordingly, Saint Luke's Hospital is an interested necessary party to this civil action, an indispensable corporate defendant Hospital that should be added to the case since it is also liable to the plaintiffs for wrongful negligible medical actions it performed (or failed to perform properly and competently) on plaintiff Ada Rodriguez, and which corporate defendant Saint Luke's Hospital therefore is vital to the plaintiffs' proving their claims of negligence and wrongful death in this case of medical malpractice.

196. Upon information and belief, and at all times herein mentioned, the plaintiff Ada Rodriguez was a patient of the defendants Saint Luke's Hospital on November 16, 2015.

197. On that same day defendants Saint Luke's Hospital provided emergency ambulatory services and or cardiac arrest care to plaintiff Ada Rodriguez at her home thereat where numerous medical personnel of defendant Saint Luke's Hospital attempted to resuscitate her by performing continuous CPR and other medical exams.

198. That defendants Mount Sinai Saint Luke's Hospital then proceeded to transport via ambulance the plaintiff Ada Rodriguez to their Emergency Room facility located at 1111 Amsterdam Avenue, New York, New York 10025.

199. That the said ER facility is within close proximity or just three (3) blocks away from the plaintiffs' home.

200. That once the patient plaintiff Ada Rodriguez was transported to the said ER facility of defendant Mount Sinai Saint Luke's Hospital, the doctors, medical residents, paramedics, nurses and other medical staff continued performing CPR cardiac arrest medical and other emergency treatments.

201. That defendants Mount Sinai Saint Luke's Hospital provided emergency ambulatory services and/or cardiac arrest care to plaintiff Ada Rodriguez both at her home and during transport of the patient to the ER facility of defendant Mount Sinai Saint Luke's Hospital in a negligent forceful excessive and incompetent manner.

202. That defendants Mount Sinai Saint Luke's Hospital therefore committed malpractice against plaintiff Ada Rodriguez in providing negligent forceful excessive and incompetent emergency ambulatory medical services and/or cardiac arrest care to plaintiff Ada Rodriguez at her home and during transport of the patient to the ER facility of defendant Mount Sinai Saint Luke's Hospital, causing plaintiff Ada Rodriguez to suffer serious and permanent injuries and her death on November 16, 2015.

203. That in consequence of the said excessive forceful incompetent and negligent medical conduct by defendants Mount Sinai Saint Luke's Hospital and the defendant doctor Michael Aaron Redlener, MD the defendants caused the plaintiff Ada Rodriguez to suffer serious and permanent and *lethal* injuries consisting inter alia of internal hemorrhaging of her lungs and internal excessive pressure and blockage of her lungs and other internal injuries of the patient's body and pulmonary arteries and branches and functions severely affected by reason of the foregoing malpractice and that ultimately caused her death on November 16, 2015.

204. That in consequence of the said excessive forceful incompetent and negligent medical treatments the defendants doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital caused the plaintiff Ada Rodriguez to suffer serious and permanent and *lethal* injuries consisting inter alia of internal hemorrhaging of her lungs and internal excessive pressure and blockage of her lungs and other internal injuries of the patient's pulmonary arteries and branches and functions that were severely affected by reason of the foregoing malpractice and that ultimately caused her death on November 16, 2015.

205. The plaintiffs state that defendants Mount Sinai Saint Luke's Hospital and doctor Michael Aaron Redlener, MD caused the patient plaintiff Ada Rodriguez to suffer such serious and permanent and *lethal* injuries, as aforementioned herein above, and/or otherwise that the defendants improperly performed CPR in an excessive forceful negligent and incompetent manner and consequently failed to resuscitate the patient Ada and or failed to stop and to cure and to save her from the said pulmonary embolism, and which malpractice of the defendants Mount Sinai Hospital and Mount Sinai Saint Luke's Hospital and doctor Michael Aaron Redlener, MD renders them liable to the plaintiffs for damages in this court.

206. That the defendants doctor Michael Aaron Redlener, MD and Mount Sinai Hospital and Mount Sinai Saint Luke's Hospital committed negligence in the performance and supervision of the said CPR emergency medical treatments and or emergency cardiac arrest care; or otherwise that those emergency medical services and treatments were negligently performed and supervised by the treating physician defendant doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital, and for which reason the defendants are liable to the plaintiffs for damages in this court.

207. That the said CPR cardiac arrest medical and other emergency treatments were provided by and under the care and supervision of the leading emergency physician doctor Michael Aaron Redlener, MD.

208. That the defendants doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital provided emergency ambulatory services and or cardiac arrest care to plaintiff Ada Rodriguez at the ER facility of defendant Mount Sinai Saint Luke's Hospital in a negligent forceful excessive and incompetent manner; or otherwise that said emergency ambulatory services and or cardiac arrest care were provided under the supervision of defendant doctor Michael Aaron Redlener, MD in a negligent forceful excessive and incompetent manner; and therefore that the defendant doctor Michael Aaron Redlener, MD acting for and together with the defendants corporations Mount Sinai Hospital and Mount Sinai Saint Luke's Hospital committed malpractice against patient plaintiff Ada Rodriguez; and/or otherwise that the defendants Hospital and doctor's medical practices deviated from medical standards of care and treatment generally accepted in the medicine community.

209. That plaintiff Alberto Betancourt then ran to the nearby Saint John's Cathedral crying and desperately trying to comprehend the foregoing matters concerning his mother's health and life and once at the steps thereat a paramedic of defendant Saint Luke's Hospital came to accompany him back to the Saint Luke's Hospital ER where doctor Michael Aaron Redlener, MD informed him that Ada had died.

210. That at the time plaintiff Alberto Betancourt did observed that Ada's chest and mouth was covered in lots of blood and her lifeless body was left naked resting atop a cold metal stretcher inside an empty room and that Ada's body was left unattended and visible to everyone present at the Mount Sinai Saint Luke's Hospital ER.

211. Plaintiffs allege that when plaintiff Alberto Betancourt left the Saint Luke's Hospital briefly he remembers seeing numerous medical personnel including doctors, paramedics, and nurses surrounding the stretcher where Ada was and that upon returning to the same ER he then saw his mother full of blood and showing no signs of life.

212. That on November 16, 2015 plaintiff Alberto Betancourt personally called the New York City 911 emergency telephone line requesting immediate emergency help and the operator directed him to perform CPR of his mother Ada while waiting for the ambulance to arrive, and it being the case that the ambulance was delayed, he then and there performed CPR of his mother Ada under the direction of the 911 operator.

213. Sometime thereafter, and in a delayed manner, the emergency ambulance team of Saint Luke's Hospital and the New York City Fire Department personnel arrived at the scene and once inside Ada's room thereat they then started to perform CPR and cardiac arrest treatment and other emergency medical care and drugs intended to resuscitate her.

214. Upon information and belief, and at all times herein mentioned, plaintiffs hereby allege that Ada was still alive when the medical employees and/or agents of Saint Luke's Hospital visited plaintiffs' home and was then taken to the Saint Luke's Hospital ER.

215. Upon information and belief, and at all times herein mentioned, that plaintiff Alberto Betancourt honestly believes, and hereby states and affirms, that when the Saint Luke's Hospital ambulance team and Fire Department personnel arrived at plaintiffs' home to perform resuscitation medical treatment of Ada that she was allegedly still showing some signs of life or that she had a pulse, and for that reason, Ada was immediately brought to the Saint Luke's Hospital ER to attempt to save her life.

216. Therefore, that as a direct result of the malpractice of the defendants Saint Luke's Hospital, the plaintiffs suffered serious and permanent and *lethal* injuries and caused the death of plaintiff Ada Rodriguez, and for which reason the defendants Saint Luke's Hospital is liable to the plaintiffs.

217. Therefore, that the defendant corporation Mount Sinai Hospital is liable to the plaintiff by reason of the malpractice that Mount Sinai Saint Luke's Hospital committed against plaintiff Ada Rodriguez on November 16, 2015 and for which reason the defendants Mount Sinai Hospital and Saint Luke's Hospital are liable to the plaintiffs.

218. That the treatment of the plaintiff Ada Rodriguez provided by the defendants Saint Luke's Hospital was negligent and constituted malpractice in that the defendants care fell below the standards required both by law and medicine. The treatment of the plaintiff Ada provided by the defendants Saint Luke's Hospital was so negligently and carelessly provided as to cause the plaintiff Ada Rodriguez severe and serious injury; and the negligence of the defendants Saint Luke's Hospital consisted of negligently and carelessly failing to treat and care for plaintiff Ada Rodriguez in accordance with standards of care and treatment generally accepted in the community; and the defendants Saint Luke's Hospital negligently and carelessly failed to use approved methods in general use in the community in their care and treatment of the plaintiff Ada Rodriguez; and the defendants Saint Luke's Hospital negligently and carelessly failed to use reasonable care and skill in their care and treatment of the plaintiff Ada Rodriguez; and the defendants Saint Luke's Hospital negligently and carelessly failed to utilize their best judgment in the care and treatment of the plaintiff Ada Rodriguez and were otherwise negligent and careless in the premises.

219. Therefore, the plaintiffs demand relief granting leave by notice of motion to amend the caption to add Saint Luke's Hospital as a defendant to the action, unless the court decides by its own order *sua sponte* that defendants Saint Luke's Hospital at Mount Sinai Hospital, its doctors, nurses, medical staff, officers, and agents, et al., is an indispensible interested and necessary party that is to be added as defendant to this matter and directs the Office of the Clerk to make such changes accordingly.

## **AS AND FOR A EIGHTEENTH CAUSE OF ACTION**

220. The plaintiffs hereby incorporate and repeat each and every allegation of paragraphs 190 through 219 of the previous SEVENTEENTH CAUSE OF ACTION with the same effect and as if set forth in full herein.

221. That the said CPR cardiac arrest medical and other emergency treatments were provided by and under the care and supervision of the leading emergency physician doctor Michael Aaron Redlener, MD.

222. That the defendants doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital provided emergency ambulatory services and or cardiac arrest care to plaintiff Ada Rodriguez at the ER facility of defendant Mount Sinai Saint Luke's Hospital in a negligent forceful excessive and incompetent manner, and that the doctor's practice deviated from medical standards of care and treatment generally accepted in the community.

223. That in consequence of the said excessive forceful incompetent and negligent medical treatments the defendants doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital caused the plaintiff Ada Rodriguez to suffer serious and permanent and *lethal* injuries consisting inter alia of internal hemorrhaging of her lungs and internal excessive pressure and blockage of her lungs and other internal injuries of the patient's pulmonary arteries and branches and functions that were severely affected by reason of the foregoing malpractice and that ultimately caused her death on November 16, 2015.

224. The plaintiffs state that defendants Mount Sinai Saint Luke's Hospital and doctor Michael Aaron Redlener, MD caused the patient plaintiff Ada Rodriguez to suffer such serious and permanent and *lethal* injuries, as aforementioned herein above, and/or otherwise that the defendants improperly performed CPR in an excessive forceful negligent and incompetent manner and consequently failed to resuscitate the patient Ada and or failed to stop and to cure and to save her from the said pulmonary embolism, and which malpractice of the defendants Mount Sinai Hospital and Mount Sinai Saint Luke's Hospital and doctor Michael Aaron Redlener, MD renders them liable to the plaintiffs.

225. That the defendants doctor Michael Aaron Redlener, MD and Mount Sinai Hospital and Mount Sinai Saint Luke's Hospital committed negligence in the performance and supervision of the said CPR emergency medical treatments and or emergency cardiac arrest care; or otherwise that those emergency medical services and treatments were negligently performed and supervised by the treating physician defendant doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital, and for which reason the defendants are liable to the plaintiffs for damages in this court.

226. That the defendants doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital provided emergency ambulatory services and or cardiac arrest care to plaintiff Ada Rodriguez at the ER facility of defendant Mount Sinai Saint Luke's Hospital in a negligent forceful excessive and incompetent manner; or otherwise that said emergency ambulatory services and or cardiac arrest care were provided under the supervision of defendant doctor Michael Aaron Redlener, MD in a negligent forceful excessive and incompetent manner; and therefore that the defendant doctor Michael Aaron Redlener, MD acting for and together with the defendants corporations Mount Sinai Hospital and Mount Sinai Saint Luke's Hospital committed malpractice against patient plaintiff Ada Rodriguez; and/or otherwise that the defendants Hospital and doctor's medical practices deviated from medical standards of care and treatment generally accepted in the medicine community.

227. Therefore, that as a direct result of the malpractice of the defendant doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital, the plaintiff Ada Rodriguez suffered serious and permanent injuries and caused the death of plaintiff Ada Rodriguez, and for which reason the defendants Mount Sinai Saint Luke's Hospital and defendant doctor Michael Aaron Redlener, MD are liable to the plaintiffs.

228. That the treatment of the plaintiff Ada Rodriguez provided by the defendant doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital was negligent and constituted malpractice in that the defendants care fell below the standards required both by law and medicine. The treatment of the plaintiff Ada provided by the defendant doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital was so negligently and carelessly provided as to cause the plaintiff Ada Rodriguez severe and serious and permanent injury; and the negligence of the defendant doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital consisted of negligently and carelessly failing to treat and care for plaintiff Ada Rodriguez in accordance with standards of care and treatment generally accepted in the community; and the defendant doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital negligently and carelessly failed to use approved methods in general use in the community in their care and treatment of the plaintiff Ada Rodriguez; and the defendant doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital negligently and carelessly

failed to use reasonable care and skill in their care and treatment of the plaintiff Ada Rodriguez; and the defendant doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital negligently and carelessly failed to utilize their best judgment in the care and treatment of the plaintiff Ada Rodriguez and were otherwise negligent and careless in the premises.

229. That the defendant doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital therefore committed malpractice against plaintiff Ada Rodriguez in providing negligent forceful excessive and incompetent emergency ambulatory medical services and or cardiac arrest care to plaintiff Ada Rodriguez at the ER facility of defendant Mount Sinai Saint Luke's Hospital, causing plaintiff Ada Rodriguez to suffer serious and permanent injuries and her death on November 16, 2015, and for which reason the defendants doctor Michael Aaron Redlener, MD of Mount Sinai Saint Luke's Hospital and employer companies Mount Sinai Saint Luke's Hospital and Mount Sinai Hospital are liable to the plaintiffs for damages and that are to be awarded in this court.

## AS AND FOR A NINETEENTH CAUSE OF ACTION

230. The plaintiffs hereby incorporate and repeat each and every allegation of paragraphs 220 through 229 of the previous EIGHTEENTH CAUSE OF ACTION with the same effect and as if set forth in full herein.

231. Plaintiffs do not fully know or they do not possess all of the relevant knowledge and material information and or admissible evidence pertinent to the medical treatments and services that the corporate defendants Mount Sinai Hospital and Mount Sinai Saint Luke's Hospital performed of plaintiff Ada Rodriguez on the dates of September 17, 2015 to the time of the patient's death on November 16, 2015 and thereafter during the autopsy on November 20, 2015.

232. It is submitted, and plaintiffs hereby allege and request, that to the extent that plaintiffs are to rely on discovery proceedings for the purpose of obtaining the said relevant information and admissible evidence thereof, the court should issue an order granting leave to conduct discovery thereof and directing that the said information and material evidence is preserved, together with an order directing that the corporate defendants Mount Sinai Hospital and Saint Luke's Hospital are prohibited against tampering with and destroying any such relevant material information and admissible evidence.

233. Upon information and belief, that said order is warranted and necessary in order to protect the evidence and to discover the names and actions of all persons involved in the malpractice that the corporate defendants committed against the plaintiffs and as stated in this Verified Complaint.

234. Furthermore, that the said order is warranted and necessary by law since there are allegations and facts stated in the plaintiffs' Verified Complaint that the corporate defendants have engaged in dishonest unprofessional fraudulent conduct intended to cover up their malpractice and wrongdoings against the plaintiffs, and or that the defendants have fabricated or distorted information and lied and deceived the plaintiffs with respect to the health condition of the plaintiff Ada Rodriguez and the medical services and treatment that the defendants provided to her, and based on the foregoing.

## AS AND FOR A TWENTIETH CAUSE OF ACTION

235. The plaintiffs hereby incorporate and repeat each and every allegation of paragraphs 230 through 234 of the previous NINETEENTH CAUSE OF ACTION with the same effect and as if set forth in full herein.

236. Approximately tens of thousands of 911 first responders have died and become ill due to 911 related illnesses such as **plaintiff Ada Rodriguez's** cancer. That defendants Mount Sinai Hospital knew or should have known that **plaintiff Ada Rodriguez** was a member patient of its Mount Sinai Hospital 911 World Trade Center Health Monitoring and Screening Program, and, therefore, it should have provided patient **plaintiff Ada Rodriguez** adequate, professional immediate proper and competent medical care when she first visited the Mount Sinai Hospital Emergency Room on September 17, 2015.

237. That plaintiff Alberto Betancourt worked as volunteer first responder at Ground Zero for over a month from September 2001 till October 2001, and plaintiff Ada Rodriguez continued providing volunteer work for over three (3) months since September 2001 to December 2001.

238. That plaintiff Ada Rodriguez was a member of the Mount Sinai Hospital World Trade Center Monitoring and Screening Program at the Mount Sinai Hospital Annenberg Building since 2002. Hospital staff, doctors, employees, nurses and other medical professionals and/or agents et als of the said 911 Program treated plaintiff Ada Rodriguez's medical conditions since on or about 2002 up till the time that she became ill and visited the Mount Sinai Hospital Emergency Room on September 17, 2015.

239. That defendants Mount Sinai Hospital's treatment of plaintiff Ada Rodriguez under the said 911 Program extends and continues all through the phase of plaintiff Ada Rodriguez's visit to the Mount Sinai Hospital Emergency Room on September 17, 2015 and later during her second visit to the ER on October 23, 2015 till the time of her death on November 16, 2015, and since it was defendants Mount Sinai Hospital's binding responsibility to provide medical treatment to its 911 patients under the 911 Program.

240. That defendants Mount Sinai Hospital's duty of care to Mrs. Rodriguez under its 911 Program is further established by the fact that the administration of The Mount Sinai Hospital 911 World Trade Center Health Monitoring and Screening Program ultimately covered the medical costs or bills related to the medical care that Ada Rodriguez received at the Mount Sinai Hospital during her visit to the Emergency Room on September 17, 2015, her second visit to the ER on October 23, 2015, the surgery that she underwent on or about October 27, 2019, and thereafter the medical services and treatment rendered post surgery till the time of her death on November 16, 2015.

241. That on September 17, 2015 plaintiff Ada Rodriguez personally informed the doctors at the Mount Sinai Hospital Emergency Room that she was a patient of their 911 program and she even provided them a "special id card that was issued to her by The Mount Sinai Hospital 911 World Trade Center Health Monitoring and Screening Program"; therefore that the defendants knew or should have known this important information and that they were fully aware of the foregoing hence.

242. That the Mount Sinai Hospital 911 World Trade Center Health Monitoring and Screening Program informed plaintiff Ada Rodriguez (and also plaintiff Alberto Betancourt) that she should present the id to the ER doctors at Mount Sinai Hospital and they would then have access to her record and all the treatment that she was receiving under the said 911 Program, and hence that she would receive proper and complete treatment as a known "Mount Sinai Hospital 911 Patient."

243. Furthermore plaintiff Ada Rodriguez was told that with her Mount Sinai 911 World Trade Center Monitoring and Screening Program id card the doctors at the Mount Sinai Hospital ER would know all about her health condition, including prior visits, any examinations, test, treatment, procedures, and practices performed on the patient, and medications prescribed to her, and the doctors, nurses and other health professionals who had treated and were treating her health condition, and, therefore, that she would receive expeditiously and proper treatment. None of which happened.

244. Instead the doctors at the Mount Sinai ER totally disregarded the fact that plaintiff Ada Rodriguez was a 911 First Responder Patient at Mount Sinai Hospital and not just another new patient who entered their ER facility complaining of severe abdominal pains on September 17, 2015.

245. Therefore, that defendants Mount Sinai Hospital mistreated and acted negligent toward plaintiff Ada Rodriguez although it knew that many of its over 40,000s 911 first responders patients, tens of thousands in fact, had died of similar medical causes and conditions such as cancer.

246. Knowing that tens of thousands of its 911 first responders patients have become ill and died, and having thus developed a history of treating thousands of patients members of its Mount Sinai Hospital 911 World Trade Center Health Monitoring and Screening Program for various 911 related health conditions and illnesses, it was then the required obligation of defendants Mount Sinai Hospital to provide immediate, proper and complete medical treatment to its 911 first responder patient plaintiff Ada Rodriguez.

247. As it is established herein supra, defendants Mount Sinai Hospital owed a duty of care to plaintiff Ada Rodriguez not only as a medical institution that treated the patient at the Mount Sinai Hospital Emergency Room medical facility but also as the hospital that treated her medical conditions as a 911 first responder patient under the said 911 program, and which duty of care the defendants Mount Sinai Hospital deliberately breached against her, rendering the defendant liable to the plaintiffs for damages.

248. Defendants Mount Sinai Hospital violated its duty of care toward patient plaintiff Ada Rodriguez not just as the medical institution that treated (or failed to treat properly) the patient's emergency medical condition at the Mount Sinai Hospital Emergency Room on September 17, 2015 but also as the medical institution that provides medical treatment of 911 first responders like patient plaintiff Ada Rodriguez at the Mount Sinai Hospital World Trade Center Health Monitoring and Screening Program. Both facilities at the Mount Sinai Hospital violated patient Ada Rodriguez's rights in failing to provide her adequate, humane, professional proper and competent medical services, and for which reasons defendants Mount Sinai Hospital is liable to the plaintiffs for damages.

249. That defendants Mount Sinai Hospital violated its duty of care and failed plaintiff Ada Rodriguez not just as a patient who was attended by doctors and received medical treatment at the defendants Mount Sinai Hospital Emergency Room on September 17, 2015 and October 23, 2015 but also as a 911 First Responder Patient who was treated for about 14 years by the same Mount Sinai Hospital; Mount Sinai Hospital failed to detect early and to properly and competently treat and cure Ada's cancer since 2002 when the hospital-patient relationship was first established to the time of Ada's death on November 16, 2015.

## AS AND FOR A TWENTY ONETH CAUSE OF ACTION

250. The plaintiffs hereby incorporate and repeat each and every allegation of paragraphs 235 through 249 of the previous TWENTIETH CAUSE OF ACTION with the same effect and as if set forth in full herein.

251. That plaintiff Alberto Betancourt is a patient of defendants Mount Sinai Hospital since on or about 2002 to the present.

252. That defendants Mount Sinai Hospital owed a duty of care to plaintiff Alberto Betancourt by reason that he is a patient at the Mount Sinai Hospital 911 World Trade Center Health Monitoring and Treatment Program since 2002 to the present.

253. That the hospital-patient relationship was established since on or about 2002 pursuant to the said Mount Sinai Hospital 911 World Trade Center Health Monitoring and Treatment Program.

254. That defendants Mount Sinai Hospital violated or breached its duty of care to plaintiff Alberto Betancourt as a direct consequence of its malpractice performed against plaintiff Ada Rodriguez.

255. Upon information and belief, and at all times herein mentioned, plaintiffs allege, state and restate herein, that defendants Mount Sinai Hospital violated or breached its duty of care owed to plaintiff Albert Betancourt by its failure to detect early and to properly and competently treat and to cure plaintiff Ada Rodriguez's cancer of the colon since 2002 when the hospital-patient relationship was first established to the time of plaintiff's Ada Rodriguez's death on November 16, 2015; and otherwise that defendants Mount Sinai Hospital violated and breached their duty of care owed to patient plaintiff Alberto Betancourt in committing medical malpractice against his mother patient plaintiff Ada Rodriguez under the said 911 Program.

256. Furthermore, that the defendants Mount Sinai Hospital violated or breached its duty of care owed to plaintiff Albert Betancourt by its failure to detect early and to properly and competently treat and to cure plaintiff Ada Rodriguez's pulmonary embolism and furthermore its failure to properly and competently monitor and to treat and to cure his mother's health condition post surgery.

257. Furthermore, plaintiff Alberto Betancourt alleges, states and restates herein, and at all times herein mentioned, that he was seriously harmed physically, mentally and emotionally and did suffered severe and permanent injuries because of defendants Mount Sinai Hospital's wrongful neglected and ill-treatment of his dear mother plaintiff Ada Rodriguez and the gross negligence that they committed toward her health and life, mistreating her and endangering her life and ultimately ending her life consequently.

258. That plaintiff Alberto Betancourt suffered permanent injuries and severe pains and sufferings as a direct result of defendants Mount Sinai Hospital's gross and intentional malpractice of plaintiff Ada Rodriguez, and for which reason defendants Mount Sinai Hospital are liable to the plaintiff Alberto Betancourt for unspecified damages to be recovered in this court.

259. That plaintiff Alberto Betancourt suffered severe pains and injuries in consequence of the severe pain and suffering and the wrongful death that defendants Mount Sinai Hospital committed against his mother Ada Rodriguez, and for which reason defendants Mount Sinai Hospital are liable to the plaintiff Alberto Betancourt for unspecified damages to be recovered in this court.

260. That plaintiff Alberto Betancourt's injuries are permanent and require long-term psychological and physical medical treatment, and which renders the corporate defendants Mount Sinai Hospital liable to him personally.

261. Furthermore, the plaintiff Alberto Betancourt states and reaffirms that even while Ada was awake in this world and conscious of her rights as a person, she mentioned to him the fact that "I want to bring Mount Sinai Hospital defendants to Justice," for she felt and understood that "they doctors at Mount Sinai Hospital had indeed acted inappropriately, mistreated her, and neglected her medical condition, that they put her life at risk of danger and dying, that they failed to attend her health and medical needs properly, fully and professionally when she first sought immediate emergency medical help at the Mount Sinai Hospital Emergency Room on September 17, 2015, and that they caused her cancer medical condition to become worse."

262. Furthermore, that plaintiff Alberto Betancourt still remembers his mother Ada Rodriguez's words on or about September 17, 2015, which he shall never forget: "Doctors at Mount Sinai Hospital did nothing for me, they quickly got rid of me, they did not even cared to do a proper X-Ray of my body; they released me 5 minutes after the X-Ray and did not even looked at it; and I am still in the same terrible painful medical state, I am still suffering severe pains and unable to go to the toilet properly."

263. That plaintiff Alberto Betancourt was wrongfully denied the right to remain at the side of his mother plaintiff Ada Rodriguez on or about October 25, 2015 while she was waiting to undergo surgery.

264. That plaintiff Alberto Betancourt was removed from the hospital by security guards and nurses and staff, thereby denying patient plaintiff Ada Rodriguez the right to have a family member to be with her and to support her during her admission at the hospital.

265. Upon information and belief, that hospital security guards and nurses and other medical staff informed plaintiff Alberto Betancourt under the threat of removal and other forceful actions that "he cannot stay with his mother, and that he had to leave the hospital otherwise the security guards would forcibly escort and or remove him outside the hospital facility."

266. Therefore, that as a direct result of the malpractice of the defendants Saint Luke's Hospital against plaintiff Ada Rodriguez and also in consequence of the abuse and disrespect that defendants Mount Sinai Hospital committed against plaintiff Alberto Betancourt and his mother plaintiff Ada Rodriguez, the plaintiff Alberto Betancourt has suffered serious and permanent injuries and severe pains and sufferings as well as physical, mental and emotional distress, for which defendants Mount Sinai Hospital are liable to him for unspecified damages to be recovered in this court.

## AS AND FOR A TWENTY TWO CAUSE OF ACTION

267. The plaintiffs repeat each and every allegation and statements of paragraphs 250 through 266 of the TWENTY ONETH CAUSE OF ACTION as it is set forth in full and with the same force herein.

268. Therefore, since in this medical malpractice action the plaintiffs are representing themselves under the law, it is respectfully requested the court issues an order granting relief of court appointed attorney to properly and competently represent plaintiffs' case and in order to allow plaintiffs a meaning and equal opportunity to litigate their claims, to grant them equal access to the courts and to Justice, to protect their rights to due process under the law, substantive and procedural, to enforce the relevant laws that are stated herein to have been violated against them, to vindicate their rights to life, liberty and privacy as it is stated in this Verified Complaint herein, and "in the interest of Justice."

269. The court's order granting appointed counsel relief should be viewed as a judicial act that is both needed and appropriate within the aims of the law in light of the sensitive and special circumstances of the subject matter of this medical malpractice civil action.

270. That said order issuing relief of court appointed counsel not only is required as a matter of the Constitution's guarantee of due process, substantive and procedural, but also it is needed in order that the pro se plaintiffs may be allowed a fair and meaningful opportunity to litigate their claims against the defendants Mount Sinai Hospital.

271. Furthermore, that said order by the court would also balance the legal differences and powers between the parties involved in this action, thereby ensuring that the pro se civil litigants do not suffer undue prejudice and that their case otherwise is not damaged by reason of the foregoing legal differences.

272. It must be reasoned by the court that it is highly possible and predictable in fact that the defendants, acting through their attorneys and law firms, will overburden and overcome the pro se civil litigants absent appropriate judicial action granting relief of appointed counsel.

## AS AND FOR A TWENTY THREE CAUSE OF ACTION

273. The plaintiffs repeat each and every allegation and statements of paragraphs 267 through 272 of the TWENTY TWO CAUSE OF ACTION as it is set forth in full and with the same force herein.

274. Plaintiffs hereby request that the court assigns an expert witness doctor(s), a cardiologist or pulmonologist and oncologist or cancer expert physician, who is licensed to practice within the State of New York in order to review the medical records concerning the treatment of plaintiff Ada Rodriguez by the defendants Mount Sinai Hospital and defendants Saint Luke's Hospital and to assist the plaintiffs in preparation for trial and to testify under oath at trial before a jury and the court.

275. Plaintiffs submit that they are poor and their economic incapacity prohibits them from hiring the services of said expert witnesses that the law requires in proving their claims of negligence and wrongful death in this medical malpractice civil action.

276. Furthermore, plaintiffs hereby incorporate into this Verified Complaint herein, and with the same and full force therewith, all the pleadings, Summons with Notice, motions, affidavits, papers and legal documents and proceedings had so far in this case showing that indigent self-represented plaintiffs have made numerous good faith and expeditious efforts to retain counsel and to receive the services of the said expert witness doctors, but to no avail.

277. That the indigent plaintiffs are precluded against proceeding with their meritorious causes of action in this medical malpractice action by reason of the foregoing; that said expert witness doctors services cost an amount in excess of $30,000+ that is beyond the reach and capacity of indigent plaintiffs' economic status.

278. Therefore, that it is the duty now of this court to assist the indigent civil litigants in retaining the services of said expert witness doctors and in order to guarantee and to afford them due process, substantive and procedural, to allow them a meaningful and equal opportunity to be heard and to litigate their meritorious claims at trail in this court, to afford them equal and effective access to the court system and to Justice, to allow plaintiffs the right to bear witness at trial against any rebutting expert witnesses doctors' testimony submitted by verifiable affidavits or presented orally under oath at trail by the corporate defendants and their attorneys, to allow plaintiffs the right to present properly submitted reliable incontrovertible material prima facie medical evidence, reports, research, and findings made by the said expert witness doctors and who are to testify under oath a trial and on appeal, and in the interest of Justice.

279. Accordingly, plaintiffs have shown that they are entitled to relief of court appointed expert witness doctors in order to comply with the requisites of the law and to prove their meritorious claims of medical malpractice against the defendants acting by their attorneys; that the court's determination also cannot be sustained on appeal to have been rendered proper and within the demands of the law and Justice absent the evidence and testimony of an expert witness doctors by plaintiffs at trial.

280. Furthermore, the law CPLR §3012-a(f) provisions concerning the rights of a pro se litigants in a medical malpractice are in fact unconstitutional since it deprives indigent plaintiffs of due process and equal protection under the law and the federal and state constitutions; that the CPLR CPLR §3012-a(f) provisions require attorneys to have first consulted with expert witness doctors who have reviewed the medical records and been duly informed of and appraised the facts and circumstances of the case, and thereby have also determined upon such consultation thereof that there is existing reasonable basis and merit for commencing a malpractice action in the court; and which legal prerequisite of consultation with expert witness and verifiable demonstration of merit made prior to filing of complaint however is not applicable to cases commenced by pro se indigent plaintiffs herein pursuant to the CPLR §3012-a(f), constituting unfair deprivation of due process and equal protection of the law, since the court (Judge Madden) in this case has ignored to indigent plaintiffs' due process rights by failing to grant them relief of expert witness doctors prior to and in filing their Verified Complaint.

281. It is submitted therefore that procedural due process is being denied to indigent plaintiffs by reason of the foregoing, that absent the consultation and participation of an expert witness doctors thereof, the poor person self represented civil litigants can unknowingly damage their case by reason of their lack of knowledge and experience and skill in the relevant medical and legal area concerning their claims of medical malpractice; and it is therefore unfair, disingenuous and undeserving of any court to have denied an indigent pro se civil litigant the right to be assisted by an expert witness doctor in drafting and serving and filing a verified complaint and in preparation for trial accordingly.

282. Therefore, the court is requested to issue order declaring unconstitutional the express provisions of the CPLR §3012-a(f) regarding the rights of a self-represent civil litigant to a court assisted expert witness doctor in a medical malpractice matter, as denial of expert witness doctor in such cases prevents the poor person indigent civil litigants plaintiffs from having equal and effective access to the courts and deprives them of a fair and meaningful opportunity to be heard and to receive a proper determination at trial, thereby denying them due process and equal protection of the law and also Justice, which rights are protected and guaranteed by the New York State Constitution and the United States Constitution.

**WHEREFORE**, the plaintiffs Alberto Betancourt, acting personally and as next of kin and as Administrator of the Estate of Ada Rodriguez, and Ada Rodriguez, deceased, demand judgment against the defendants Mount Sinai Hospital, its doctors, nurses, technicians, employees, administrators, managers, officers and/or agents et al, the defendants doctors surgeons Silverstein, the defendant Director Michael A. Crane, MD, MPH, the defendants Saint Luke's Hospital at Mount Sinai Hospital, its doctors, nurses, technicians, employees, administrators, managers, officers and/or agents, the defendant doctor Michael Aaron Redlener, MD, for damages in the amount to be determined by the court and jury.

Plaintiffs demand declaratory judgment against the defendants Mount Sinai Hospital admitting that its/their actions were wrong and inhumane and cruel treatment committed against a human being plaintiff Ada Rodriguez a 911 Hero First Responder who suffered serious and permanent injuries as aforementioned and established herein and whose life was wrongfully ended in consequence of their negligent actions.

Plaintiffs demand relief of leave to amend the caption to add the defendants Saint Luke's Hospital at Mount Sinai Hospital, its doctors, nurses, employees and/or agents, as a defendant to the action, thereby directing that the plaintiffs serve the Verified Complaint upon the defendants Saint Luke's Hospital at Mount Sinai Hospital, unless the court decides by its own order *sua sponte* that defendants Saint Luke's Hospital at Mount Sinai Hospital, its doctors, nurses, medical staff, officers, and agents, et al., is an indispensible interested and necessary party to the case that is to be added as defendant to this matter and directs the Office of the Clerk to make such changes accordingly.

Plaintiffs demand economic relief and judgment requiring defendants Mount Sinai Hospital to appropriate funds for the purpose of instituting and maintaining a fund in the name of 911 Hero Ada Rodriguez to medically aid and provide economical restitution and assistance to those 911 First Responders and their family members who are injured and whose rights, benefits and privileges are aggrieved and or violated against on account of hospital neglect or abuse thereof.

Plaintiffs demand order/judgment granting relief of court appointed counsel as of right under the federal and state constitutions and also pursuant to the discretionary jurisdiction of the court.

Plaintiffs demand order/judgment granting relief of court appointed expert witness doctors as of right under the federal and state constitutions and also pursuant to the discretionary jurisdiction of the court.

Plaintiffs demand order/judgment declaring the provisions of the CPLR §3012-a unconstitutional and in violation of due process, both substantive and procedural, thereby granting relief to the indigent self-represented plaintiffs of court assigned expert witness doctors to assist plaintiffs in preparation for trial, to testify under oath at trial before a jury and the court, and to assist plaintiffs during the course of this litigation and on appeal, pursuant to the federal and state constitutions.

Plaintiffs demand judgment granting such other and further relief as the court deems just and proper under the law and in the "interest of Justice."

Respectfully yours,

Dated September 30, 2019

Alberto Betancourt
Ada Rodriguez, deceased in the Material World and Alive in Spirit
601 West 112th Street, Apt.5B
New York, New York 10025
(917) 623-6873

STATE OF NEW YORK
COUNTY OF NEW YORK
SWORN TO BEFORE ME THIS
30 DAY OF September 2019

JIMMY MA
Notary Public, State of New York
No. 01MA6116017
Qualified in New York County
Commission Expires Sept. 20, 2020

TO:

Kaufman Borgeest & Ryan LPP
Eldar Mayouhas
Attorneys for defendants Mount Sinai Hospital et al.,
120 Broadway, 14th Floor
New York, New York 10271
(212) 980-9600

The United States Congress
The New York State Congress

NEW YORK
COUNTY CLERK'S OFFICE

SEP 30 2019

NOT COMPARED
WITH COPY FILE